IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| RUBY STREETER, | ) |
| | ) |
| PLAINTIFF, | ) CASE NUMBER: 2:07-CV-97-WKW |
| | ) |
| VS. | ) |
| | ) |
| OFFICE OF DOUGLAS R. BURGESS, LLC., & | ) |
| DOUGLAS R. BURGESS, ESQ., INDIVIDUALLY, | ) |
| | ) |
| DEFENDANTS. | ) |

## COMPLAINT

### I. INTRODUCTION

1. This is a Complaint for damages for actual, statutory, and punitive damages brought by the Plaintiff, Ruby Streeter, against the Defendants, Office Of Douglas R. Burgess, LLC. and Douglas R. Burgess, Esq., Individually (hereinafter collectively referred to as "Burgess"), for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter, "FDCPA"); the Defendants' invasion of the Plaintiff's right of privacy; the Defendants' intentional infliction of emotional distress; and for Defendants' negligent supervision.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue in this district is proper in that the Defendants regularly transact business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Ruby Streeter, is a natural person residing in Dale County, Alabama.

5. Defendants, Burgess, are a New York law firm and attorney engaged in the collection of debts from consumers using the mail and telephone. The Defendants, Burgess, regularly attempt to collect consumer debts alleged to be due another. Defendants, Burgess, are debt collectors as defined by the FDCPA pursuant to 15 U.S.C. § 1692a(6). The Defendant's principal place of business is located at 480 Ridge Road West, 2nd Floor, Rochester, New York 14615.

6. The alleged debt was for personal, family, or household purposes.

### IV. FACTUAL ALLEGATIONS

7. Defendant, Douglas R. Burgess, Esq., individually, is an attorney that is not admitted to practice law in the State of Alabama.

8. Defendant, Office of Douglas R. Burgess, LLC., is a law firm that is not licensed to transact business in the State of Alabama.

9. Defendants' employee, who identified himself as Mr. Washington (hereinafter, "Washington") has repeatedly telephoned the Plaintiff's residence and place of employment.

10. During the course of the conversations, the Defendants' employee, Washington, has repeatedly threatened arrest, has threatened to send a Sheriff to Plaintiff's place of employment, has posed as an attorney, and has posed as a law enforcement officer.

11. Defendants' employee, Washington, has spoken with Plaintiff's Co-Workers and Supervisor regarding Plaintiff's alleged debt.

## COUNT I - VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

12. Plaintiff, Ruby Streeter, adopts and incorporates paragraphs 1 through 11 as if fully set out herein.

13. Defendants have violated the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d; e; f; or g.

14. Plaintiff has been damaged as a result of the Defendants' actions.

## COUNT II - INVASION OF PRIVACY

15. Plaintiff, Ruby Streeter, adopts and incorporates paragraphs 1 through 14 as if fully set out herein.

16. The Defendants undertook a series of telephone calls and communications to the Plaintiff constituting invasions of privacy and an invasion of the right of privacy of the Alabama Plaintiff, as set out and described in the common law of the State of Alabama. Said communications were harassing, unreasonable, systematic, continuous in number, and were made in disregard for Plaintiff's right to privacy. Said communications were made to threaten, to force, coerce, harass, frighten, embarrass, and humiliate the Plaintiff into paying a claim, debt, or indebtedness.

17. The invasions of the right of privacy were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff would prove that the telephone calls and communications were made by various individuals including, but not limited to, the named Defendants and other individuals who held themselves out to be collectors and employees of Defendants, Burgess, and persons and agents acting on behalf of Defendants.

18. Said communications constitute an unwarranted and wrongful intrusion into Plaintiff's private activities as well as intentional intrusion into the Plaintiff's solitude and seclusion.

19. The Defendants have committed the acts complained of herein in the State of Alabama.

20. As a proximate consequence of the invasion of the right of Plaintiff's privacy, the Defendants have caused the Plaintiff to suffer wrongful intrusion into the Plaintiff's private activities, great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and/or mental suffering, pain, anguish, and fright.

### COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21. Plaintiff, Ruby Streeter, adopts and incorporates paragraphs 1 through 20 as if fully set out herein.

22. As a proximate consequence and result of the invasion of the right of privacy as delineated in Count II and as a result of making the telephone calls and threats, the Defendants' actions were an intentional infliction of emotional distress, willful and intentionally undertaken, knowing that the same were designed to abuse and coerce and create great mental and physical pain and damage. The Plaintiff was caused great mental anguish, physical anguish, great inconvenience, chagrin, caused to be embarrassed, caused to be made physically sick, caused great loss of sleep, caused to be made ill, weak and sick, and caused to suffer great fear, fright, and intimidation. The Defendants are a law firm, individual, or individuals employed by the law firm, and have committed the acts complained of herein in the State of Alabama.

23. As a proximate consequence of the Defendants' intentional infliction of emotional distress, the Defendants have caused the Plaintiff great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, anguish and fright.

### COUNT IV - NEGLIGENT SUPERVISION

24. Plaintiff, Ruby Streeter, adopts and incorporates paragraphs 1 through 23 as if fully set out herein.

25. As a proximate consequence and result of the invasion of privacy and the intentional infliction of emotional distress, as delineated in Counts II and III, the Defendants' actions constitute negligent supervision and training of its personnel hired for the purpose of collecting debts.

26. The Defendants had notice or knowledge, either actual or presumed, of their servants' incompetency or unfitness. Further, the specific acts of incompetency were of such nature, character, and frequency that Defendants in the exercise of due care must have had notice of such action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ruby Streeter, requests this Honorable Court enter judgment against the Defendants, Office Of Douglas R. Burgess, LLC. and Douglas R. Burgess, Esq., Individually for the following:

a) Actual damages;

b) Punitive damages;

c) Maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k; and,

d) For all other relief that is just.

Respectfully submitted this 1st day of February, 2007.

BROCK & STOUT

_____
David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com