**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| RUBY STREETER,<br><br>                 Plaintiffs,<br><br>v.<br><br>OFFICE OF DOUGLAS R. BURGESS, LLC.,<br>&<br>DOUGLAS R. BURGESS, ESQ.,<br>INDIVIDUALLY,<br><br>                 Defendants. | **CASE NO:  1:07-CV-97**<br><br><br>**MOTION TO DEEM FACTS ADMITTED** |

COMES NOW, the Plaintiff, by and through the undersigned attorney, and moves this Honorable  Court to deem certain facts admitted.  As grounds for this motion, the undersigned states as follows:

1.     On February 1, 2007, the Plaintiff filed the above-styled suit.

2.     On June 16, 2007, this Honorable Court entered an Order Setting Trial Date Scheduling Order, and set the discovery cutoff for November 23, 2007.

3.     On April 26, 2007, the Plaintiff propounded certain Request for Admission of Facts to the Defendant's prior Counsel, Jack Young, Esq., via U.S. mail and electronic mail.

4.     On or about May 29, 2007, the Plaintiff agreed to extend discovery deadline to June 8, 2007.

5.     On June 8, 2007, the Plaintiff agreed to a final extension of said deadline to June 15, 2007, contingent upon no further delays and Defendant's agreement that said Request for Admissions would be deemed admitted if deadline was not met.

6.     To date, the Defendant has not answered the Plainitff's Request for Admission of Facts.

7.     Pursuant to Federal Rule of Civil Procedure 36 (a), the Plaintiff requests this Honorable Court order the facts admitted and take judicial notice thereof.

8.     A copy of the Requests for Admission of Facts are attached hereto as Exhibit "1".

9.     The Request for Admission of Facts also bears attachments identified as Exhibits "A" and "B", respectively.

WHEREFORE, the Plaintiff moves this Honorable Court to order that the Request for Admission be accepted as genuine fact, to take judicial notice thereof, and for all other relief that is just.

Respectfully submitted,

BROCK & STOUT

/s/ Gary W. Stout
Gary W. Stout, Esq.
P. O. Box 311167
Enterprise, AL  36331-1167
334-393-4357
334-393-0026 Facsimile
Email:  lesley@circlecitylaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certifies that I have this date served a copy of the foregoing upon Douglas R. Burgess, drb1@frontiernet.net , via electronic mail, this  21st  day of June, 2007.

/s/ Gary W. Stout
Gary W. Stout, Esq.

23.     Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other regulatory complaints made against Defendants or their collection employees at any time arising out its collection or attempted collection activities, and for any reason, in the period three (3) years before the date of this request to the present, by supplying the correct caption (if any), the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

## REQUESTS FOR ADMISSION

**Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff demands that Defendant(s) either admit or deny the following enumerated Requests for Admission within (30) days of service hereof:**

1.     Admit that Defendant, Douglas R. Burgess, Esq., individually, is an attorney that is not admitted to practice law in the State of Alabama.

2.     Admit that Defendant, Office of Douglas R. Burgess, LLC., is a law firm that is not licensed to transact business in the State of Alabama.

3.     Admit that Defendants' employee, who identified himself as Mr. Washington (hereinafter, "Washington") has repeatedly telephoned the Plaintiff's residence and place of employment.

4.     Admit that during the course of the conversations, the Defendants' employee, Washington, has repeatedly threatened to arrest, has threatened to send a Sheriff to Plaintiff's place of employment, has posed as an attorney, and has posed as a law enforcement officer.

5.     Admit that Defendants' employee, Washington, has spoken with Plaintiff's Co-workers and Supervisor regarding Plaintiff's alleged debt.

### *Special Interrogatory To Requests For Admission*

If the Defendants respond to any of these Requests for Admission with anything other than an unqualified admission, then Plaintiffs demand, pursuant to Rule 36 of the Federal Rules of Civil Procedure that the Defendants answer the following special interrogatory within (30) days of service thereof, for each such request for admission to which an qualified response was made:

1.    If Defendants have answered any of the foregoing Requests for Admission with anything other than qualified admissions, then as to each such response, provide the following:

    a.    Identify each and every fact upon which Defendants rely to support their response.

    b.    Identify each and every document upon which Defendants rely to support their response and attach copies of such documents.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendants produce within thirty (30) days, the documents described herein and permit Plaintiffs and their attorneys to inspect and copy such documents as they may desire:**

1.    Any and all documents identified in Response to all sets of Plaintiffs' Interrogatories, Request for Admissions, and Requests for Statements.

2.    Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees in any and all of the following areas:

    a.    Collection policies;

    b.    Collection procedures;

    c.    Collection methods;

    d.    Collection techniques;

    e.    Collection tactics;

    f.    Collection rules;

    g.    Collection regulations; and

    h.    Compliance with local, state, or federal laws, codes, or regulations.

3.    Any and all training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or supervised by Defendants.

4.    Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendants in collecting debts.



MAYNARD COOPER
& GALE PC
ATTORNEYS AT LAW

MELINDA LUCAS PEEVY
DIRECT 205.254.1064
EMAIL mpeevy@maynardcooper.com

May 29, 2007

**VIA FACSIMILE & U. S. MAIL**

Gary W. Stout, Esq.
P. O. Drawer 311167
Enterprise, AL  36330

   **Re:** ***Ruby Streeter v. Douglas R. Burgess, et al.***
      **Case No.: 1:07-CV-97-WKW**

Dear Gary:

  Thank you for agreeing to extend Defendants' discovery deadline in the above-referenced matter.  Pursuant to our agreement, Defendants will submit their discovery responses on or before June 8, 2007.

  Thank you for this courtesy.

       Very truly yours,

       Melinda Lucas Peevy

MLP/cag
cc: Peter S. Fruin

EXHIBIT A

MAY 3 1 2007

## Lesley Bullock

**From:**    Lesley Bullock [lesley@circlecitylaw.com]
**Sent:**    Friday, June 08, 2007 1:50 PM
**To:**      'mpeevy@maynardcooper.com'
**Subject:** Streeter v. Douglas Burgess, et al.

Melinda:

I agree to extend your discovery response time by seven days, contingent upon no further delays and you will agree that the Requests for Admissions will be deemed admitted should you fail to meet said deadline.

Your responses will be due June 15, 2007.


Gary W. Stout
(dictated but not read to expedite delivery)

*Lesley Bullock*
*Paralegal to Gary W. Stout*
**Brock & Stout**
**ATTORNEYS AT LAW**
P. O. Box 311167
Enterprise, AL 36331
334-393-4357
334-393-0026 facsimile
lesley@circlecitylaw.com

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.