**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
COURT FILE NO.: 07-CV-97-WKW**

| | |
|---|---|
| RUBY STREETER<br><br>                    Plaintiff,<br><br>v.<br><br>OFFICE OF DOUGLAS R. BURGESS, LLC.<br>&<br>DOUGLAS R. BURGESS, ESQ,<br>INDIVIDUALLY,<br><br>                    Defendants. | **PLAINTIFF'S MOTION<br>TO COMPEL DISCOVERY<br>RESPONSES FROM DEFENDANTS** |

Plaintiff Ruby Streeter moves this Honorable Court for an Order pursuant to Fed.R.Civ.P. 37(a) to compel Defendants to provide answers to specific Interrogatories and Request for Production of Documents, the responses to which are long overdue. In support of said motion, Plaintiff avers as follows:

1.    On February 1, 2007, Plaintiff filed a Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

2.    Defendant served its Answer on or about April 4, 2007.

3.    On April 26, 2007, Plaintiff served Request for Production of Documents, Interrogatories, Request for Admissions, and Request for Production of Statements on Defendants. (*See Exhibit A.*)

4.    On May 29, 2007, Plaintiffs' counsel granted Defendant a 20-day extension to provide responses to discovery.    On June 8, 2007, Plaintiff granted another extension to Defendant until June 15, 2007. (See Exhibits B and C.)

5.    On or about June 26, 2007, Defendants' counsel served Plaintiffs' counsel with incomplete and unsworn responses to these discovery requests.

6.      On June 16, 2007, this Court ordered that all discovery be completed by November 23, 2007.

7.      On June 21, 2007, Plaintiffs' counsel sent a reminder letter to Defendants' counsel via fax and email, requesting the documents and responses to discovery. (*See Exhibit D.*)

8.      On June 25, 2007, counsel for Plaintiff and Defendants held a Rule 37 conference to discuss discovery matters then in dispute. During this teleconference, Defendants' counsel agreed to "retain local counsel in the next few days and answer discovery immediately thereafter."

9.      On July 2, 2007, Plaintiffs' counsel sent another reminder letter via fax and email, requesting the documents and responses to discovery. (*See Exhibit E..*)

10.     To date, Plaintiffs have not received the documents and responses that Defendants' counsel agreed to produce during the June 25, 2007, Rule 37 conference and as required by the Federal Rules of Civil Procedure.

11.     Plaintiffs need these documents and information from the Defendants immediately in order to properly and fairly litigate this case.

12.     Plaintiffs intend to issue subpoenas duces tecum to the long distance carriers, as well as to depose individuals with knowledge of the collection computer systems, and need these documents in order to do so, amongst other bona fide reasons.

13.     These requested materials and information are discoverable and also highly relevant to the claims and defenses in this case.

14.     The Defendants' failure to provide these materials has been and continues to be highly prejudicial.

15.     Under the current scheduling order, discovery ends November 23, 2007.

16.     The intervention and authority of this Court is necessary at this time to compel Defendants to produce these discovery items.

17.    Pursuant to Fed.R.Civ.P. 37(a), Plaintiff hereby respectfully moves the Court for an

Order:

    a)  Compelling Defendants to provide the following documents within ten (10)

    days:

        i)   Answer all interrogatories;

        ii)  Produce all documents requested;

    b)  Ordering that Defendants pay all fees and costs incurred by Plaintiff in

    bringing this motion.

Respectfully submitted,

BROCK & STOUT, LLC

Dated: July 10, 2007

By:  **s/Gary W. Stout**
Gary W. Stout, Esq.
P. O. Box 311167
Enterprise, AL  36331-1167
Telephone:  (334) 393-4357
Facsimile: (334) 393-0026
brockstout@enter.twcbc.com

Attorney for Plaintiffs

**CERTIFICATION**

I, Gary W. Stout, certify that the averments of the within motion are true and correct. The documents appended are true copies of the originals which were filed. If any statement is willfully false, I am subject to punishment.

Respectfully submitted,

Dated: July 10, 2007

**BROCK & STOUT, LLC**

By: **s/Gary W. Stout**
Gary W. Stout, Esq.
P. O. Box 311167
Enterprise, AL  36331-1167
Telephone:  (334) 393-4357
Facsimile: (334) 393-0026
brockstout@enter.twcbc.com

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**COURT FILE NO.:  1:07-CV-97-WKW**

| | |
|---|---|
| RUBY STREETER,<br><br>                Plaintiff,<br><br>v.<br><br>OFFICE OF DOUGLAS R. BURGESS, LLC.<br>&<br>DOUGLAS R. BURGESS, ESQ.,<br>INDIVIDUALLY,<br><br>                Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that on July 10, 2007, I have electronically filed the foregoing with the Clerk

of Court using the CM/ECF system which sent notification of such filing to:

> **Douglas R. Burgess, Esq.**
> **480 West Ridge Road, 2nd Floor**
> **Rochester, NY  14615**
> **drb1@frontiernet.net**

**Said document is available for viewing and downloading from the ECF system.**

Dated: July 10, 2007

Respectfully submitted,

**BROCK & STOUT, LLC**

By:  **s/Gary W. Stout**
Gary W. Stout, Esq.
P. O. Box 311167
Enterprise, AL  36331-1167
Telephone:  (334) 393-4357
Facsimile: (334) 393-0026
brockstout@enter.twcbc.com

Attorney for Plaintiffs

# EXHIBIT "A"

# Lesley Bullock

| | |
|---|---|
| **From:** | Lesley Bullock [lesley@circlecitylaw.com] |
| **Sent:** | Thursday, April 26, 2007 2:45 PM |
| **To:** | 'John W. Scott' |
| **Cc:** | 'Jack Young' |
| **Subject:** | Streeter v. Burgess, et al. |

John:

Please find attached the Rule 26(a)(1) disclosures and Discovery Documents regarding the case referenced above.

*Lesley Bullock*
*Paralegal to Gary W. Stout*
**Brock & Stout**
**ATTORNEYS AT LAW**
P. O. Box 311167
Enterprise, AL 36331
334-393-4357
334-393-0026 facsimile
lesley@circlecitylaw.com

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

UNITED STATES DISTRICTCOURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBY STREETER,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICE OF DOUGLAS R. BURGESS, LLC. et al<br><br>Defendants. | CASE NO: 1:07-CV-97<br><br>PLAINTIFFS' INTERROGATORIES, REQUESTS FOR ADMISSION,<br>REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR PRODUCTION OF STATEMENTS |

TO:     DEFENDANTS ABOVE NAMED AND THEIR ATTORNEY, Jack Young, Esquire, John W. Scott, Esquire, Huckaby, Scott & Dukes, P.C.Concord Center, 2100 Third Ave., North, Suite 700, Birmingham, AL  35203.

**\*\*In an effort to reduce time and costs of litigation, these discovery requests**

**are being made available to you via email in word format.  Please reciprocate.\*\***

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Civil Procedure, Plaintiffs propound the following discovery interrogatories and requests:

### INSTRUCTIONS

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate.  As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection.  If any objection is made based upon a claim of privilege as to any response, Defendants shall state the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Defendants are obligated to seasonally amend and provide any updated

information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles.  Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

    a.   The date of the document;

    b.   The type of document;

    c.   The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

    d.   The name of the employer or principal whom the signers, addressers and preparers were representing;

    e.   The present location of the document;

    f.   The name and current business and home addresses of the present custodian of the original document, and any copies of it;

    g.   A summary of the contents of the document; and

    h.   If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiffs request that the documents be made available for this inspection at the offices of counsel for Plaintiffs at P. O. Box 311167, Enterprise, AL  36331-1167, or at such office of the Defendants as may be the location of any of the documents requested, during normal business hours, and with the least possible disruption to the ordinary course of Defendants' duties and responsibilities.

Plaintiffs further request that this inspection be permitted by Defendants immediately after Defendants' response to this request has been filed, and that Plaintiffs' attorneys be permitted to remove from Defendants' custody such documents as they may desire to copy, on the understanding that Plaintiffs' attorneys will be responsible for such documents so long as they are in their possession, that copying will be done at Plaintiffs' expense, and that the documents will be promptly returned after copying has been completed.

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location.  If there are no such documents, please so state.  If there are such documents, please list and mark appended documents responsive to each request.  (Federal Rules of Civil Procedure, Rule 34(b).)

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them.  An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

## INTERROGATORIES

**Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant(s) answer, under oath, the following interrogatories:**

1. For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendants to answer any Interrogatory, state the following:

    a. First, last, and middle legal name;

    b. All DBA, fake, or alias name(s) used by this person;

    c. Job title or capacity;

    d. Business address and telephone number;

    e. Home address and telephone number;

    f. Age;

2. Identify each document referred to or consulted by Defendants in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

3. Identify all persons known to Defendants to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

    a. First, last, and middle legal name;

    b. All DBAs, fake, or alias name(s) used by this person;

- 4 -

     c.   Job title or capacity;

     d.   Business address and telephone number;

     e.   Home address and telephone number;

     f.   Age;

4.     Identify and describe with particularity all training that Defendants provide or receive, in the area of debt collection activities, including but not limited to:

     a.   The training content, timing, and duration;

     b.   All documents and audio or visual materials used in such training; and

     c.   Each person involved in providing such training.

5.     Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that Defendants are given, read, review, or otherwise use, regarding the collection of debts.

6.     Identify and describe Defendants' disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

7.     Identify and describe any and all documents that describe, record, or establish Defendants' methods and techniques used to collect debts.

8.     Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendants use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and Defendants' policies and procedures for operating such a system of records.

9.     Identify whether any or all of the Defendants electronically record telephone calls by any means with any persons from whom they are collecting debts or alleged debts, and what steps are taken to preserve these recordings.

10.     Identify whether any or all of the Defendants recorded any telephone call with the Plaintiffs and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

11.    Identify the original creditor of the alleged debt that Defendants were trying to collect from Plaintiffs and provide the original creditor's full legal name, address, city, state and zip code, and telephone number.

12.    In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiffs was referred, placed or otherwise assigned to the Defendants for collection, identifying all documents relevant to, related to, or reflecting such referral, placement or assignment.

13.    Identify and describe each document known to Defendants, which is related to or contains information about the debt being collected from Plaintiffs.

14.    Identify and describe each communication, or attempted communication, between the Defendants with the Plaintiffs, or any other person, which was made in connection with the collection of Plaintiffs' debt, by stating the following:

    a.    The name of the individual initiating communication;

    b.    The name of the person and/or description of the person to whom the communication was directed;

    c.    The date and time of the communication;

    d.    The method of the communication (e.g. letter, phone call, in-person);

    e.    A detailed description of the substance of the communication, (do not simply refer to collection notes);

    f.    Identification of all witnesses to or participants in the communication; and,

    g.    Any actions taken by any Defendant as a result of the communication.

15.    State the name, address, telephone number, title, place of employment and field of expertise of each person whom Defendants intend to call as an expert witness at a trial of this case, identifying:

    a.    The subject matter on which the expert is expected to testify;

    b.    The substance of the facts and opinions to which the expert is expected to testify;

    c.    A summary of the grounds for each opinion the expert is expected to testify; and

    d.    All documents, treatises, books, studies, or other materials upon which the expert may rely for information or support of facts and opinions.

    e.   The expert's current curriculum vitae or résumé.

16.    Identify by name, position, home address, home telephone number, business address, business telephone number, all witnesses that Defendants intend to call or may call to testify at trial, and provide a detailed summary of the expected testimony of each such person.

17.    Identify and describe specifically all exhibits Defendants may introduce at the trial of this matter.  (Alternatively, you may respond by supplying copies of each such exhibit and marking them as responsive to this interrogatory.)

18.    Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to Defendants' business, as well as identifying the telephone numbers and account numbers for each such local and long distance service provider, for a period of two (2) years before the date of this request to the present.

19.    Identify every single local or long distance telephone number used by Defendants in the course of their business/businesses or otherwise which is used, accessible, or made available at any time, to any employee, as well as identifying account numbers for each such local and long distance service provider, for a period of two (2) years before the date of this request to the present.

20.    Identify the name, telephone extension numbers, collector number, long distance access codes, long distance calling card brands and numbers, and personal and/or business cellular phone numbers of each Defendant or other person whom is or was employed by Defendants to collect the alleged debt of the Plaintiff(s) in this case, for a period of three (3) before the date of this request to the present.

21.    Identify the full legal name, address, telephone, position, and title of all former employees of Defendants for a period of three (3) before the date of this request to the present.

22.    Identify all lawsuits brought against Defendants at any time arising out its collection or attempted collection activities, and for any reason, in the period three (3) years before the date of this request to the present, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status.

23.    Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other regulatory complaints made against Defendants or their collection employees at any time arising out its collection or attempted collection activities, and for any reason, in the period three (3) years before the date of this request to the present, by supplying the correct caption (if any), the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

<u>REQUESTS FOR ADMISSION</u>

**Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff demands that Defendant(s) either admit or deny the following enumerated Requests for Admission within (30) days of service hereof:**

1.    Admit that Defendant, Douglas R. Burgess, Esq., individually, is an attorney that is not admitted to practice law in the State of Alabama.

2.    Admit that Defendant, Office of Douglas R. Burgess, LLC., is a law firm that is not licensed to transact business in the State of Alabama.

3.    Admit that Defendants' employee, who identified himself as Mr. Washington (hereinafter, "Washington") has repeatedly telephoned the Plaintiff's residence and place of employment.

4.    Admit that during the course of the conversations, the Defendants' employee, Washington, has repeatedly threatened to arrest, has threatened to send a Sheriff to Plaintiff's place of employment, has posed as an attorney, and has posed as a law enforcement officer.

5.    Admit that Defendants' employee, Washington, has spoken with Plaintiff's Co-workers and Supervisor regarding Plaintiff's alleged debt.

***Special Interrogatory To Requests For Admission***

If the Defendants respond to any of these Requests for Admission with anything other than an unqualified admission, then Plaintiffs demand, pursuant to Rule 36 of the Federal Rules of Civil Procedure that the Defendants answer the following special interrogatory within (30) days of service thereof, for each such request for admission to which an qualified response was made:

- 8 -



1.    If Defendants have answered any of the foregoing Requests for Admission with anything other than qualified admissions, then as to each such response, provide the following:

      a.    Identify each and every fact upon which Defendants rely to support their response.

      b.    Identify each and every document upon which Defendants rely to support their response and attach copies of such documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

      **Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendants produce within thirty (30) days, the documents described herein and permit Plaintiffs and their attorneys to inspect and copy such documents as they may desire:**

1.    Any and all documents identified in Response to all sets of Plaintiffs' Interrogatories, Request for Admissions, and Requests for Statements.

2.    Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees in any and all of the following areas:

      a.    Collection policies;

      b.    Collection procedures;

      c.    Collection methods;

      d.    Collection techniques;

      e.    Collection tactics;

      f.    Collection rules;

      g.    Collection regulations; and

      h.    Compliance with local, state, or federal laws, codes, or regulations.

3.    Any and all training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or supervised by Defendants.

4.    Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendants in collecting debts.

5.    Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints,  regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which any Defendant has been named as a witness or a party, that have existed or been brought with respect to or involving any Defendant, and which involved as all or part of their subject matter debt collection activities, for a period of three (3) years before the date of this request to the present.

6.    Any and all personnel files, human resource department records, employment files, and other documents including but not limited to all disciplinary notices, performance appraisals, written or verbal reprimands, incident reports, job applications, résumés, memos, and or electronic recordings of collection communications that were the subject of private or other complaints by any person, for every Defendant who is a natural person.

7.    Copies of any and all state-issued collection agency license(s) issued to any Defendant for the states in which Defendant is located and for the state in which Plaintiffs reside.

8.    Copies of any and all post office box registrations and postage meter permits held by Defendants, or other persons or entities, which are used in any manner by the Defendants for purposes of consumer debt collection.

9.    Any and all documents in the possession or control of the Defendants which any Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

10.    Any and all documents recording, documenting, or otherwise tracking Defendants' attempts to collect a debt from Plaintiffs, including but not limited to:

   a.    Records of all inbound or outbound telephone calls, to or from any Plaintiff;

   b.    Records of all inbound or outbound United States mail, to or from any Plaintiff.

   c.    Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff.

11.    Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any

manner by Defendants to collect debts, which include any Plaintiffs' name, address, telephone number(s), account number, or any other information which is personally identifiable to any Plaintiff.

12.    A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

13.    Exemplars of any and all orientation, new hire, or any other manual given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment, for a period of five (5) years to the present.

14.    Exemplars of any and all documents of whatever kind given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment, for a period of five (5) years to the present.

<u>**REQUEST FOR PRODUCTION OF STATEMENTS**</u>

**Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff demands that copies of the following be made available within thirty (30) days:**

1.    All statements made by parties and non-parties, which are in the possession or control of any Defendant(s), concerning the above action or its subject matter which are discoverable pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: April 26, 2007

By:  **s/Gary W. Stout**
**Brock & Stout, LLC**
Gary W. Stout, Esq.
P. O. Box 311167
Enterprise, AL  36331-1167
Telephone:  (334) 393-4357
Facsimile: (334) 393-0026
brockstout@entercomp.com
lesley@circlecitylaw.com

GWS/ lob                                                            **Attorney for Plaintiffs**

EXHIBIT "B"



MELINDA LUCAS PEEVY
DIRECT 205.254.1064
EMAIL mpeevy@maynardcooper.com

May 29, 2007

**VIA FACSIMILE & U. S. MAIL**

Gary W. Stout, Esq.
P. O. Drawer 311167
Enterprise, AL  36330

      **Re:**    *Ruby Streeter v. Douglas R. Burgess, et al.*
            **Case No.: 1:07-CV-97-WKW**

Dear Gary:

    Thank you for agreeing to extend Defendants' discovery deadline in the above-referenced matter.  Pursuant to our agreement, Defendants will submit their discovery responses on or before June 8, 2007.

    Thank you for this courtesy.

                Very truly yours,

                Melinda Lucas Peevy

MLP/cag
cc:    Peter S. Fruin

MAY 3 1 2007

# EXHIBIT "C"

## Lesley Bullock

**From:**    Lesley Bullock [lesley@circlecitylaw.com]
**Sent:**    Friday, June 08, 2007 1:50 PM
**To:**    'mpeevy@maynardcooper.com'
**Subject:** Streeter v. Douglas Burgess, et al.

Melinda:

I agree to extend your discovery response time by seven days, contingent upon no further delays and you will agree that the Requests for Admissions will be deemed admitted should you fail to meet said deadline.

Your responses will be due June 15, 2007.

Gary W. Stout
(dictated but not read to expedite delivery)

*Lesley Bullock*
*Paralegal to Gary W. Stout*
**Brock & Stout**
**ATTORNEYS AT LAW**
P. O. Box 311167
Enterprise, AL 36331
334-393-4357
334-393-0026 facsimile
lesley@circlecitylaw.com

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

# EXHIBIT "D"

LAW OFFICES OF

# BROCK & STOUT

**MICHAEL D. BROCK**

**GARY W. STOUT**

**QUINN E. BROCK**
Admitted in Alabama & Florida

**DAVID G. POSTON**

Reply To:

POST OFFICE DRAWER 311167
ENTERPRISE, ALABAMA 36331-1167
(334) 393-4357
Fax: (334) 393-0026

**BRIAN R. CARMICHAEL**

**WALTER A. BLAKENEY**

**T. RANDOLPH HARROLD**
of Counsel

June 21, 2007

Douglas R. Burgess, Esq.
480 West Ridge Road, 2nd Floor
Rochester, NY 14615

RE:    Streeter v. Burgess
       U. S. District Court
       Middle District of Alabama
       07-CV-97-WKW

Dear Mr. Burgess:

Pursuant to the May 16, 2007 Scheduling Order, which approved and adopted the agreed upon discovery plan contained in the Report of Parties' Planning Meeting, your Initial Disclosures under Rule 26 (a) are due. You have yet to make these required disclosures.

Your responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents were due on May 26, 2007. Plaintiff allowed the discovery deadline to be extended, on two occasions with the last extension expiring on June 15, 2007. In granting the last extension, Plaintiff made this contingent upon no further delays and your agreement that said Requests for Admission would be deemed admitted if the deadline was not met. You have failed to submit responses to any of these discovery requests. Your responses are now past due.

Please be advised this is a formal request for a Rule 37 (a) (2) Discovery Conference. This matter is urgent. The delays set by the order are fast approaching. Prosecution of this case is dependent upon your prompt and complete compliance with Rules 26 (a) and responses to the discovery propounded. I shall contact you by telephone at 2:00 p.m. CST on Monday, June 25, 2007 for purposes of the discovery conference. If you do not take my call on this date, I will make one more attempt for a discovery conference by placing a call to you at the same time on the following day, Tuesday, June 26, 2007.

If you fail to provide the initial disclosures and the discovery response is not received by the time of the Tuesday call, I will assume that your compliance with Rule 26 (a) and your discovery responses are not forth coming and I will so advise the court in a Motion to Compel that will be filed no later than Friday, June 29, 2007. The motion will request an order compelling your initial disclosures and sanctions under Rule 36 (a) (2) (A) and an order compelling your responses to the discovery requests under Rule 36 (a) (2) (B). As you know, once the motion is filed, you may be responsible for attorney fees and costs under Rule 37 (a) (4).

Sincerely,

Gary W. Stout

GWS/lob

cc:     Melinda Peevy, Esq.
        Maynard, Cooper & Gale, P.C.
        1901 Sixth Avenue North
        Suite 2400 AmSouth / Harbert Plaza
        Birmingham, AL  35203-2616

        John Scott, Esq.
        Huckaby, Scott & Dukes, P.C.
        Concord Center
        2100 Third Avenue, North, Suite 700
        Birmingham, AL  35203

EXHIBIT "E"

LAW OFFICES OF

# BROCK & STOUT

**MICHAEL D. BROCK**

**GARY W. STOUT**

**QUINN E. BROCK**
Admitted in Alabama & Florida

**DAVID G. POSTON**

Reply To:
POST OFFICE DRAWER 311167
ENTERPRISE, ALABAMA 36331-1167
(334) 393-4357
Fax: (334) 393-0026

**BRIAN R. CARMICHAEL**

**WALTER A. BLAKENEY**

**T. RANDOLPH HARROLD**
of Counsel

July 2, 2007

**VIA FACSIMILE & 1ST CLASS MAIL**

Douglas R. Burgess, Esq.
480 West Ridge Road, 2nd Floor
Rochester, NY 14615

RE:    Streeter v. Burgess
       U. S. District Court
       Middle District of Alabama
       07-CV-97-WKW

Dear Mr. Burgess:

This letter is in follow up to our Rule 37 Conference on Monday, June 25, 2007. At that time, we agreed that you would retain local counsel within the next "couple of days" and respond to the outstanding discovery. Other than faxing unsigned discovery responses, you have not retained counsel nor satisfactorily complied with our agreement. **All outstanding discovery must be provided no later than the end of business, 5:00 p.m. CST on July 6, 2007, or plaintiff will file a motion to compel**.

Sincerely,

Gary W. Stout

GWS/lob

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
COURT FILE NO.:  1:07-CV-97-WKW**

RUBY STREETER,

          Plaintiff,

v.

OFFICE OF DOUGLAS R. BURGESS, LLC.
&
DOUGLAS R. BURGESS, ESQ.,
INDIVIDUALLY,

          Defendants.

**(PROPOSED)**

**DISCOVERY ORDER**

AND NOW, this _____ day of July, 2007, upon consideration of motion of Plaintiff, Ruby Streeter, to compel Defendant, Douglas R. Burgess to respond to outstanding discovery requests, and for cause shown, it is ORDERED that the Plaintiffs' motion is GRANTED. Defendant National Action Financial Services, Inc. is ORDERED to serve full and complete responses to Plaintiffs' interrogatories and request for production of documents, served on April 26, 2007, together with the documents therein sought, without objection, no later than July _____ , 2007.

Failure by Defendant to comply with this Order may result in sanctions pursuant to Fed.R.Civ.P. 37.

Defendant Douglas R. Burgess is ORDERED to pay all of Plaintiff's costs and fees incurred in bringing this motion.  Counsel for Plaintiff shall file with this Court an affidavit of their fees and costs in bringing this motion, along with a Proposed Order within 20 days of this Order.

DATED:_____        _____
                                                  U.S.D.J.