IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBY STREETER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07-cv-97-WKW |
| | ) |
| OFFICE OF DOUGLAS R. | ) |
| BURGESS, LLC., | ) |
| *et al.,* | ) |
| | ) |
| Defendants. | ) |

**Offer of Judgment**

Defendant, Office of Douglas R. Burgess, LLC. makes an offer of judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure, to Plaintiff for the sum of $1,100.00 for all statutory damages, $2,900.00 for all actual damages and $6,000.00 for all reasonable attorney fees and costs.

                                                         */s/ W. McCollum Halcomb*
                                                        W. McCollum Halcomb
                                                        Attorney for Defendants
                                                        HALCOMB & WERTHEIM, PC
                                                        P O Box 12005
                                                        Birmingham, AL 35202-2005
                                                        (205) 251-0007

**Certificate of Service**

    I hereby certify that I have served a copy of the forgoing upon counsel for the Plaintiffs via US Mail, postage prepaid, this the 22nd day of September, 2007, to the following address:

David G. Poston
Walter A. Blakeney
Michael D. Brock
Gary W. Stout
BROCK & STOUT
Post Office Drawer 311167
Enterprise, AL 36330

                                                /s/ W. McCollum Halcomb
                                                Of Counsel

Case 1:07-cv-00097-WKW-CSC   Document 47-2   Filed 11/21/2007   Page 2 of 5

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBY STREETER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 1:07-cv-97-WKW |
| | ) |
| OFFICE OF DOUGLAS R. BURGESS, LLC., *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### Offer of Judgment

Defendant, Office of Douglas R. Burgess, LLC. and Douglas R. Burgess, pursuant to Rule 68 of the Federal Rules of Civil Procedure, hereby offer to allow judgment to be taken against them for all counts in Plaintiff's Complaint in the amount of $1,001.00 for all statutory damages, actual damages and any state cause of action damages in an amount to be determined by the Court, as well as all reasonable attorney fees to date and costs to be determined by the Court. This offer is as a full and complete settlement of this matter and all claims as it relates to the Defendants.

/s/ W. McCollum Halcomb
W. McCollum Halcomb
Attorney for Defendants
HALCOMB & WERTHEIM, PC
P O Box 12005
Birmingham, AL 35202-2005
(205) 251-0007

## Certificate of Service

I hereby certify that I have served a copy of the forgoing upon counsel for the Plaintiffs via US Mail, postage prepaid, this the 10th day of October, 2007, to the following address:

David G. Poston
Walter A. Blakeney
Michael D. Brock
Gary W. Stout
BROCK & STOUT
Post Office Drawer 311167
Enterprise, AL  36330

/s/ W. McCollum Halcomb
Of Counsel

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBY STREETER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-97-WKW |
| ) | |
| OFFICE OF DOUGLAS R. ) | |
| BURGESS, LLC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**Notice of Service of Offer of Judgment**

Defendants have served, pursuant to Rule 68 of the Federal Rules of Civil Procedure, an Offer of Judgment upon counsels for the Plaintiff, this the 11th day of October, 2007.

/s/ W. McCollum Halcomb
W. McCollum Halcomb (HAL030)
ASB 9223-M71W
Attorney for Defendants
HALCOMB & WERTHEIM, PC
Post Office Box 12005
Birmingham, AL  35202-2005
(205) 251-0007
(205) 251-0017 facsimile
mac@hw-al.com

/s/ India A. Ramey
India A. Ramey (SMI246)
ASB 8345-D48S
Attorney for Defendants
HALCOMB & WERTHEIM, PC
Post Office Box 12005
Birmingham, AL  35202-2005
(205) 251-0007
(205) 251-0017 facsimile
iramey@hw-al.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBY STREETER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07-cv-97-WKW |
| | ) |
| OFFICE OF DOUGLAS R. | ) |
| BURGESS, LLC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**Motion to Dismiss or in Alternative Summary Judgment**

COMES NOW, Defendant Burgess and hereby moves this Court to Dismiss or in the alternative grant summary judgment in the Plaintiff's favor based on the fact that the Plaintiff's claims are moot. This Motion is supported by the pleadings; the Exhibits and the following:

**Plaintiff's Claims Are Rendered Moot by Offers of Judgment**

1. On September 21, 2007, Defendant served upon the Plaintiff an Offer of Judgment (attached hereto as Exhibit "A").

2. The Plaintiff did not respond to the Offer of Judgment.

3. After expiration of ten days, the Offer of Judgment is deemed rejected pursuant to Rule 68 of the Federal Rules of Civil Procedure.

4. On October 11, 2007, Defendant Burgess served upon the Plaintiff another Offer of Judgment (attached hereto as Exhibit "B").

5. That offer of judgment was again rejected by virtue of the Plaintiff's non-response within 10 days.

6. Both Offers of Judgment were offers of complete relief.

**SCANNED**

1

7. "Under traditional mootness principle, an offer of judgment for the entirety of a plaintiff's claim will generally moot the claim." *Goodmann v. People's Bank*, 209 Fed.Appx. 111, (citing *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir.2004); *Mackenzie v. Kindred Hospitals East, L.L.C.*, 276 F. Supp.2d 1211 .

8. Plaintiff's claims under the FDCPA are moot because she has no damages beyond those enumerated in the Rule 68 offers of judgment. *Tallon v. Lloyd & McDaniel*, 497 F.Supp.2d 847.

9. Plaintiff has merely stated generic claims of "emotional distress" with no proof of out-of-pocket expenses.

10. "There is a strict standard for finding of emotional damage 'because they are so easy to manufacture'" *Id.* (citing *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004) (quoting *Aiellow v. Providian Fin. Corp.*, 239 F.3d 876, 880 (7th Cir. 2001).

11. "Plaintiff must produce actual evidence of distress and injury, not merely conclusory statements about it." *Breed v. Nationwide Inc. Co.*, No. 05-547, 2007 WL 1231558, at *3 (W.D.Ky. April 24, 2007).

12. Defendant's first offer of judgment offers $2,900.00 for actual damages, an amount that exceeds what the Plaintiff could recover on her FDCPA claim at trial.

13. Actual damages compensate a Plaintiff for out of pocket expenses, personal humiliation, embarrassment, mental anguish, and/or emotional distress that results from defendant's failure to comply with the FDCPA. *Milton v. Rosicki & Associates, P.C., NCB*, 2007 WL 2262893, (citing *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 185 (D.Del.1991).

14. Plaintiff could not possibly recover more than $2,900.00 in actual damages because "courts generally award actual damages ranging from $100.00 to $5,000.00" and any award that Plaintiff could receive would fall on the low end of this range, since she does not have any out of pocket expenses and has not sought any medical or other treatment for the emotional damages she claims. *Milton* at *4.

15. "In circumstances far more egregious than those present here, courts have awarded only several hundred dollars in damages." *Id.*

16. Moreover, even if Defendant could possibly recover more than $2,900.00, the Defendants' second offer of judgment goes even further to state that it offers to compensate the Plaintiff for whatever actual damages the Court would determine. This is an offer by Defendants to pay the Plaintiff's damages at whatever amount they could be determined. It would merely be a matter of Plaintiff showing what her damages are, having the Court determine the amount thereafter and Defendants paying those damages. Plaintiff cannot get a more complete and full offer of judgment for actual damages.

18. Defendants' offers of judgment offer to pay the Plaintiff's claim in full in order to avoid attorneys' fees that could substantially exceed the amount paid. "It would be funfair if the defendant were precluded from taking that action, especially since such a payment would have no effect on any other person's claim." *Mackenzie* at 1217.

17. A satisfied claim can be dismissed as moot. *Tallon* at 851 (citing *Ward v. Bank of New York*, 455 F. Supp.2d 262 (S.D.N.Y. 2006).

**Plaintiff's State Causes Of Action Are Due To Be Dismissed**

18. The sole reason this case is in Federal Court is because of the Plaintiff's FDCPA claim.

3

19.     Plaintiff's state causes of action come under this Court's jurisdiction only under the supplemental jurisdiction conferred by 28 U. S. C. § 1367 (a).

20.     However 28 U.S.C. § 1367(c) provides that the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction.

21.     For the reasons stated herein, Plaintiff's FDCPA claims, over which this Court could have had original jurisdiction are due to be dismissed at moot.

22.     Under 28 U.S.C § 1367(c), "the idea is that once the crutch is removed— the claim that supports the supplemental jurisdiction of the other claim or claims—the other should not remain for adjudication." 28 U.S.C. § 1367 *construed in* Commentary on 1998 Revision by David D. Siegel.

23.     There is a distinction between the power of the federal court to hear state-law claims and the discretionary exercise of that power. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 108 S. Ct. 614.

24.     Pendent jurisdiction is a doctrine on discretion, not of plaintiff's right. *Carnegie-Mellon* (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130, 16 L.Ed.2d 218 (1966).

25.     Under these circumstances, the court may exercise its discretion, pursuant to subsection 28 U.S.C. § 167(c)(3), to decline the exercise of supplemental jurisdiction over the plaintiff's state law claims. *Lunde v. Big B, Inc*, 117 F.Supp.2d 1275 (citing *Palmer v. Hosp. Auth. Of Randolph County*, 22 F.3d 1559, 1568 (11th cir. 1994).

26.     If the Federal claims are dismissed as they should be, before trial... the state claims should be dismissed as well. *Carnegie-Mellon* at 350 FN7 (citing *Gibbs* at 726).

27.     Because the Plaintiff has filed this case in Federal Court, remand is not an option and dismissal is the only option. *Id.* at 351.

### Dismissal Of FDCPA And State Causes of Action Constitute Issue of Subject Matter Jurisdiction

28.     If a controversy is moot, the court lacks subject matter jurisdiction over the action Id. at 851(citing *Church of Scientology v. United States*, 506 U.S. 9,12,113 S.Ct. 447, 121 L. Ed.2d 313 (1992).

29.     Once the FDCPA claim is disposed of, "there is no longer an issue in this case as to which the court may exercise federal subject matter jurisdiction." *Lunde* at 1282.

30      "A party may make a motion to dismiss for lack of subject matter jurisdiction at any time." *Mackenzie* at 1218; *Compangnoni v. United States*, 173 F.3d 1369, 1370 (11th Cir. 1999); see also *Harrell & Sumner Contracting Co., Inc. v. Peabody Petersen Co.*, 546 F.2d 1227, 1229 (5th Cir. 1977).

31.     Based on the reasons set out in this motion, the Plaintiff's FDCPA claims are due to be dismissed as moot and consequently the remaining state causes of action are due to be dismissed under 28 U.S.C. 1367 (c)(3). Both are issues of dismissal due to lack of subject matter jurisdiction and are therefore timely pled.

Respectfully submitted this the 12th day of November, 2007.

---
Douglas R. Burgess, Esq.
N.Y. Bar No. 1045079
480 Ridge Road West
Rochester, New York 14615
Tel. No. (585) 581-1060
Fax No. (585) 581-1062

## Certificate of Service

I hereby certify that I have served a copy of the foregoing upon counsel for The Plaintiff via US Mail, postage prepaid, this 12th day of November, 2007 to the Following address:

David G. Poston
Walter A. Blakeney
Michael D. Brock
Gary W. Stout
BROCK & STOUT
Post Office Drawer 311167
Enterprise, AL 36330

_____
Douglas R. Burgess, Esq.
N.Y. Bar No. 1045079
480 Ridge Road West
Rochester, New York 14615
Tel. No. (585) 581-1060
Fax No. (585) 581-1062

## Certificate of Service

I hereby certify that I have served a copy of the foregoing upon counsel for The Plaintiff via US Mail, postage prepaid, this 12th day of November, 2007 to the Following address:

David G. Poston
Walter A. Blakeney
Michael D. Brock
Gary W. Stout
BROCK & STOUT
Post Office Drawer 311167
Enterprise, AL 36330

_____
Douglas R. Burgess, Esq.