**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

December 4, 2007

## NOTICE OF CORRECTION

**From:   Clerk's Office**

**Case Style:   Streeter v. Office of Douglas R. Burgess, LLC. et al**

**Case Number:   1:07cv00097-WKW**

**This Notice of Correction was filed in the referenced case this date to attach the correct PDF documents previously attached to include signed certificates of service.**

**The correct PDF documents are attached to this notice for your review.   Reference is made to document # 45, 46, and 47   filed on   November 21, 2007.**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RUBY STREETER, )
)
Plaintiff, )
)
v. )
) Case No. 1:07-cv-97-WKW
)
OFFICE OF DOUGLAS R. BURGESS, LLC., )
et al., )
Defendants. )

**Response to Plaintiff's Motion to Amend Complaint, Extend Discovery Cutoff and Extend Dates Set Forth in Uniform Scheduling Order**

COMES NOW, Defendants, Office Douglas R. Burgess, LLC and Douglas R. Burgess and in response to Plaintiff's Motion to Amend Complaint, Extend Discovery Cutoff and Extend Dates in Uniform Scheduling Order, offers the following:

1) Defendants consent to extension of discovery cutoff and dates set forth under Uniform Scheduling Order.

2) Defendants object to and oppose the Plaintiff's Motion to Amend Complaint by adding the proposed defendants Plaintiff has listed in her Motion.

3) The individuals and entities Plaintiff proposes to add to this action are principals in one of Defendant Office of Douglas R. Burgess, LLC's clients, First American Investment Company, a debt purchasing entity.

4) First American Investment Company is not now and has not ever been the owner of the account at issue in this case.

5) None of the individuals or entities that Plaintiff proposes to add to her complaint are principals in the entity that owns the account at issue in this case. The account is owned by

SCANNED

Portfolio Partners of Amherst, LLC.

6. The individuals and entities Plaintiff proposes to add to this action have absolutely nothing to do with the account in issue or this case or any attempts by Defendant Office of Douglas r. Burgess, LLC to collect that account.

7. None of the individuals or entities Plaintiff proposes to add to this action are synonymous or "doing business" as "Law Offices of Douglas R, Burgess, LLC.

8. There is no legitimate basis for adding the individuals or entities that Plaintiff has moved to add as defendants.

9. Plaintiff's only purpose for adding the individuals and entities listed in her proposed "Amended Complaint" is to harass the Defendants by needlessly bringing his clients into this matter.

10. "A motion to amend can be denied on numerous grounds, such as undue delay, undue prejudice to the defendants and futility of the amendment." Carruthers v. BSA Advertising, Inc., 357 F. 3d 1213. (Fla. 2004) (citing *Maynard v. Bd. of Regents of Universities of Fla. Dept. of Educ., 342 F.3d 1281, 1287 (11th Cir. 2003).*

11. Defendant submits that plaintiff secured the incentive and the specific motivation to add defendants from a certain internet website or a collaborating network of self styled "consumer advocates" referred to as "Budd Hibbs" which is little more than a libelous website maintained for the sole purpose of harassing defendant, among others, and which offers and purveys false and misleading information concerning defendants and the other entities plaintiff proposes to add as parties defendant. Defendant submits that this is an inadequate and totally inappropriate reference for plaintiff and is both not worthy of credence or belief and in itself shows that plaintiff is acting out of spite, misinformation and bad faith.

WHEREFORE, Plaintiff's Motion to Amend Complaint is due to be denied for the reason that the amendments or additions proposed by the Plaintiff are irrelevant to the instant case, have no basis for being added and are indicative of bad faith on the part of the plaintiff.

Respectfully submitted this 19th day of November, 2007.

_____
Douglas R. Burgess, Esq.
Law Office of Douglas R. Burgess, LLC
480 Ridge Road West
Rochester, New York 14615
Tel. No. 585-581-1060
Fax No. 585-581-1062

### Certificate of Service

I hereby certify that I have served a copy of the foregoing upon counsel for the Plaintiff via facsimile, Express Mail postage prepaid and US Mail, postage prepaid this 19th day of November, 2007 to the following address:

David G. Poston
Walter A. Blakency
Michel D. Brock
Gary W. Stout
BROCK & STOUT
P/O/ Drawer 311167
Enterprise, AL 36330

WHEREFORE, Plaintiff's Motion to Amend Complaint is due to be denied for the reason that the amendments or additions proposed by the Plaintiff are irrelevant to the instant case, have no basis for being added and are indicative of bad faith on the part of the plaintiff.

Respectfully submitted this 19th day of November, 2007.

_____
Douglas R. Burgess, Esq.
Law Office of Douglas R. Burgess, LLC
480 Ridge Road West
Rochester, New York 14615
Tel. No. 585-581-1060
Fax No. 585-581-1062

## Certificate of Service

I hereby certify that I have served a copy of the foregoing upon counsel for the Plaintiff via facsimile, Express Mail postage prepaid and US Mail, postage prepaid this 19th day of November, 2007 to the following address:

David G. Poston
Walter A. Blakency
Michel D. Brock
Gary W. Stout
BROCK & STOUT
P.O. Drawer 311167
Enterprise, AL 36330

_____
Douglas R. Burgess, Esq.

RECEIVED
2007 NOV 21  A 11: 24
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBY STREETER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v, | ) Case No. 1:07-cv-97-WKW |
| | ) |
| OFFICE OF DOUGLAS R. BURGESS, LLC. | ) |
| et al., | ) |
| Defendants. | ) |

Rule 11 Motion for Sanctions

COMES NOW Defendants, Office of Douglas R. Burgess, LLC and Douglas R. Burgess and hereby submit this Rule 11 Motion for Sanctions against the Plaintiff and in support thereof offers the following:

1. The Plaintiff has filed pleadings, Motion to Amend Complaint and Amended Complaint with this Court in an attempt to add certain individuals and entities as defendants to this case with no legal basis for doing so.

2. Plaintiff is proposing the addition of one of Defendant Office of Douglas R. Burgess, LLC's clients and its principals.

3. The entities and individuals proposed as defendants have nothing to do with the account at issue in this case relating to Plaintiff and are not and have never done business as Office of Douglas R. Burgess, LLC.

4. The relationship between the proposed defendants and Defendants goes no further than that of attorney and client and has no link or relevance to this case.


SCANNED

46

5. Plaintiff has offered no legitimate, legal purpose for the addition of the proposed defendants.

6. Plaintiff has offered no proof or basis for her claims that any of the proposed defendants do business as Defendant Office of Douglas R. Burgess, LLC.

7. Plaintiff's only purpose for filing her Motion to Amend and propowsed Amended Complaint is a retaliatory attempt to harass the Defndants and their clients and will only result in needlessly delaying and complicating this case as well as increasing the costs of litigation of this case. Fed. R.DCiv. P., Rule 11 (b)(1).

8. Plaintiff's claims that the proposed defendants should be added as defendants are not warranted by existing law and are clearly frivolous.. Fed. R. Civ. P., Rule 11 (b)(2).

9. Plaintiff does not have sufficient evidentiary support and will not be able to obtain such evidentiary support for its claims that the proposed defendants should be added or that they in any way have anything to do with this case. Fed. R. Civ. P.,l Rule 11 (b)(3).

WHEREFORE, Defendants move this Court to impose sanctions against the Plaintiff under Fed. R. Civ. P. Rule 11 for Plaintiff's filing of a frivolous Motion to Amend lacking any legitimate purpose for its filing.

Respectfully submitted this the 19th Day of November, 2007.

Law Office of Douglas R. Burgess, LLC by
Douglas R. Burgess, Esq.
480 Ridge Road West
Rochester, New York 14615
Tel. No. 585-581-1060
Fax No. 585-581-1062

**Certificate of Service**

I hereby certify that I have served a copy of the foregoing upon counsel for the Plaintiff via US Mail, postage prepaid, this the 19th day of November, 2007 to the folowing address:

David G. Poston
Walter A. Blakency
Michael D. Brock
Gary W. Stout
Brock & Stout
Post Office Drawer 311167
Enterprise, AL 36330

of attorney and client and has no link or relevance to this case.

5. Plaintiff has offered no legitimate, legal purpose for the addition of the proposed defendants.

6. Plaintiff has offered no proof or basis for her claims that any of the proposed defendants do business as Defendant Office of Douglas R. Burgess, LLC.

7. Plaintiff's only purpose for filing her Motion to Amend and proposed Amended Complaint is a retaliatory attempt to harass the Defendants and their clients and will only result in needlessly delaying and complicating this case as well as increasing the costs of litigation of this case. Fed. R.DCiv. P., Rule 11 (b)(1).

8. Plaintiff's claims that the proposed defendants should be added as defendants are not warranted by existing law and are clearly frivolous.. Fed. R. Civ. P., Rule 11 (b)(2).

9. Plaintiff does not have sufficient evidentiary support and will not be able to obtain such evidentiary support for its claims that the proposed defendants should be added or that they in any way have anything to do with this case. Fed. R. Civ. P.,l Rule 11 (b)(3).

WHEREFORE, Defendants move this Court to impose sanctions against the Plaintiff under Fed. R. Civ. P. Rule 11 for Plaintiff's filing of a frivolous Motion to Amend lacking any legitimate purpose for its filing.

Respectfully submitted this the 19th Day of November, 2007.

Law Office of Douglas R. Burgess, LLC by
Douglas R. Burgess, Esq.
480 Ridge Road West
Rochester, New York 14615
Tel. No. 585-581-1060
Fax No. 585-581-1062

**Certificate of Service**

I hereby certify that I have served a copy of the foregoing upon counsel for the Plaintiff via

US Mail, postage prepaid, this the 19th day of November, 2007 to the following address:

David G. Poston
Walter A. Blakency
Michael D. Brock
Gary W. Stout
Brock & Stout
Post Office Drawer 311167
Enterprise, AL 36330

_____
Douglas R. Burgess, Esq.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RUBY STREETER, )
)
Plaintiff, )
)
v. ) Case No. 1:07-cv-97-WKW
)
OFFICE OF DOUGLAS R. )
BURGESS, LLC., )
et al., )
)
Defendants. )

**Motion to Dismiss or in Alternative Summary Judgment**

COMES NOW, Defendant Burgess and hereby moves this Court to Dismiss or in the alternative grant summary judgment in the Plaintiff's favor based on the fact that the Plaintiff's claims are moot. This Motion is supported by the pleadings; the Exhibits and the following:

**Plaintiff's Claims Are Rendered Moot by Offers of Judgment**

1. On September 21, 2007, Defendant served upon the Plaintiff an Offer of Judgment (attached hereto as Exhibit "A").

2. The Plaintiff did not respond to the Offer of Judgment.

3. After expiration of ten days, the Offer of Judgment is deemed rejected pursuant to Rule 68 of the Federal Rules of Civil Procedure.

4. On October 11, 2007, Defendant Burgess served upon the Plaintiff another Offer of Judgment (attached hereto as Exhibit "B").

5. That offer of judgment was again rejected by virtue of the Plaintiff's non-response within 10 days.

6. Both Offers of Judgment were offers of complete relief.

SCANNED

1

7. "Under traditional mootness principle, an offer of judgment for the entirety of a plaintiff's claim will generally moot the claim." *Goodmann v. People's Bank*, 209 Fed.Appx. 111, (citing *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir.2004); *Mackenzie v. Kindred Hospitals East*, L.L.C., 276 F. Supp.2d 1211 .

8. Plaintiff's claims under the FDCPA are moot because she has no damages beyond those enumerated in the Rule 68 offers of judgment. *Tallon v. Lloyd & McDaniel*, 497 F.Supp.2d 847.

9. Plaintiff has merely stated generic claims of "emotional distress" with no proof of out-of-pocket expenses.

10. "There is a strict standard for finding of emotional damage 'because they are so easy to manufacture'" *Id.* (citing *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004) (quoting *Aiellow v. Providian Fin. Corp.*, 239 F.3d 876, 880 (7th Cir. 2001).

11. "Plaintiff must produce actual evidence of distress and injury, not merely conclusory statements about it." *Breed v. Nationwide Inc. Co.*, No. 05-547, 2007 WL 1231558, at *3 (W.D.Ky. April 24, 2007).

12. Defendant's first offer of judgment offers $2,900.00 for actual damages, an amount that exceeds what the Plaintiff could recover on her FDCPA claim at trial.

13. Actual damages compensate a Plaintiff for out of pocket expenses, personal humiliation, embarrassment, mental anguish, and/or emotional distress that results from defendant's failure to comply with the FDCPA. *Milton v. Rosicki & Associates, P.C., NCB*, 2007 WL 2262893, (citing *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 185 (D.Del.1991).

14. Plaintiff could not possibly recover more than $2,900.00 in actual damages because "courts generally award actual damages ranging from $100.00 to $5,000.00" and any award that Plaintiff could receive would fall on the low end of this range, since she does not have any out of pocket expenses and has not sought any medical or other treatment for the emotional damages she claims. *Milton* at *4.

15. "In circumstances far more egregious than those present here, courts have awarded only several hundred dollars in damages." *Id.*

16. Moreover, even if Defendant could possibly recover more than $2,900.00, the Defendants' second offer of judgment goes even further to state that it offers to compensate the Plaintiff for whatever actual damages the Court would determine. This is an offer by Defendants to pay the Plaintiff's damages at whatever amount they could be determined. It would merely be a matter of Plaintiff showing what her damages are, having the Court determine the amount thereafter and Defendants paying those damages. Plaintiff cannot get a more complete and full offer of judgment for actual damages.

18. Defendants' offers of judgment offer to pay the Plaintiff's claim in full in order to avoid attorneys' fees that could substantially exceed the amount paid. "It would be funfair if the defendant were precluded from taking that action, especially since such a payment would have no effect on any other person's claim." *Mackenzie* at 1217.

17. A satisfied claim can be dismissed as moot. *Tallon* at 851 (citing *Ward v. Bank of New York*, 455 F. Supp.2d 262 (S.D.N.Y. 2006).

### Plaintiff's State Causes Of Action Are Due To Be Dismissed

18. The sole reason this case is in Federal Court is because of the Plaintiff's FDCPA claim.

19. Plaintiff's state causes of action come under this Court's jurisdiction only under the supplemental jurisdiction conferred by 28 U. S. C. § 1367 (a).

20. However 28 U.S.C. § 1367(c) provides that the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction.

21. For the reasons stated herein, Plaintiff's FDCPA claims, over which this Court could have had original jurisdiction are due to be dismissed at moot.

22. Under 28 U.S.C § 1367(c), "the idea is that once the crutch is removed—the claim that supports the supplemental jurisdiction of the other claim or claims—the other should not remain for adjudication." 28 U.S.C. § 1367 *construed in* Commentary on 1998 Revision by David D. Siegel.

23. There is a distinction between the power of the federal court to hear state-law claims and the discretionary exercise of that power. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 108 S. Ct. 614.

24. Pendent jurisdiction is a doctrine on discretion, not of plaintiff's right. *Carnegie-Mellon* (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130, 16 L.Ed.2d 218 (1966).

25. Under these circumstances, the court may exercise its discretion, pursuant to subsection 28 U.S.C. § 167(c)(3), to decline the exercise of supplemental jurisdiction over the plaintiff's state law claims. *Lunde v. Big B, Inc*, 117 F.Supp.2d 1275 (citing *Palmer v. Hosp. Auth. Of Randolph County*, 22 F.3d 1559, 1568 (11th cir. 1994).

26.   If the Federal claims are dismissed as they should be, before trial… the state claims should be dismissed as well. *Carnegie-Mellon* at 350 FN7 (citing *Gibbs* at 726).

27.   Because the Plaintiff has filed this case in Federal Court, remand is not an option and dismissal is the only option. *Id.* at 351.

### Dismissal Of FDCPA And State Causes of Action Constitute Issue of Subject Matter Jurisdiction

28.   If a controversy is moot, the court lacks subject matter jurisdiction over the action Id. at 851(citing *Church of Scientology v. United States*, 506 U.S. 9,12,113 S.Ct. 447, 121 L. Ed.2d 313 (1992).

29.   Once the FDCPA claim is disposed of, "there is no longer an issue in this case as to which the court may exercise federal subject matter jurisdiction." *Lunde* at 1282.

30   "A party may make a motion to dismiss for lack of subject matter jurisdiction at any time." *Mackenzie* at 1218; *Compangnoni v. United States*, 173 F.3d 1369, 1370 (11th Cir. 1999); see also *Harrell & Sumner Contracting Co., Inc. v. Peabody Petersen Co.*, 546 F.2d 1227, 1229 (5th Cir. 1977).

31.   Based on the reasons set out in this motion, the Plaintiff's FDCPA claims are due to be dismissed as moot and consequently the remaining state causes of action are due to be dismissed under 28 U.S.C. 1367 (c)(3). Both are issues of dismissal due to lack of subject matter jurisdiction and are therefore timely pled.

Respectfully submitted this the 12th day of November, 2007.

Douglas R. Burgess, Esq.
N.Y. Bar No. 1045079
480 Ridge Road West
Rochester, New York 14615
Tel. No. (585) 581-1060
Fax No. (585) 581-1062

## Certificate of Service

I hereby certify that I have served a copy of the foregoing upon counsel for The Plaintiff via US Mail, postage prepaid, this 12th day of November, 2007 to the Following address:

David G. Poston
Walter A. Blakeney
Michael D. Brock
Gary W. Stout
BROCK & STOUT
Post Office Drawer 311167
Enterprise, AL 36330

_____
Douglas R. Burgess, Esq.
N.Y. Bar No. 1045079
480 Ridge Road West
Rochester, New York 14615
Tel. No. (585) 581-1060
Fax No. (585) 581-1062

## Certificate of Service

I hereby certify that I have served a copy of the foregoing upon counsel for The Plaintiff via US Mail, postage prepaid, this 12th day of November, 2007 to the Following address:

David G. Poston
Walter A. Blakeney
Michael D. Brock
Gary W. Stout
BROCK & STOUT
Post Office Drawer 311167
Enterprise, AL 36330

_____
Douglas R. Burgess, Esq.