IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RUBY STREETER, ) | CASE NUMBER: |
| ) | |
| PLAINTIFF, ) | 1:07-CV-97 |
| ) | |
| VS. ) | |
| ) | |
| OFFICE OF DOUGLAS R. BURGESS, LLC., ) | **JURY DEMAND** |
| & DOUGLAS R. BURGESS, ESQ., INDIVIDUALLY, ) | |
| ) | |
| DEFENDANTS. ) | |

## **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**

Comes now the undersigned attorney in response to Defendants' Motion for Rule 11 Sanctions and states as follows:

### **INTRODUCTION**

After finally receiving the Defendants' untimely discovery responses, the undersigned noticed that the training manuals and the collection documentation log contained different names than those of the named Defendants. The undersigned set about investigating the Defendants and discovered that the Defendants shared an identity of phone numbers and addresses with other Debt Collectors in the Buffalo, New York area. Upon even further investigation and in preparation for Douglas Burgess' deposition, the undersigned and co-counsel, Gary Stout, outlined a number of topics to discuss regarding Burgess' business identity. Unfortunately, Burgess summarily cancelled his deposition. Through independent investigation, the undersigned has discovered sufficient evidence to warrant the allegations contained in the amended complaint.

### **ARGUMENT AND ANALYSIS**

A. REASONABLE INVESTIGATION

Controlling law places a burden on the undersigned to conduct a reasonable investigation

prior to prosecuting the allegations contained in her amended complaint. Worldwide Primates v. McGreal, 87 F.3d 1252, 1255 (11th Cir. 1996)("under Rule 11, an attorney must make a reasonable inquiry into both the legal and factual basis of a claim prior to filing suit.") After reasonable inquiry, Plaintiff's counsel has a reasonable basis to believe that the defendants and potential defendants are acting in unison and with a commonality of purpose. Furthermore, upon information and belief, the Defendants are alter egos of one another. Plaintiff's counsel believes this will be proven through the discovery process.

B. THE AMENDED COMPLAINT CONTAINS MERITORIOUS AND VALID CLAIMS

Besides reasonable investigation, the Plaintiff's counsel must also plead meritorious claims and must reasonably believe that a factual basis exists to plead such claims. Turner v. Sungard Bus. Sys., 91 F.3d 1418, 1422 (11th Cir. 1996). After reasonable investigation, the Plaintiff filed an amended complaint asserting that the Defendants and potential Defendants are acting in unison and that one of the Defendants controls all actions of the other Defendants. The amended complaint also asserts that Defendant Burgess is the alter ego of other Defendants. After reasonable inquiry into existing Alabama State Law, Plaintiff has pled, in her amended complaint, actionable theories based on federal liability under the FDCPA and state law theories based on Civil Conspiracy, Alter Ego, Invasion of Privacy, Intentional Infliction of Emotional Distress and Negligent Supervision and Training.

**CONCLUSION**

The Plaintiff's trial counsel has conducted reasonable and timely investigation to determine that the Defendants and potential Defendants are acting in concert and as alter egos of one another. Furthermore, the Plaintiff's counsel has pled meritorious claims entitling her to relief under existing Federal and Alabama State law. The Defendants' Motion for Rule 11 Sanctions must be denied.

WHEREFORE, the Plaintiff prays this Honorable Court will deny the Defendants' Motion for Rule 11 Sanctions and for all other relief that is just.

Respectfully submitted,

BROCK & STOUT

_____
David G. Poston, Esq.
Walter A. Blakeney, Esq.
Gary W. Stout, Esq.
Michael D. Brock, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon the Defendants, the Law Office of Douglas R. Burgess, LLC. and Douglas R. Burgess, Esq., Individually, c/o Douglas R. Burgess, Esq., 480 Ridge Road West, Rochester, New York 14615 this 10th day of December, 2007.

_____
David G. Poston, Esq.