IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RUBY STREETER, ) | CASE NUMBER: |
| ) | |
| PLAINTIFF, ) | 1:07-CV-97 |
| ) | |
| VS. ) | |
| ) | |
| OFFICE OF DOUGLAS R. BURGESS, LLC., ) | **JURY DEMAND** |
| & DOUGLAS R. BURGESS, ESQ., INDIVIDUALLY, ) | |
| ) | |
| DEFENDANTS. ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

COMES NOW the Plaintiff, by and through her undersigned attorney, and in response to the Defendants' Motion to Dismiss or in Alternative Summary Judgment (hereinafter "Motion to Dismiss") and states as follows:

### INTRODUCTION

On February 5, 2007, the Plaintiff filed a Complaint in the United States District Court for the Middle District of Alabama asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., (hereinafter "FDCPA"), and supplemental state law claims.

On September 21, 2007, the Defendants served upon the Plaintiff their first Offer of Judgment. The Defendants' first Offer of Judgment is attached hereto as Exhibit "A." The first Offer of Judgment was not accepted by the Plaintiff. On October 11, 2007, the Defendants served upon the Plaintiff a second Offer of Judgment. The Defendants' second Offer of Judgment is attached hereto as Exhibit "B." This Offer of Judgment was also rejected by the Plaintiff.

On November 19, 2007, the Defendants filed their Motion To Dismiss Or In The Alternative, Summary Judgment. The primary basis of the Defendants' Motion To Dismiss is that the first and

second Offers of Judgment represent all that the Plaintiff could receive as prayed for in her Complaint and that her FDCPA claims are therefore moot thereby depriving this Honorable Court of subject matter jurisdiction.

## SUMMARY JUDGMENT STANDARD

A court may only grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). A material fact is one "that might affect the outcome of the suit under the governing law...." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. The court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996).

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is only appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

## MOTION TO DISMISS STANDARD

Attacks on subject matter jurisdiction under Rule 12(b)(1) are either "facial" and "factual" attacks. Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003) citing Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). In Morrison, the Eleventh Circuit Court of Appeals clarified "facial" and factual attacks as follows:

> Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits.

323 F.3d 920, 925 (11th Cir. 2003)

Here, the Defendants' motion to dismiss is a factual attack because it relies on extrinsic evidence, i.e. Defendants' Offers of Judgment, and does not assert lack of subject matter jurisdiction based solely on the pleadings.

The Eleventh Circuit Court of Appeals further explained:

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction--its very power to hear the case--there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue.

Morrison at 925 (11th Cir. 2003) quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

## ARGUMENT & ANALYSIS

The Defendants' Offers of Judgment, Exhibit "A" and Exhibit "B," did not offer Plaintiff all that she may have been entitled. In stark contrast, the Offer of Judgement, Exhibit "B," sought to limit the Plaintiff's right to a jury trial for the determination of damages. Federal Rule of Civil Procedure 38(a) states "[t]he right of trial by jury as declared by the Seventh Amendment...shall be preserved to the parties inviolate." In this action the Plaintiff is entitled to prosecute this matter before a jury. The Defendants are now attempting to circumvent the Plaintiff's right to a jury trial.

In addition, the Offer of Judgment was confusing and unclear. In their Offer of Judgment, the Defendants offer "to allow judgment to be taken against them for all counts in Plaintiff's

Complaint in the amount of $1,001.00 for all statutory damages, actual damages and any state cause of action damages in an amount to be determined by the Court, as well as all reasonable attorney fees to date and costs to be determined by the Court." At best, the Defendants' offer is ambiguous and leads itself to multiple interpretations. Are the Defendants offering $1,001.00 for "all statutory" and "actual damages?" Alternatively, are the Defendants inviting the Plaintiff to try the actual damages and state law claims before this Honorable Court? Given the language of the Defendants' Offer of Judgment, it is unclear as to the extent of the Defendants' offer.

A. THE DEFENDANTS' OFFER OF JUDGMENT DID NOT OFFER THE FULL RELIEF SOUGHT

Notwithstanding the confusing nature of the Defendants' Offer of Judgment, the offer seeks to limit attorney fees to an amount incurred "to date." Indeed, the undersigned is entitled to attorney fees in trying the damages portion of the case as well as his time for submitting the fee application plus his time attempting to collect any damage award. In fact, controlling law dictates that the labor expended in seeking attorney fees is fully compensable. Haitian Refugee Ctr. v. Meese, 791 F.2d 1489, 1500-01 (11th Cir. 1986). See also Gagne v. Maher, 594 F.2d 336 (2nd Cir. 1979); David v. City of Scranton, 633 F.2d 676 (3rd Cir. 1980); Tyler Business Servs., Inc. v. N.L.R.B., 695 F.2d 73 (4th Cir. 1982); Johnson v. Mississippi, 606 F.2d 635, 638 (5th Cir. - old 1979) (attorneys fees may be awarded for time spent litigating the fee claim). The Defendants' Offer of Judgment clearly attempts to limit attorney fees "to date." That is, the Defendants attempt to pay for attorney fees through the Offer of Judgment and no more. As such, the Offer of Judgment does not offer all the relief to which the Plaintiff is entitled.

Other courts have considered motions based upon facts similar to those present in the instant case. In Wilhelm v. Credico, Inc., 426 F. Supp. 2d 1030(D.N.D. 2006), the Defendant, Credico, alleged that the Plaintiff's claim was moot because it made an Offer of Judgment to satisfy

the Plaintiff's entire demand plus costs and attorney fees. Therefore, Court no longer had jurisdiction over the matter. Id. at 1034. Wilhelm contended that the offer did not satisfy his demand for actual damages and could not therefore render the entire case moot. Id. Credico acknowledged that the Rule 68 Offer of Judgment did not include the claim for actual damages, but Credico argued that Wilhelm's claim for actual damages was not valid.

The Wilhelm Court found it unnecessary to determine whether a Rule 68 Offer of Judgment could render a case moot because the Rule 68 offer put forth by the Defendant did not include the actual damages claimed by the Plaintiff. Id. The Court found that the Offer of Judgment made by Credico did not offer Wilhelm all the relief available to him. Id. Therefore, the Court found that the Rule 68 Offer of Judgment did not render the case moot. Id.

This same issue is also addressed by the Eleventh Circuit in MacKenzie v. Kindred Hosps. E., 276 F. Supp. 2d 1211(M.D. Fla. 2003). In MacKenzie, the Defendant served MacKenzie an Offer of Judgment for $1,200.00 plus a reasonable attorney's fee and costs. Id. at 1218. There, the Defendant also claimed that the Offer of Judgment offered the Plaintiff greater relief than he could have received at trial. Id. An assertion that, it should be noted, **was not** disputed by MacKenzie. Id. Based upon those facts, MacKenzie **did not dispute** the Offer of Judgment was more than the maximum amount of damages the Plaintiff could recover. MacKenzie also **did not argue** that he was entitled to additional relief. The Court found that the Defendant's Offer of Judgment rendered the Plaintiff's case moot. Id. at 1219.

The distinction between Wilhelm and MacKenzie is the key issue to the case at hand. In this action, as in Wilhelm, the Defendant's Offer of Judgment simply does not offer the Plaintiff all relief available to her. Unlike MacKenzie, here the Plaintiff **does** dispute that the Defendants' offer constitutes the maximum amount of damages she could recover and **does** argue that she could

obtain additional relief. As such, the Defendants' Offer of Judgment in this case in no way "end[s] the live controversy between the Plaintiff and the Defendant." MacKenzie at 1218.

B. THE JURY DETERMINES THE EXTENT OF DAMAGES

The Defendants essentially argue that they made an offer of judgment and therefore the Plaintiff is entitled to nothing more. The Defendants' argument is a non sequitur. In accordance with Federal Rule of Civil Procedure 39(a), the amount of damages in this case will be determined by the trier of fact after it hears the evidence concerning the Defendants' conduct. If the Defendants truly wanted to make an offer of Judgment to compensate the Plaintiff for all injuries, they would admit liability as to all counts, allow the jury to determine damages and then agree to pay a reasonable attorney fee following conclusion of the trial on damages.

The Defendants argue that the Offer of Judgment moots the FDCPA cause of action therefore depriving the Court of subject matter jurisdication. Although a Motion to Dismiss for lack of subject matter jurisdiction is valid at any time, the Defendants' mootness argument is without merit because the Defendants did not offer Plaintiff all that she may have been entitled to under the FDCPA. The FDCPA specifies that the Plaintiff is entitled to actual damages sustained by the plaintiff and Statutory Damages not to exceed $1,000. 15 U.S.C. § 1692k.

Although not specifically stated in the complaint, this Honorable Court has Subject Matter Jurisdiction over the State Law Claims based on 28 U.S.C. section 1332 in that all of the Defendants are residents of the State of New York, see Plaintiff's Complaint at ¶ 5 and Defendants' Answer at ¶ 5, and the Plaintiff is a resident of Alabama, see Plaintiff's Complaint at ¶ 4. Further, while not specifically pled, the Plaintiff seeks damages in excess of $75,000.

In a giant leap of faith, the Defendants argue that the Plaintiff has no damages "beyond those enumerated in the Rule 68 offers of judgment." Defendants' Motion to Dismiss at ¶ 8.

Ironically enough, the Defendants offer no proof or evidence to enumerate the Plaintiff's damages. Of course the Defendants cannot offer any such proof as they have not employed an attorney long enough to depose the Plaintiff regarding her damages.

### C. THE PLAINTIFF'S COMPLAINT PROVIDES NOTICE OF EMOTIONAL DISTRESS DAMAGES

Going even further, the Defendants' attempt to persuade this Honorable Court that the Plaintiff is not entitled to Emotional Distress because the complaint did not alert the Defendants as to the specific emotional injuries. Defendants' Motion to Dismiss at ¶¶ 9, 10, 11.

Because, the Federal Courts are notice pleading venues, the Defendants have ample notice that the Plaintiff suffered injuries. As is the rule in all federal courts, this Honorable Court operates under notice pleadings as it pertains to complaints. Fed. R. Civ. Pro. 8(a)(2). The complaint does not require the plaintiff to set forth every shred of evidence in his possession. Id.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514  122 S. Ct. 992, 999, 152 L. Ed. 2d 1, 11, (U.S. 2002).

> Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint's statement of a claim must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. This liberal and simplified "notice pleading" standard--which was adopted to focus litigation on the merits of a claim and which applies to all civil actions, with limited exceptions--relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.

Id.

Of course the trier of fact will ultimately determine the extent of those injuries.  If the Defendants want specifics as to the Plaintiff's injuries, they will engage in some sort of discovery which they has failed to do to this point.

In a complete retreat from earlier positions, the Defendants contradict paragraphs 8, 9 and 10 of their arguments regarding emotional distress.  In paragraph 13, the Defendants state that "[a]actual damages compensate Plaintiff for . . . personal humiliation, embarrassment, mental

anguish, an/or emotional distress . . . . [citations omitted]."

The Defendants cannot usurp the trier of facts duty in determining damages. Instead, the Defendants allege that "[p]laintiff could not possibly recover more than $2,900.00 in actual damages because 'courts generally award actual damages ranging from $100.00 to $5,000.00 ...'" Defendants' Motion to Dismiss at ¶ 14. Such unsubstantiated statement, however, is not supported by a recent decision in this district. In <u>Thompson v. D.A.N. Joint Venture</u>, Judge Terry Moorer awarded $39,000.00 actual damages for the Defendant's violation of the FDCPA. 2007 U.S. Dist. LEXIS 41398 (D. Ala. 2007).

The Defendants argue that the first Offer of Judgment of $2,900 was more that the Plaintiff could recover on her FDCPA claim at trial. Defendants' Motion to Dismiss at ¶ 12. Such broad unsupported assertion is deserving of little comment. The Defendants, who caused the injury, now assume sovereignty over determining the amount of damages that may be awarded. In reality, the trier of fact determines the amount of damages.

## D. THE DEFENDANTS' SECOND OFFER OF JUDGMENT IS UNCLEAR

Finally, the Defendants allege that their second Offer of Judgment "offers to compensate the Plaintiff for whatever actual damages the Court would determine." Defendants' Motion to Dismiss at ¶ 16. In response, the Plaintiff would point this Court to the Second Offer of Judgment. In actuality, the Defendants only offered $1,001 for statutory and actual damages.[1] The Defendants cannot now attempt to clarify its poorly drafted Offer of Judgment. The Defendants

---

[1] The OOJ in its entirety states "Defendant, Office of Douglas R. Burgess, LLC. and Douglas R. Burgess, pursuant to Rule 68 of the Federal Rules of Civil Procedure, hereby offer to allow judgment to be taken against them for all counts in Plaintiff's Complaint in the amount of $1,001.00 for all statutory damages, actual damages and any state cause of action damages in an amount to be determined by the Court, as well as all reasonable attorney fees to date and costs to be determined by the Court. This offer is as a full and complete settlement of this matter and all claims as it relates to the Defendants.

offered "$1,001.00 for all statutory damages, actual damages and any state cause of action damages...." The remainder of the Offer is incomprehensible and capable of multiple interpretations. Nonetheless, the Offer is something less than what the Plaintiff seeks in that the Offer seeks to limit a jury's participation in determining damages.

## CONCLUSION

In this action, despite the Defendants' assertions, the Defendants' Offer of Judgment does not moot the Plaintiff's claim because the offer in question did not offer this Plaintiff everything to which she might be entitled. The scope of the Plaintiff's damages is to be determined by the finder of fact, in this case a jury. For these reasons as well as those set forth above, the Defendants' Motion to dismiss should be denied.

Respectfully submitted this 10th day of December, 2007

BROCK & STOUT

_____
David G. Poston, Esq.
Walter A. Blakeney, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon the Defendants, the Law Office of Douglas R. Burgess, LLC. and Douglas R. Burgess, Esq., Individually, % Douglas R. Burgess, Esq., 480 Ridge Road West, Rochester, New York 14615 this 10th day of December, 2007.

_____
David G. Poston, Esq.

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBY STREETER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07-cv-97-WKW |
| | ) |
| OFFICE OF DOUGLAS R. | ) |
| BURGESS, LLC., | ) |
| *et al.,* | ) |
| | ) |
| Defendants. | ) |

**Offer of Judgment**

Defendant, Office of Douglas R. Burgess, LLC. makes an offer of judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure, to Plaintiff for the sum of $1,100.00 for all statutory damages, $2,900.00 for all actual damages and $6,000.00 for all reasonable attorney fees and costs.

*/s/ W. McCollum Halcomb*
W. McCollum Halcomb
Attorney for Defendants
HALCOMB & WERTHEIM, PC
P O Box 12005
Birmingham, AL 35202-2005
(205) 251-0007

## Certificate of Service

I hereby certify that I have served a copy of the forgoing upon counsel for the Plaintiffs via US Mail, postage prepaid, this the 22nd day of September, 2007, to the following address:

David G. Poston
Walter A. Blakeney
Michael D. Brock
Gary W. Stout
BROCK & STOUT
Post Office Drawer 311167
Enterprise, AL 36330

/s/ W. McCollum Halcomb
Of Counsel

**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBY STREETER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07-cv-97-WKW |
| | ) |
| OFFICE OF DOUGLAS R. | ) |
| BURGESS, LLC., | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

### Offer of Judgment

Defendant, Office of Douglas R. Burgess, LLC. and Douglas R. Burgess, pursuant to Rule 68 of the Federal Rules of Civil Procedure, hereby offer to allow judgment to be taken against them for all counts in Plaintiff's Complaint in the amount of $1,001.00 for all statutory damages, actual damages and any state cause of action damages in an amount to be determined by the Court, as well as all reasonable attorney fees to date and costs to be determined by the Court. This offer is as a full and complete settlement of this matter and all claims as it relates to the Defendants.

/s/ W. McCollum Halcomb
W. McCollum Halcomb
Attorney for Defendants
HALCOMB & WERTHEIM, PC
P O Box 12005
Birmingham, AL 35202-2005
(205) 251-0007

**Certificate of Service**

I hereby certify that I have served a copy of the forgoing upon counsel for the Plaintiffs via US Mail, postage prepaid, this the 10th day of October, 2007, to the following address:

David G. Poston
Walter A. Blakeney
Michael D. Brock
Gary W. Stout
BROCK & STOUT
Post Office Drawer 311167
Enterprise, AL  36330

/s/ W. McCollum Halcomb
Of Counsel