IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RUBY STREETER, ) | CASE NUMBER: |
| ) | |
| PLAINTIFF, ) | 1:07-CV-97 |
| ) | |
| VS. ) | |
| ) | |
| OFFICE OF DOUGLAS R. BURGESS, LLC., ) | **JURY DEMAND** |
| & DOUGLAS R. BURGESS, ESQ., INDIVIDUALLY, ) | |
| ) | |
| DEFENDANTS. ) | |

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

COMES NOW, the Plaintiff, Ruby Streeter, by and through the undersigned counsel, in Reply to the Defendants' Response to Plaintiff's Motion to Amend Complaint. Throughout this response, Douglas Burgess, individually, is hereinafter referred to as "Burgess" and the Law Office of Douglas Burgess is hereinafter referred to as "Law Office." Collectively, Burgess and Law Office are also referred to as Defendants. The additional Defendants named in the amended complaint are hereinafter referred to as "proposed Defendants."

### INTRODUCTION

On October 15, 2007, after diligent investigation, the Plaintiff filed a Motion to Amend her Complaint to add additional proposed Defendants. In the Amended Complaint, the Plaintiff asserts that the Defendants, acting in concert and as a single entity, violated various Federal and Alabama State Laws pertaining to abusive debt collection practices.

The Plaintiff's original complaint named Burgess and Law Office as the sole Defendants.

After months of delay, the Defendants finally responded to the Plaintiff's First Discovery Requests.[1] The Defendants Discovery Responses were submitted by facsimile transmission one day after the last day to file Amended Pleadings and to add parties.[2] A copy of the facsimile "Cover Page" is attached hereto as Exhibit "1." It is also noteworthy that the Defendants were without legal representation between the time of Defendants' answer and the Defendants' Discovery Responses.

After the Defendants third attorney entered his appearance on July 10, 2007, the Plaintiff immediately began seeking deposition dates for Defendant Burgess. Ultimately, the deposition was scheduled for October 12, 2007, in Rochester, New York. In anticipation of the deposition, Plaintiff's counsel, Gary Stout, obtained airline reservations departing Montgomery, Alabama, on October 11, 2007. On October 10, 2007, at 5:15 PM, Defendant Burgess, by facsimile transmission, summarily cancelled his deposition. The Law Office of Brock and Stout was closed at the time of facsimile transmission and the Deposition Cancellation was not received until the following business day. A copy of the Deposition Cancellation is attached hereto as Exhibit "2." Unfortunately, Plaintiff's Counsel, Gary Stout departed his residence at 4:00 AM on October 11, 2007, and was not informed of the Deposition Cancellation until he arrived in Montgomery, Alabama.

**ARGUMENT & ANALYSIS**

Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

---

[1] The Plaintiff propounded her first set of Discovery on April 26, 2007. The Discovery consisted of interrogatories, request for admission and request for production.

[2] Docket Entry 14. Uniform Scheduling Order, Page 2, SECTION 4. "Motions to amend the pleadings and to add parties shall be filed by July 24, 2007."

In determining whether to grant Plaintiff leave to amend her complaint, the Supreme Court, requires this Honorable Court to weight various factors. Forman v. Davis, 371 U.S. 178, 182 (U.S. 1962). The factors, cited by Forman, include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." Id at 182.

### THE PLAINTIFF HAS NOT DELAYED PROSECUTION OF THIS CASE

Counsel for the Plaintiff have been diligent in their effort to move this case toward trial. Unfortunately the Plaintiff has been hampered not by her own negligence or procrastination, but by the unending delays presented by the Defendant. The plaintiff's lawsuit was filed on February 5, 2007. Shortly after answering, the parties conferred and filed their Rule 26 Report on April 16, 2007. Ten days later, on April 26, 2007, the Plaintiff filed her first set of discovery requests. It was not until July 25, 2007, that the Defendants finally answered the discovery requests. Ironically enough, the deadline to file amendments to the complaint expired one day prior to the date that the Defendants' finally provided the first discovery responses which were served on April 26, 2007.

Even then, the Plaintiff had no way of knowing that the Defendants were possible alter egos or involved in a joint debt collection enterprise with the other proposed Defendants. Upon receipt of the discovery responses, Plaintiff's Counsel began their review in preparation for depositions. It was only after receiving the discovery responses that Plaintiff discovered the possible involvement by other defendants as a common scheme, alter ego, or operating under a parent corporation. This Court, however, should be aware that the Defendants have engaged in very little discovery and have provided only limited information.

In contrast, the instant case is short lived compared to another case where the Eleventh

Circuit Court of Appeals found no abuse of discretion for the district court's refusal to allow an amendment. Smith v. Duff & Phelps, Inc., 5 F.3d 488, 494 (11th Cir. 1993)(District Court denied Plaintiff leave to amend where Plaintiff attempted to "revive the dismissed RICO claim after allowing it to languish for nearly three years."). Here, unlike the Plaintiff in Smith, the Plaintiff in preparation for the first deposition, discovered evidence supporting an alter ego, a common scheme or common purpose wherein the Defendants and proposed Defendants integrated their resources to achieve a common business purpose. The Plaintiff should be permitted to prove that the Defendants and proposed Defendants have blurred their identities and lines of distinctions between them and function as the alter ego of each other.

In fact, the amended complaint is a byproduct of Burgess' undue delay. Burgess' deposition was scheduled where questions concerning business structure could by clarified. For no reason, Burgess summarily cancelled the deposition when co-counsel Gary Stout was in route to Montgomery, Alabama, to catch a flight for the deposition. If the entities or individuals do not operate a common enterprise, then Summary Judgment may be appropriate at a later time. However, Defendants should not be heard to complain or object to the addition of parties when the Defendant stonewalled in his submission of discovery requests and cancelled his deposition for no apparent reason. Defendant has in effect, hindered the progress of discovery and now attempts to dismiss parties who may be proper parties to this lawsuit.

## PLAINTIFF HAS EXHIBITED NO BAD FAITH

It was only after reviewing the very late discovery responses and further investigation of the Defendants that the Plaintiff, through her own efforts, discovered that Defendants may be involved as an alter ego in the debt collection process with other entities under a common scheme or operating under a parent corporation. During her investigation, the Plaintiff discovered that

Defendants and proposed Defendants have been sued no less than five times throughout the United States with allegations of a common scheme or agency. The Plaintiff intended to question Burgess about his business arrangement, but was unable to do so when Burgess cancelled the deposition. Plaintiff, after investigation and due diligence, promptly sought to amend her complaint to add the Defendants.

### PLAINTIFF HAS BEEN DILIGENT IN PROSECUTION OF THIS CASE

Plaintiff has not been dilatory in her prosecution of this case. In fact, she served discovery ten days after the Rule 26 hearing. The opposite may be said of the defendants. After two different law firms, the Defendants are once again without counsel and further delaying resolution of this case. In fact, the proposed Defendants may be indispensable and necessary for adjudication on the merits of this case.

### DEFENDANT IS NOT UNDULY PREJUDICED BY ADDITIONAL DEFENDANTS

There is no undue prejudice to the Defendants. He has conducted no depositions and has cancelled his own. If the Defendants are part of a parent debt collection corporation, or alter egos thereof, then the Defendants know that the parent is potentially liable. The only grounds cited by defendants for denying the Motion to Amend are mere naked assertions that the proposed Defendants are his clients and that "[t]he individual and entities Plaintiff proposes to add to this action have absolutely nothing to do with the account in issue or this case or any attempts by [Defendants] to collect this account." Defendants' Response to Motion to Amend, ¶ 6. These vague assertions should not deter this Honorable Court from allowing the Plaintiff to add necessary parties to this action.

## CONCLUSION

In the case at bar, the Defendants are the sole cause for the undue delay. Two attorneys have withdrawn, Defendants did not timely answer discovery and Defendant Burgess summarily cancelled his deposition. Furthermore, the Defendants are the parties with knowledge of their business practices. There will be no prejudice to require them to reveal such practices. As such, the Plaintiff's Motion to Amend should be allowed.

Respectfully submitted this 10th day of December, 2007.

BROCK & STOUT

_____
David G. Poston, Esq.
Gary W. Stout, Esq.
Walter A. Blakeney, Esq.
Michael D. Brock, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon the Defendants, the Law Office of Douglas R. Burgess, LLC. and Douglas R. Burgess, Esq., Individually, ℅ Douglas R. Burgess, Esq., 480 Ridge Road West, Rochester, New York 14615 this 10th day of December, 2007.

_____
David G. Poston, Esq.

**EXHIBIT "1"**



# Halcomb & Wertheim
A PROFESSIONAL CORPORATION

## Facsimile Transmittal

Date: 7/25/07

To: Gary Stout

Fax Number: 334-671-2689

From: India Ramey

Number of pages (including this cover): 02

If you do not receive all pages, please call (205) 251-0007.

Comment(s): I am mailing/FedExing a copy of the manual. It was too voluminous to fax.

The information contained in this facsimile message is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us by telephone and return the original message to us at the address below via the U.S. Postal Service. Thank you

*Halcomb & Wertheim, P.C.*

2101 5TH AVENUE NORTH · SUITE 1130 · BIRMINGHAM, ALABAMA 35203

**EXHIBIT "2"**

Case 1:07-cv-00097-WKW-CSC     Document 53     Filed 12/10/2007     Page 9 of 10

Case 1:07-cv-00097-WKW-CSC   Document 53   Filed 12/10/2007   Page 10 of 10
10/10/2008 17:14 FAX 2052510017   HALCOMB&WERTHEIM   ☒001/001
Case 1:07-cv-00097-WKW-CSC   Document 38-2   Filed 10/11/2007   Page 1 of 1



# Halcomb & Wertheim
A PROFESSIONAL CORPORATION

Direct dial 205-251-0046
mac@hw-al.com

October 10, 2007

Gary W. Stout
BROCK & STOUT, LLC
P O Box 311167
Enterprise, AL 36331-1167

*Sent via facsimile 334-393-0026, e-mail and regular mail*

RE:   Ruby Streeter v Office of Douglas R. Burgess, LLC

Dear Gary:

Please cancel your travel plans to New York. We are in the process of putting together our second Offer of Judgment. The offer will abrogate the need for you to depose Mr. Burgess on October 12, 2007. I am sending this letter to you pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and will file a Motion for Protective Order if necessary.

I look forward to hearing from you.

Sincerely yours,

W. McCollum Halcomb
FOR THE FIRM


2101 6TH AVENUE NORTH • SUITE 1150 • BIRMINGHAM, ALABAMA 35203
POST OFFICE BOX 12005 • BIRMINGHAM, ALABAMA 35202-2005
(205)251-0007 • (205)251-0017 FAX



PLAINTIFF'S EXHIBIT 2