IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RUBY STREETER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-0097-WKW [wo] |
| | ) | |
| OFFICE of DOUGLAS R. | ) | |
| BURGESS, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the court are several pending motions filed by Defendant Douglas R. Burgess ("Burgess") and Plaintiff Ruby Streeter ("Streeter") which the court will now consider.

### **I. MOTION TO AMEND COMPLAINT**

Streeter filed a motion to amend her complaint on October 15, 2007 (Doc. # 39), in order to add ten defendants who, upon the plaintiff's information and belief, operate under a common enterprise and "function[ ] as the alter ego of each other." (Am. Compl. ¶¶ 22-23.) In Burgess's response to the plaintiff's motion to amend, he argues that the proposed defendants "have absolutely nothing to do with the account in issue or this case." (Doc. # 45, at ¶ 6.) However, the newly proposed defendants can speak for themselves and address these arguments through their own motions to dismiss or for summary judgment. Therefore, because leave shall be freely given to amend a complaint "when justice so requires," it is ORDERED that the motion to amend the complaint (Doc. # 39) is GRANTED. The

Amended Complaint (Doc. # 40) is deemed ADMITTED and the plaintiff is DIRECTED to cause the immediate service of process on the new defendants.

## II.  MOTION FOR RULE ELEVEN SANCTIONS

On November 21, 2007, Defendant Burgess and Defendant Office of Burgess, LLC ("Burgess LLC") filed a motion for sanctions (Doc. # 46) against the plaintiff under Rule 11 of the Federal Rules of Civil Procedure.  The basis for the defendants' motion for sanctions was Streeter's attempt to add new defendants through her amended complaint.  Because the court today grants Streeter's motion to amend her complaint, it is ORDERED that the defendants' Motion for Sanctions (Doc. # 46) is DENIED.

## III.  MOTION TO DISMISS OR,
## IN ALTERNATIVE, SUMMARY JUDGMENT

Burgess also filed a Motion to Dismiss or in Alternative Summary Judgment (Doc. # 47) on November 21, 2007.  In his motion to dismiss, Burgess argues that (1) offers of judgment served on the plaintiff, which were both rejected by virtue of non-response, moot the plaintiff's claims; (2) if the plaintiff's federal claim under the Fair Debt Collection Practices Act ("FDCPA") is dismissed as moot, the court should decline supplemental jurisdiction over the plaintiff's remaining state claims; and (3) if the plaintiff's FDCPA claim is dismissed as moot, the court lacks subject matter jurisdiction.  (*See* Doc. # 47.)

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant Burgess LLC made an offer of judgment ("Offer One") to the plaintiff on September 22, 2007, "for the sum of $1,100.00 for all statutory damages, $2,900.00 for all actual damages and $6,000.00

for all reasonable attorney fees and costs." (Doc. # 47-2, at 1.) On October 10, 2007, both Burgess and Burgess LLC made another offer of judgment ("Offer Two") "in the amount of $1,001.00 for all statutory damages, actual damages and any state cause of action damages in an amount to be determined by the Court, as well as all reasonable attorney fees to date and costs to be determined by the Court." (Doc. # 47-2, at 3.) The plaintiff did not respond to either offer of judgment.

"Rule 68 allows a defendant to make an offer of judgment; if a plaintiff refuses the offer and then ultimately recovers less at trial than the offer amount, the plaintiff is required to pay the costs incurred from the time of the offer." *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1360 n.4 (11th Cir. 2006). Offers of judgment are interpreted according to contract law and because of their take-it-or-leave-it nature, courts are "prone to interpret the language of a Rule 68 offer against the defendant that drafted it." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3002, at 95-96 (2d ed. 1997). The Eleventh Circuit has adopted this approach because "'the plaintiff should not be left in the position of guessing what a court will later hold the offer means.'" *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1244 (11th Cir. 2002) (quoting *Webb v. James*, 147 F.3d 617, 623 (7th Cir. 1998)).

The defendants argue that their offers of judgment satisfy the plaintiff's entire demand and therefore the case has become moot. The defendants cite no opinion from the Eleventh Circuit Court of Appeals for this proposition and this court is unable to locate one. Other circuits have held that an offer of judgment for full relief to which the plaintiff is entitled

3

may moot the action. *See, e.g.*, *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004); *Rand v. Monsanto Co.*, 926 F.2d 596, 597-98 (7th Cir. 1991). Even assuming that an offer of judgment could render a case moot in the Eleventh Circuit,[1] the two offers by the defendants would not do so.

Offer One capped reasonable attorney fees and costs at $6,000.00. (Doc. # 47-2, at 1.) This offer could not moot the case or controversy because the FDCPA provides for "the costs of the action, together with a reasonable attorney's fee," 15 U.S.C. § 1692k(a)(3), which could turn out to be greater than $6,000.00. As one court has explained:

> [A]n offer of judgment that caps those costs and fees, does not represent more money than the plaintiff could have received under the statute. As such, [the defendant's] offer of judgment, which did cap those costs and fees, did not offer the maximum amount the plaintiff could recover under the statute. Accordingly, the plaintiff still has a personal stake in the matter, and a case or controversy remains.

*Weissman v. ABC Fin. Servs., Inc.*, 203 F.R.D. 81, 83 (E.D.N.Y. 2001). Although *Mackenzie* stands for the proposition that attorney's fees and costs are collateral matters that do not prevent an action from becoming moot, 276 F. Supp. 2d at 1218 n.4, it is distinguishable because in that case the amount of attorney's fees and costs was not capped. *See also Williams v. McCallum Group Enters., Inc.*, No. 07-cv-2092, 2008 WL 203302, at *1 (M.D. Fla. Jan. 23, 2008) (finding uncapped attorney's fees and costs, limited only to a reasonable

---

[1] It appears that a proper offer of judgment for full and complete relief could in some instances render a plaintiff's claim moot in the Eleventh Circuit as several district courts have held or agreed. *See, e.g.*, *Williams*, 2008 WL 203302, at *1; *Holcomb v. Mortgage House, Inc.*, No. 06-cv-45, 2007 WL 129008, at *2 (M.D. Fla. Jan. 13, 2007); *Taylor v. CompUSA, Inc.*, No. 04-cv-718, 2004 WL 1660937, at *2 (N.D. Ga. July 14, 2004); *Mackenzie v. Kindred Hosp. E., L.L.C.*, 276 F. Supp. 2d 1211 (M.D. Fla. 2003).

amount, did not prevent an offer of judgment providing otherwise full relief from mooting the plaintiff's claim). Offer One does not leave the amount of attorney's fees and costs up to a determination of reasonableness; it caps them at $6,000.00. Therefore, it does not represent more money than the plaintiff might receive under the FDCPA and does not moot Streeter's claim.

Offer One is also ineffective to moot Streeter's claim because it places an apparently arbitrary cap of $2,900.00 for all actual damages. (Doc. # 47-2, at 1.) Burgess argues that the plaintiff "could not possibly recover more than $2,900.00 in actual damages because 'courts generally award actual damages ranging from $100.00 to $5,000.00.'"[2] (Doc. # 47, at 3 (quoting *Milton v. Rosicki, Rosicki & Assocs., P.C.*, No. 02-cv-3052, 2007 WL 2262893, at * 4 (E.D.N.Y. Aug. 3, 2007).) This argument is incomprehensible at best and disingenuous at worst. First, the argument does not even support Burgess's position. By this rationale, assuming it should be applied in the first place, an award of $5,000.00 – well over the proposed cap of $2,900.00 – is within the range of actual damages that Streeter may receive. This in itself would establish that Offer One did not offer the maximum amount the plaintiff could recover under the statute. Second, the plaintiff's actual damages are unknown to the court at this time. The plaintiff's complaint does not specify the amount of her actual damages. The plaintiff has yet to be deposed and questioned under oath about her damages.

---

[2] The plaintiff correctly points out that actual damages of $38,000 were awarded in a recent FDCPA case in this district. *See Thompson v. D.A.N. Joint Venture III, L.P.*, No. 05-cv-938, 2007 WL 1625926 (M.D. Ala. June 5, 2007).

In short, the defendants do not even provide a hint at what the plaintiff's damages *actually* are.  *Cf. Mackenzie*, 276 F. Supp. 2d at 1214 (describing how the defendant based its offer of judgment for actual damages on the maximum amount of overtime the plaintiff could have worked according to records produced during discovery).  With no information upon which to rely, the court could not possibly determine that Streeter's actual damages could only be less than $2,900.00.[3]  *See Dell'Orfrano v. IKON Office Solutions, Inc.*, No. 05-cv-245, 2006 WL 2523113, at *1 (M.D. Ga. Aug. 29, 2006) (rejecting defendant's argument that plaintiff's claims were rendered moot by an offer of judgment because the court was unable to make an appropriate determination to the amount of damages at such an early stage of the litigation).  Offer One does not moot the plaintiff's claims.

Offer Two does not cap attorney's fees or costs nor does it cap actual damages.  However, it also fails to moot the controversy because it is ambiguous and does not quantify the actual damages.  Offer Two provides for "$1,001.00 for all statutory damages, actual damages and any state cause of action damages in an amount to be determined by the Court, as well as all reasonable attorney fees to date and costs to be determined by the Court." (Doc. # 47-2, at 3.)  This could be interpreted as (1) an offer of $1,001.00 for statutory damages only with everything else determined by the court, or maybe (2) $1,001.00 for

---

[3] Unlike the plaintiff in *Mackenzie*, Streeter does dispute that the defendants' offer of judgment is for more than the maximum amount of damages she could recover.  *See Mackenzie*, 276 F. Supp. 2d at 1218; *cf. Reyes v. Carnival Corp.*, No. 04-21861, 2005 WL 4891058, at *3 (S.D. Fla. May 25, 2005) (distinguishing *Mackenzie* because of the plaintiff's dispute over the amount of damages).

statutory and actual damages together, with only the state cause of action damages to be determined by the court.[4] The defendants drafted the offer of judgment and could have easily separated its clauses through the use of semi-colons or parenthetical numbering to ensure the offer was unambiguous. The defendants chose not to do so and their ambiguous offer of judgment suffers accordingly. *See Util. Automation 2000, Inc.*, 298 F.3d at 1243-44.

The court finds further support for the conclusion that Offer Two is ambiguous because without specifying the amount of actual damages, the plaintiff would be unable to properly weigh the risks of continued litigation. An offer of judgment must provide "'a clear baseline from which plaintiffs may evaluate the merits of their case relative to the value of the offer.'" *Basha v. Mitsubishi Motor Credit of Am., Inc.*, 336 F.3d 451, 455 (5th Cir. 2003) (quoting *Thomas v. Nat'l Football League Players Ass'n*, 273 F.3d 1124, 1130 (D.C. Cir. 2001)). Because of this, at least one circuit has held that an offer of judgment that does not properly quantify actual damages is invalid. *See Basha*, 336 F.3d at 455. Therefore, because ambiguous offers of judgment are strictly construed against the offeror, Offer Two cannot serve to moot the plaintiff's claim. Accordingly, for the reasons set forth above, it is ORDERED that Burgess's Motion to Dismiss (Doc. # 47) is DENIED. It is further ORDERED that Burgess's Alternative Motion for Summary Judgment (Doc. # 47) is untimely and DENIED without prejudice.

---

[4] Importantly, the plaintiff vehemently argues the offer is ambiguous and that the extent of the defendants' offer is unclear. (Doc. # 52, at 4.)

## IV. LEGAL REPRESENTATION OF DEFENDANT
## OFFICE OF DOUGLAS R. BURGESS, LLC

Upon review of the status of this case, it has come to the court's attention that Burgess LLC is currently unrepresented by counsel now that its previous counsel has withdrawn. (Doc. # 44.) While Burgess may represent himself *pro se* in this matter because he is an individual, a limited liability company may not. *See, e.g.*, *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 609 (11th Cir. 1984) (holding that a corporation's sole shareholder could not represent the corporation *pro se*); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (holding that a limited liability company may appear in federal court only through a licensed attorney). Therefore, it is ORDERED that Defendant Burgess LLC obtain appropriate counsel to represent its interests in this matter **on or before March 7, 2008**. Once again, the court reminds any new defense counsel that by entering their appearance in this case, counsel certifies to the court that they will remain as counsel in the case until final judgment, absent any extraordinary and unforeseeable circumstances, and should govern themselves accordingly. (*See* Doc. # 44.)

DONE this 21st day of February, 2008.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

    (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).