**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

February 21, 2008

# NOTICE OF CORRECTION

**From:   Clerk's Office**

**Case Style:   Streeter v. Office of Douglas R. Burgess, LLC. et al**

**Case Number:   1:07-cv-00097-WKW**

**This Notice of Correction was filed in the referenced case this date to attach the correct PDF document previously attached to include a certificate of service.**

**The correct PDF document is attached to this notice for your review.   Reference is made to document # 40   filed on   October 15, 2007.**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RUBY STREETER, ) | |
| ) | |
|     PLAINTIFF, ) | CASE NUMBER: 1:07-cv-97-WKW |
| ) | |
| vs. ) | |
| ) | JURY DEMAND |
| OFFICE OF DOUGLAS R. BURGESS, LLC., ) | |
| DOUGLAS R. BURGESS, ESQ. individually; ) | |
| DOUGLAS J.MACKINNON, individually and ) | |
| d/b/a Burgess Law Office; MARK BOHN, ) | |
| individually and d/b/a Burgess Law Office; ) | |
| ROBERT VAN DE MARK, individually and ) | |
| d/b/a Burgess Law Office; HARVEY DENNIS, ) | |
| individually and d/b/a Burgess Law Office; ) | |
| ALL DEBT TRADERS, INC. in its Corporate ) | |
| capacity and d/b/a Burgess Law Office; ) | |
| FIRST AMERICAN INVESTMENT, LLC, in its ) | |
| corporate capacity and d/b/a Burgess Law ) | |
| Office; ACCOUNT MANAGEMENT SERVICES ) | |
| OF NORTH AMERICA, LLC, in its corporate ) | |
| capacity and d/b/a Burgess Law Office; ) | |
| PORTFOLIO PARTNERS OF AMHERST, LLC, ) | |
| in its corporate capacity and d/b/a Burgess ) | |
| Law Office;  GMK, INC., in its corporate ) | |
| capacity and d/b/a Burgess Law Office; ) | |
| COLLINS LAW OFFICES, LLC, in its corporate ) | |
| capacity and d/b/a Burgess Law Office. ) | |
| ) | |
|     DEFENDANTS. ) | |

**AMENDED COMPLAINT**

I. INTRODUCTION

1.    This is a Complaint for damages for actual, statutory, and punitive damages brought by

the Plaintiff, Ruby Streeter, against the Defendants, Office Of Douglas R. Burgess, LLC. and

Douglas R. Burgess, Esq., Individually (hereinafter collectively referred to as "Burgess"),

Douglas J. MacKinnon, individually and d/b/a Burgess Law Office; Mark Bohn, individually and

d/b/a Burgess Law Office;  Robert Van De Mark, individually and d/b/a Burgess Law Office;  Harvey Dennis, individually and d/b/a Burgess Law Office;  All Debt Traders, LLC, in its corporate capacity and d/b/a Burgess Law Office; First American Investment, LLC, in its corporate capacity and d/b/a Burgess Law Office;  Account Management Services of North America, LLC, in its corporate capacity and d/b/a Burgess Law Office; Portfolio Partners, LLC, in its corporate capacity and d/b/a Burgess Law Office;   GMK, INC., in its corporate capacity and d/b/a Burgess Law Office; Collins Law Offices, LLC, in its corporate capacity and d/b/a Burgess Law Office. (hereinafter collectively referred to as "MacKinnon", "Bohn", "Van De Mark", "Dennis", "All Debt", "FAIC", "Account Management Services", "Portfolio Partners", "GMK", "Collins Law Office" and "Burgess Law Office"),  for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter, "FDCPA"); the Defendants' invasion of the Plaintiff's right of privacy; the Defendants' intentional infliction of emotional distress; and for Defendants' negligent supervision.

## II.     JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue in this district is proper in that the Defendants regularly transact business here and the conduct complained of occurred here.

## III.     PARTIES

4. Plaintiff, Ruby Streeter, is a natural person residing in Dale County, Alabama.

5. Defendants, Burgess, are a New York law firm and attorney engaged in the collection of debts from consumers using the mail and telephone.  The Defendants, Burgess, regularly attempt to collect consumer debts alleged to be due another.  Defendants, Burgess, are debt

collectors as defined by the FDCPA pursuant to 15 U.S.C. § 1692a(6). The Defendant's principal place of business is located at 480 Ridge Road West, 2nd Floor, Rochester, New York 14615.

6. Defendant Douglas J. MacKinnon,(hereinafter "MacKinnon") is an individual having an address at 6225 Countryside Ct., Clarence, NY 14032. Upon information or belief MacKinnon does business as Burgess Law Office. At all times relavant to this Complaint, Defendant MacKinnon transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Mark Bohn, (hereinafter "Bohn") is an individual having an address at 100 Linden Oaks, Suite 202, Rochester, New York 14625  Upon information or belief Bohn, does business as Burgess Law Office. At all times relavant to this Complaint, Defendant Bohn transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant Robert Van De Mark, (hereinafter "Van De Mark") is an individual having an address at 100 Linden Oaks, Suite 202, Rochester, New York 14625. Upon information or belief Van De Mark does business as Burgess Law Office. At all times relavant to this Complaint, Defendant Van De Mark transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant Harvey Dennis,(hereinafter "Dennis") is an individual having an address 100 Linden Oaks, Suite 202, Rochester, New York 14625.  Upon information or belief Dennis does business as Burgess Law Office. At all times relavant to this Complaint, Defendant Dennis transacted business in the Middle District of Alabama in addition to other locations throughout

the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10.     Defendant All Debt Traders, Inc.,(hereinafter "All Debt") is a New York corporation with an address of 400 Linden Oaks, Rochester, New York 14625.  Upon information or belief All Debt does business as Burgess Law Office.  At all times relavant to this Complaint, All Debt transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11.     Defendant First American Investment, LLC, (hereinafter "FAIC") is a New York limited liability company with an address of 400 Linden Oaks, Rochester, New York 14625.  Upon information or belief FAIC does business as Burgess Law Office.  At all times relavant to this Complaint, FAIC transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.     Defendant Account Management Services of North America, LLC, (hereinafter "AMS") is a New York limited liability company with its principal place of business located at 100 Linden Oaks, Suite 202, Rochester, New York 14625.  Upon information or belief AMS does business as Burgess Law Office. At all times relavant to this Complaint, AMS transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.     Defendant Portfolio Partners of Amherst, LLC (hereinafter "Amherst"), is a New York limited liability company with an address of 4246 Ridge Lea Road, Amherst, New York 14226.  Upon information or belief Amherst does business as Burgess Law Office. At all times relavant to this Complaint, Amherst transacted business in the Middle District of Alabama in addition to

other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     Defendant Portfolio Partners and GMK, Inc., (hereinafter "GMK") is a New York corporation with an address of 4248 Ridge Lea Road, Amherst, New York 14226. Upon information or belief GMK does business as Burgess Law Office. At all times relavant to this Complaint, GMK transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15.     Defendant Collins Law Office, LLC, (hereinafter "Collins") is a New York limited liability company having and address of 5100 Transit Road, Depew, New York 14043.  Upon information or belief Collins does business as Burgess Law Office.  At all times relavant to this Complaint, Collins transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

16.     The alleged debt was for personal, family, or household purposes.

IV.     FACTUAL ALLEGATIONS

17.     Defendant, Douglas R. Burgess, Esq., individually, is an attorney that is not admitted to practice law in the State of Alabama.

18.     Defendant, Office of Douglas R. Burgess, LLC., is a law firm that is not licensed to transact business in the State of Alabama.

19.     Defendants' employee, who identified himself as Mr. Washington (hereinafter, "Washington") has repeatedly telephoned the Plaintiff's residence and place of employment.

20.	During the course of the conversations, the Defendants' employee, Washington, has repeatedly threatened arrest, has threatened to send a Sheriff to Plaintiff's place of employment, has posed as an attorney, and has posed as a law enforcement officer.

21.	Defendants' employee, Washington, has spoken with Plaintiff's Co-Workers and Supervisor regarding Plaintiff's alleged debt.

22.	Upon information or belief, all Defendants have functioned as a single business enterprise.  The Defendants have integrated their resources to achieve a common business purpose, and there has been a blurring of the identities and lines of distinctions between the Defendants.

23.	Upon information or belief, the Defendants functioned as the alter ego of each other.  The Defendants, in their business dealings, operated with unity and the separateness of each entity has ceased to the extent that holding only one entity responsible would be an injustice.

COUNT I - VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

24.	Plaintiff, Ruby Streeter, adopts and incorporates paragraphs 1 through 11 as if fully set out herein.

25.	Defendants have violated the FDCPA including, but not limited to, 15 U.S.C. §§ 1692b; c; d; e; f; or g.

26.	Plaintiff has been damaged as a result of the Defendants' actions.

COUNT II - INVASION OF PRIVACY

27.	Plaintiff, Ruby Streeter, adopts and incorporates paragraphs 1 through 14 as if fully set out herein.

28.	The Defendants undertook a series of telephone calls and communications to the Plaintiff constituting invasions of privacy and an invasion of the right of privacy of the Alabama Plaintiff, as set out and described in the common law of the State of Alabama.  Said

communications were harassing, unreasonable, systematic, continuous in number, and were made in disregard for Plaintiff's right to privacy. Said communications were made to threaten, to force, coerce, harass, frighten, embarrass, and humiliate the Plaintiff into paying a claim, debt, or indebtedness.

29.     The invasions of the right of privacy were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff would prove that the telephone calls and communications were made by various individuals including, but not limited to, the named Defendants and other individuals who held themselves out to be collectors and employees of Defendants, Burgess, and persons and agents acting on behalf of Defendants.

30.     Said communications constitute an unwarranted and wrongful intrusion into Plaintiff's private activities as well as intentional intrusion into the Plaintiff's solitude and seclusion.

31.     The Defendants have committed the acts complained of herein in the State of Alabama. As a proximate consequence of the invasion of the right of Plaintiff's privacy, the Defendants have caused the Plaintiff to suffer wrongful intrusion into the Plaintiff's private activities, great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and/or mental suffering, pain, anguish, and fright.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32.     Plaintiff, Ruby Streeter, adopts and incorporates paragraphs 1 through 20 as if fully set out herein.

33.     As a proximate consequence and result of the invasion of the right of privacy as delineated in Count II and as a result of making the telephone calls and threats, the Defendants' actions were an intentional infliction of emotional distress, willful and intentionally undertaken, knowing that the same were designed to abuse and coerce and create great mental and physical pain and damage. The Plaintiff was caused great mental anguish, physical

anguish, great inconvenience, chagrin, caused to be embarrassed, caused to be made physically sick, caused great loss of sleep, caused to be made ill, weak and sick, and caused to suffer great fear, fright, and intimidation.  The Defendants are a law firm,  individual, or individuals employed by the law firm, and have committed the acts complained of herein in the State of Alabama.

34. As a proximate consequence of the Defendants' intentional infliction of emotional distress, the Defendants have caused the Plaintiff great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, anguish and fright.

## COUNT IV - NEGLIGENT SUPERVISION

35. Plaintiff, Ruby Streeter, adopts and incorporates paragraphs 1 through 23 as if fully set out herein.

36. As a proximate consequence and result of the invasion of privacy and the intentional infliction of emotional distress, as delineated in Counts II and III, the Defendants' actions constitute negligent supervision and training of its personnel hired for the purpose of collecting debts.

37. The Defendants had notice or knowledge, either actual or presumed, of their servants' incompetency or unfitness.  Further, the specific acts of incompetency were of such nature, character, and frequency that Defendants in the exercise of due care must have had notice of such action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ruby Streeter, requests this Honorable Court enter judgment against the Defendants, Office Of Douglas R. Burgess, LLC. and Douglas R. Burgess, Esq., Individually for the following:

   a) Actual damages;

    b)    Punitive damages;

    c)    Maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

and,

    d)    for all other relief that is just.

Respectfully submitted this _15th_ day of October, 2007.

                              BROCK & STOUT

                              /s/ Gary W. Stout
                              Gary W. Stout, Esq.
                              Michael D. Brock, Esq.
                              David G. Poston, Esq.
                              Post Office Drawer 311167
                              Enterprise, Alabama 36330
                              334-393-4357
                              334-393-0026 Facsimile
                              Email: lesley@circlecitylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, herby certify that I have this the 15th day of October, 2007, served a copy of the foregoing upon the Law Office of Douglas R. Burgess, LLC. and Douglas R. Burgess, Esq., Individually, c/o Douglas R. Burgess, Esq., 480 West Ridge Road, 2nd Floor, Rochester, NY 14615, by U. S. Postal Service, postage prepaid.

                              /s/ Gary W. Stout