# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| RUBY STREETER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NUMBER: 1:07-cv-07-WKW** |
| v. | ) | |
| | ) | |
| OFFICE OF DOUGLAS R. BURGESS, | ) | |
| LLC, and DOUGLAS R. BURGESS, | ) | |
| ET AL. | ) | |
| | ) | |
| **Defendants.** | ) | |

## OFFICE OF DOUGLAS R. BURGESS AND DOUGLAS R. BURGESS' ANSWER TO AMENDED COMPLAINT

**COMES NOW** Defendants Office of Douglas R. Burgess, LLC ("Burgess, LLC") and Douglas R. Burgess ("Burgess", together with Burgess, LLC, the "Defendants"), by and through the undersigned counsel of record in the above styled cause of action, pursuant to the Federal Rules of Civil Procedure, and for its answer to Plaintiff's Complaint states and avers as follows:

## RESPONSE TO INDIVIDUAL AVERMENTS

1.    Denied.

2.    Denied.

3.    Denied.

4.    Burgess, LLC and Burgess do not have information or knowledge sufficient to admit or deny the allegations set forth in this paragraph and therefore deny them.

5.    Admit.

6.    Burgess, LLC and Burgess deny that Douglas J. MacKinnon does business at Burgess, LLC.  Burgess, LLC and Burgess lack sufficient information regarding the remainder of the averments in Paragraph 6 and therefore denies them.

7.      Burgess, LLC and Burgess deny that Mark Bohn does business at Burgess, LLC. Burgess, LLC and Burgess lack sufficient information regarding the remainder of the averments in Paragraph 7 and therefore denies them.

8.      Burgess, LLC and Burgess deny that Robert Van De Mark does business at Burgess, LLC. Burgess, LLC and Burgess lack sufficient information regarding the remainder of the averments in Paragraph 8 and therefore denies them.

9.      Burgess, LLC and Burgess deny that Harvey Dennis does business at Burgess, LLC. Burgess, LLC and Burgess lack sufficient information regarding the remainder of the averments in Paragraph 9 and therefore denies them.

10.     Burgess, LLC and Burgess deny that All Debt Traders, Inc. does business at Burgess, LLC. Burgess, LLC and Burgess lack sufficient information regarding the remainder of the averments in Paragraph 10 and therefore denies them.

11.     Burgess, LLC and Burgess deny that First American Investment, LLC does business at Burgess, LLC. Burgess, LLC and Burgess lack sufficient information regarding the remainder of the averments in Paragraph 11 and therefore denies them.

12.     Burgess, LLC and Burgess deny that Account Management Services of North America, LLC does business at Burgess, LLC.  Burgess, LLC and Burgess lack sufficient information regarding the remainder of the averments in Paragraph 12 and therefore denies them.

13.     Burgess, LLC and Burgess deny that Portfolio Partners of Amherst, LLC does business at Burgess, LLC. Burgess, LLC and Burgess lack sufficient information regarding the remainder of the averments in Paragraph 13 and therefore denies them.

14.     Burgess, LLC and Burgess deny that Portfolio Partners and GMK, Inc. does business at Burgess, LLC. Burgess, LLC and Burgess lack sufficient information regarding the remainder of the averments in Paragraph 14 and therefore denies them.

15.     Burgess, LLC and Burgess deny that Collins Law Office, LLC does business at Burgess, LLC.  Burgess, LLC and Burgess lack sufficient information regarding the remainder of the averments in Paragraph 15 and therefore denies them.

16.     Burgess, LLC and Burgess lack sufficient information regarding the averments in Paragraph 16 and therefore denies them.

17.     Admitted.

18.     Admitted.

19.     Burgess, LLC and Burgess lack sufficient information regarding the averments in Paragraph 19 and therefore denies them.

20.     Burgess, LLC and Burgess lack sufficient information regarding the averments in Paragraph 20 and therefore denies them.

21.     Burgess, LLC and Burgess lack sufficient information regarding the averments in Paragraph 21 and therefore denies them.

22.     Denied.

23.     Denied.

**COUNT I – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

24.     Burgess, LLC and Burgess hereby reincorporate and restate the responses to the preceding paragraphs herein as if fully rewritten.

25.     Denied.

26.     Denied.

**COUNT II – INVASION OF PRIVACY**

27.     Burgess, LLC and Burgess hereby reincorporate and restate the responses to the preceding paragraphs herein as if fully rewritten.

28.     Denied.

29.     Denied.

30.    Denied.

31.    Denied.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32.    Burgess, LLC and Burgess hereby reincorporate and restate the responses to the preceding paragraphs herein as if fully rewritten.

33.    Denied.

34.    Denied.

## COUNT IV – NEGLIGENT SUPERVISION

35.    Burgess, LLC and Burgess hereby reincorporate and restate the responses to the preceding paragraphs herein as if fully rewritten.

36.    Denied.

37.    Denied.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without assuming the burden of proof of such defenses that would otherwise rest with plaintiff.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred by the applicable statutes of limitations, or by waiver, estoppel, ratification, release, novation, or laches.

## SECOND AFFIRMATIVE DEFENSE

The Complaint and each count therein fail to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Defendants plead the general issue.

## FOURTH AFFIRMATIVE DEFENSE

Defendants aver that they do not hold any interest in the debt that is the subject of this action.

## FIFTH AFFIRMATIVE DEFENSE

Defendants plead not guilty.

## SIXTH AFFIRMATIVE DEFENSE

Defendants state that personal jurisdiction over them, and subject matter jurisdiction over plaintiffs state law claims, is or may be lacking in this Court.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants state that venue is or may be improper under the facts and law applicable to this action.

## EIGHTH AFFIRMATIVE DEFENSE

An assessment of punitive damages in this action is unconstitutional as to Defendants and as applied to the acts and circumstances in this case in that:

a.      It operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages, without regard for the quality and quantity of culpability of other defendants joined in one action;

b.      It operates to deny to Defendants a fair opportunity to have the jury assess damages based on Defendants' culpability for negligence which cannot be segregated from allegations of negligence against other defendants joined in this action;

c.      In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives Defendants of property without due process of law and contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law;

d.     In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives Defendants of property without due process of law contrary to Article I, Section 6 of the Constitution of the State of Alabama which provides, insofar as are germane, that no person shall be deprived of property except by due process of law.

e.     An award of punitive damages in this case against Defendants would be unconstitutional for the reason that awards of punitive damages are not governed by any specific standards, are not based on rational distinctions, do not serve any legitimate state interest and thereby violate the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of Alabama.

f.     Any demand for punitive damages violates the Sixth Amendment of the United States Constitution in that such claim for punitive damages is a claim that is penal in nature, entitling this Defendant to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

g.     Any demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while Defendants are required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

h.     Any demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty, or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

i.     Any demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on plaintiff is less than the "reasonable doubt" standard required in criminal cases.

B SAD 785368 v3
2910402-000001 5/12/2008

j.     Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty, or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interests.

k.     Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, Section 6, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that the punitive damages claimed are penal in nature, requiring a burden of proof on plaintiff that is less than the "reasonable doubt" standard applicable in a criminal case.

l.     Punitive damage awards in Alabama are not governed by any specific standards, are not based upon rational distinctions, and do not serve any legitimate state interest. Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment of the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

m.     The amount of an award of punitive damages could violate the excessive fines provisions of the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama.

n.     Punitive damages are penal in nature, yet defendants in civil actions are not accorded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth, and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

o.     Plaintiff's claims for punitive damages are barred or limited by the provisions of Code of Alabama § 6-11-20, *et seq.* (1975) and/or any other applicable statutory provision.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the claimed injuries and damages, if any, were not proximately caused by any alleged acts or omissions of Defendants.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including but not limited to the prior, intervening, or superseding conduct of third parties.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she did not sustain any damages as a proximate result of any alleged wrongdoing by Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by her contributory negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable for any acts of its agents and employees committed outside the scope of their agency, employment, or authority.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants have, at no time relevant hereto, acted willfully in their attempts to collect the subject debt.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for relief under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants, at all times relevant hereto, complied fully with the Fair Debt Collection Practices Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Without admitting any violation of the FDCPA or that the conduct alleged in Plaintiff's Complaint occurred, since all such allegations are denied, the alleged conduct was not done intentionally or knowingly to harass, annoy or embarrass and/or was conduct that resulted from a bona fide error.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to the protection of the bona fide error defense which the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(c), provides.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to notify Defendants that she disputes the subject debt, and therefore Defendants were justified in their collection attempts.

## TWENTIETH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants' actions were reasonable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants acted in good faith and with due care and diligence and without malice or intent to injure plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has not suffered any recoverable damages, and Defendants demand strict proof of the damages alleged herein.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be preempted in whole or in part or otherwise limited or precluded by federal law and/or regulations.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred because she has failed to mitigate her alleged damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed or may have failed to join necessary and indispensable parties required for a just adjudication of her claims.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred under the doctrines of unclean hands or *in pari delicto* or both.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants' actions with regard to Plaintiff were neither extreme nor outrageous and did not cause Plaintiff severe emotional distress.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants owe no legal duty or obligation to Plaintiff or did not breach any legal duty or obligation allegedly owed to Plaintiff.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants' supplying of information, if any, was true, privileged, and/or justified.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred under the doctrines of quasi-contract or unjust enrichment or both.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred because Plaintiff lacks standing to bring this action and/or is not the real party in interest.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by her failure to comply with conditions precedent in bringing and maintaining this action.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred under the doctrines of *res judicata* or collateral

estoppel or both.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for relief for respondeat superior, invasion of privacy, or

unreasonable intrusion upon the seclusion of another.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any additional defenses or claims as discovery

proceeds in this action.

       s/Fern H. Singer
FERN H. SINGER
STACEY A. DAVIS
Attorneys for Defendants
Office of Douglas R. Burgess, LLC and
Douglas R. Burgess

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, PC
Wachovia Tower
420 North 20th Street, Suite 1600
Birmingham, Alabama  35203-5202
(205) 244-3800 (Phone)
(205) 488-3800 (Facsimile)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon the
following counsel of record via e-filing on this the 14th day of May, 2008:

Gary Wyatt Stout
Michael D. Brock
David G. Poston
Brock & Stout
PO Drawer 311167
Enterprise, AL 36331-1167

       s/Fern H. Singer
OF COUNSEL