IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBY STREETER, | ) |
| PLAINTIFF, | ) ) ) |
| VS. | ) CASE NO.: 1:07cv97-WKW |
| OFFICE OF DOUGLAS R. BURGESS, LLC, ET AL., | ) ) ) |
| DEFENDANTS. | ) |

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

COMES NOW the Defendant, Robert Van De Mark, by and through his undersigned counsel, solely for the purpose of contesting the Court's jurisdiction over him, and without in any manner subjecting himself to the jurisdiction of the Court, and files herewith this *Motion to Dismiss for Lack of Personal Jurisdiction* pursuant to Rule 12(b) of the *Federal Rules of Civil Procedure*.

1. The Plaintiff's Complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), as well as various state law tort theories, based on the "Defendant's" attempts to collect a debt from the Plaintiff. (Complaint of Plaintiff). The Plaintiff further alleges that each of the Defendants functioned as alter egos of the other and presumably seeks to impose liability on every Defendant for the acts of the other.

2. However, neither Robert Van De Mark nor any employee, agent or representative of his, ever spoke to the Plaintiff, had any contact with her whatsoever, or attempted to collect a debt from her in Alabama or anywhere else.

3. Although the Plaintiff alleges in her Complaint that Robert Van De Mark transacted business in the Middle District of Alabama, that is not correct. Mr. Van De Mark is a New York resident and has been at all times relevant to this dispute. He has never done business of any kind either individually or by agent in Alabama. He has certainly never attempted to collect a debt in Alabama and is not licensed to do so.

4. Mr. Van De Mark has never maintained an office in Alabama, employed anyone in Alabama nor owned any property in Alabama. (Affidavit of Robert Van De Mark).

5. Mr. Van De Mark is not affiliated in any way with the other Defendants in this case. Although he was once a partner in a business with Defendants MacKinnon and Bohn, that relationship ended on or about July 18, 2003 and he has had no relationship with them since that time.

6. When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) of the *Federal Rules of Civil Procedure* requires that both assertion of jurisdiction and

service of process be determined by the state's long-arm statute. <u>Cable/Home Commc'n Corp. v. Network Prods., Inc.</u>, 902 F. 2d 829, 855 (11th Cir. 1990).

7. Jurisdiction in this case is based on federal question as an action brought pursuant to the FDCPA. The FDCPA does not provide for service of process. *See* <u>LeBlanc v. NCO Financial Systems, Inc.</u>, 2008 WL 879428*2 *n.*15 (M.D. Fla. 2008); <u>Krambeer v. Eisenberg</u>, 923 F.Supp. 1170, 1173 (D.Minn. 1996).

8. Thus, in order for the Plaintiff to proceed against Robert Van De Mark in this Court, she must satisfy the jurisdictional prerequisites of Alabama's long-arm statute found at *Ala.R.Civ.P.* 4.2(b), as amended on August 1, 2004[1]. A person or entity is subject to jurisdiction under Rule 4.2(b) when that "person or entity has such contacts with the State that the prosecution of the action against the person or entity in this State is not inconsistent with the Constitution of this State or the Constitution of the United States." *Ala.R.Civ.P.* 4.2(b).

9. It has been stated that the standard of Rule 4.2(b) is simply a restatement of the current definition of the federal minimum contacts

---

[1] Rule 4.2(b) now embodies the "catchall" clause that was found in subparagraph I of the original Rule 4.2. The structure of Rule 4.2 included a laundry list of types of conduct that would subject an out-of-state defendant to personal jurisdiction in Alabama, as well as the "catchall" clause now contained in the new 4.2(b).

standard established by International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny. *See* (Committee Comments regarding subparagraph I [the catchall provision] of the original Rule 4.2).

10. Physical presence in Alabama is not a prerequisite to personal jurisdiction over a nonresident. Ex parte Unitrin, 920 So. 2d 557, 560 (Ala. 2005). "What is required, however, is that the defendant have such contacts with Alabama that it should reasonably anticipate being haled into court here." *Id.*

11. Depending on the quality and quantity of the contacts, jurisdiction may either be general or specific. Id. "General jurisdiction applies where a defendant's activities in the forum state are 'substantial' or 'continuous and systematic', regardless of whether those activities gave rise to the lawsuit." On the other hand, a court has specific jurisdiction when a defendant has had few contacts with the forum state, but those contacts gave rise to the lawsuit. Id. at 561.

12. Regardless of whether jurisdiction is alleged to be specific or general, the nexus between the defendant and the forum state must arise out of "an action of the defendant that was purposefully directed toward the forum state." Id. "This purposeful-availment requirement assures that a

defendant will not be haled into a jurisdiction as a result of the unilateral activity of another person or a third person." Id.

12. Mr. Van De Mark's affidavit establishes that he does not have the kind of substantial, continuous or systematic contacts with the State that give rise to general jurisdiction. He has never conducted business or attempted to collect a debt in Alabama personally, by agent or as an alter ego or in affiliation with any other Defendant. Nor has he had any other contacts with Alabama such that he would reasonably anticipate being haled into court here. (Affidavit of Robert Van De Mark).

13. Mr. Van De Mark also lacks the types of contacts relevant to the allegations in Plaintiff's Complaint that might give rise to specific jurisdiction. Mr. Van De Mark has never spoken to nor had any contact with the Plaintiff. Neither he nor any agent, employee or representative of his ever attempted to collect a debt from the Plaintiff. In short, Robert Van De Mark has never purposefully directed any action toward Alabama that has anything whatsoever to do with this lawsuit.

14. Once a Defendant makes a *prima facie* evidentiary showing that the court has no personal jurisdiction with the use of affidavits, documents or other evidence, the burden shifts to the plaintiff to prove her jurisdictional allegations by competent proof and may not merely reiterate the factual

allegations in the complaint. <u>Sculptchair, Inc. v. Century Arts, Ltd.</u>, 94 F.3d 623, 626 (11th Cir. 1996); <u>Mercantile Capital, L.P. v. Federal Transtel, Inc.</u>, 193 F. Supp. 2d 1243, 1247 (N.D. Ala. 2002).

15.   Robert Van De Mark respectfully submits that his affidavit and the exhibits thereto establish that he could not have done the acts attributed to him as one of the "Defendants" in the Complaint, that he had no contacts with Alabama or this Plaintiff, that he has been erroneously and improperly added to this lawsuit and that it violates traditional notions of fair play and substantial justice for this Court to exercise jurisdiction over him.

WHEREFORE, based upon the foregoing, Robert Van De Mark prays that this Court will issue an order granting his *Motion to Dismiss for Lack of Personal Jurisdiction*.

Respectfully submitted,

LEE & McINISH, P.C.

_____
WILLIAM W. NICHOLS (NIC027)
wnichols@leeandmcinish.com

_____
WILLIAM C. CARN, III (CAR043)
wcarn@leeandmcinish.com

OF COUNSEL:
LEE & McINISH, P.C.
*Attorneys for Defendant*
*Robert Van De Mark*
Post Office Box 1665
Dothan, Alabama 36302
Telephone (334) 792-4156
Facsimile (334) 794-8342

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Gary W. Stout, Esq.; Michael D. Brock, Esq.; and David G. Poston, Esq.; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Law Office of Douglas R. Burgess, LLC
Douglas R. Burgess, Esq.
480 West Ridge Road
2nd Floor
Rochester, New York 14615

Dated this the 23 day of May, 2008.

_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBY STREETER, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CASE NO.: 1:07cv97-WKW |
| ) | |
| OFFICE OF DOUGLAS R. ) | |
| BURGESS, LLC, ET AL., ) | |
| ) | |
| DEFENDANTS. ) | |

### AFFIDAVIT OF ROBERT VAN DE MARK

Before me, the undersigned authority, personally appeared Robert Van De Mark, who being first duly sworn, depose and say as follows:

1. My name is Robert Van De Mark. I am over the age of nineteen (19) years and have personal knowledge of the facts and matters set forth in this affidavit. Further, I know that the affidavit will be used in support of a Motion to Dismiss in the above case, which is presently pending in the United States District for the Middle District of Alabama.

2. I am an individual who resides and conducts business in the State of New York.

3. In response to the allegations contained within Paragraph 3 of the Amended Complaint, I do not, nor have I ever, transacted business of any nature individually or by agent within the State of Alabama.

4. In response to the first allegation contained within Paragraph 8 of the Amended Complaint, I do not, nor have I ever, had an address of 100 Linden Oaks, Suite 202, Rochester, New York 14625.

5. In response to the second allegation contained within Paragraph 8 of the Amended Complaint, I do not, nor have I ever, conducted business as Burgess Law Office. In fact, I have had absolutely no business dealings with Burgess Law Office whatsoever.

6. In response to the third allegation contained within Paragraph 8 of the Amended Complaint, I do not, nor have I ever, transacted business of any nature within the entire State of Alabama.

7. In response to the allegations contained within Paragraph 22 of the Amended Complaint, I do not, nor have I ever, functioned as a single business enterprise with the Defendants named in this action.

8. In response to the allegations contained within Paragraph 23 of the Amended Complaint, I do not, nor have I ever, functioned as an alter ego with the Defendants named in this action.

9. I do not, nor have I ever had any business dealings or conducted any business transactions within the State of Alabama. I do not, nor have I ever had any business dealings with the Defendant Burgess Law Office.

10. I have never spoken to nor had any contact whatsoever with the Plaintiff.

11. Neither I nor any agent, employee or representative of mine has ever contacted the Plaintiff or attempted to collect any debt from the Plaintiff.

12. Neither I nor any agent, employee or representative of mine has ever attempted to collect a debt in Alabama. I own no property or offices in Alabama. I do not and have not solicited or conducted business of any nature in Alabama.

13. I am not affiliated in any way with any of the Defendants in this case. I was once a partner in a business with Defendants MacKinnon and Bohn. However, on or about July 18, 2003, I ended my partnership with these two Defendants and have had no affiliation with them since that time.

14. I have no contacts with Alabama or the matters about which Plaintiff complains such that I reasonably anticipated being sued in Alabama and haled into court here.

ROBERT VAN DE MARK

STATE OF NEW YORK     )
                      )
COUNTY OF ERIE        )

    I, the undersigned authority, a Notary Public in and for said County in said State, hereby certify that **Robert Van De Mark,** whose name is signed to the foregoing *Affidavit,* and who is known to me, acknowledged before me on this day, that, being informed of the contents of this conveyance, he executed the same voluntarily on the date the same bears date.

    Given under my hand and official seal this 21st day of May, 2008.

_____
Notary Public

March 19, 2011
_____
My Commission Expires

```
ANNEMARIE E. STEWARD
Notary Public  State of New York
No. 02ST6162882
Qualified in Erie County
My Comm. Expires March 19, 2011
```