IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br>RUBY STREETER,<br><br>    PLAINTIFF,<br><br>vs.<br><br>OFFICE OF DOUGLAS R. BURGESS, LLC.,<br>DOUGLAS R. BURGESS, ESQ. individually;<br>DOUGLAS J.MACKINNON, individually and<br>d/b/a Burgess Law Office; MARK BOHN,<br>individually and d/b/a Burgess Law Office;<br>ROBERT VAN DE MARK, individually and<br>d/b/a Burgess Law Office; HARVEY DENNIS,<br>individually and d/b/a Burgess Law Office;<br>ALL DEBT TRADERS, INC. in its Corporate<br>capacity and d/b/a Burgess Law Office;<br>FIRST AMERICAN INVESTMENT, LLC, in its<br>corporate capacity and d/b/a Burgess Law<br>Office; ACCOUNT MANAGEMENT SERVICES<br>OF NORTH AMERICA, LLC, in its corporate<br>capacity and d/b/a    Burgess Law Office;<br>PORTFOLIO PARTNERS OF AMHERST, LLC,<br>in its corporate capacity and d/b/a Burgess<br>Law Office;  GMK, INC., in its corporate<br>capacity and d/b/a Burgess Law Office;<br>COLLINS LAW OFFICES, LLC, in its corporate<br>capacity and d/b/a Burgess Law Office.<br><br>    DEFENDANTS. | CASE NUMBER: 1:07-cv-97-WKW |

**PLAINTIFF'S MOTION TO ALLOW DISCOVERY REGARDING JURISDICTION AND REQUEST FOR EXTENSION OF BRIEFING SCHEDULE PENDING COMPLETITION OF DISCOVERY**

COMES NOW, the Plaintiff Ruby Streeter, by and through the undersigned attorney, and moves this Honorable Court to allow discovery in this matter pursuant to Federal Rule of Civil Procedure 26(d)(2). The Plaintiff seeks a Court Order permitting her to depose Defendants [Robert Van De Mark (hereinafter, "Van De Mark"), Douglas J. MacKinnnon (hereinafter,"MacKinnon") and Douglas R. Burgess (hereinafter, "Burgess")] to determine the extent which this Court has Personal

Jurisdiction over Douglas J. MacKinnon and Robert Van De Mark. As grounds for this Motion, the Plaintiff states as follows:

1.     On February 1, 2007 the Plaintiff filed the above-styled action asserting violation of the Fair Debt Collection Practice Act (hereinafter, "FDCPA") and various supplemental state law claims.

2.     On June 16, 2007 this Honorable Court entered an Order Setting Trial Date and Scheduling Order. The first discovery cutoff was set for November 23, 2007.

3.     During the first discovery period, counsel for the Plaintiff and counsel for Burgess agreed that the Plaintiff's attorney would travel to Rochester, New York to depose Douglas R. Burgess. The deposition was scheduled for October 12, 2007. After the close of business, on October 10, 2007, the Defendant unilaterally cancelled Burgess' deposition by facsimile notice to Plaintiff's counsel. In the early morning hours of October 11, 2007, Plaintiff's counsel learned of the cancellation as he arrived at the Montgomery, Alabama, Airport on to catch a flight to New York for the Burgess Deposition.

4.     Prior to the scheduled Deposition, Plaintiff's Counsel spent almost two working days preparing for the deposition and investigating the multiple Defendants involvement in the debt collection scheme. Plaintiff's counsel was fully prepared to question Burgess about the other Defendant's involvement.

5.     Because Burgess cancelled the scheduled Deposition, Plaintiff's Counsel was unable to question Burgess regarding the other Defendants involvement in the debt collection scheme.

6.     Without the benefit of deposing Burgess regarding the debt collection scheme, the Plaintiff filed a Motion to Amend her Complaint on October 15, 2007, to include additional parties including Douglas J. MacKinnon and Robert Van De Mark.

7.     On February 21, 2008, this Honorable Court granted Plaintiff's Motion to Amend Complaint.

8.  On February 28, 2008, Plaintiff perfected service on Douglas J. MacKinnon.

9.  On April 23, 2008, Plaintiff perfected service on Robert Van De Mark.

10. On May 21, 2008, prior to filing an answer in this case, Douglas J. MacKinnon filed a Motion to Dismiss for Lack of Personal Jurisdiction.

11. On May 23, 2008 without filing an answer to Plaintiff's Complaint Defendant Robert Van De Mark also filed a Motion to Dismiss for Lack of Personal Jurisdiction.

12. The Plaintiff has never had the opportunity to conduct discovery upon either Douglas J. MacKinnon or Robert Van De Mark.

13. The Plaintiff's attempted deposition of Douglas R. Burgess was in part to ascertain the involvement of various other parties. Due to the unilateral cancellation of that deposition the Plaintiff was unable to discover this relevant information.

14. Limited discovery involving the deposition of these three Defendants would allow the Plaintiff to ascertain information pertaining to the jurisdictional issues raised by Douglas J. MacKinnon and Robert Van De Mark.

15. The Eleventh Circuit Court of Appeals held that the Cistrict Court has wide discretion in allowing discovery pertaining to jurisdiction. See Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 731 (11th Cir. Fla.1982)("Plaintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction. As we said in Blanco, 'the rules entitle a plaintiff to elicit material through discovery before a claim may be dismissed for lack of jurisdiction.'" (citing) Blanco v. Carigulf Lines, 632 F.2d 656, 658 (5th Cir. Ala. 1980)).

16. Without so much as a whisper Douglas J. MacKinnon filed a Motion to Dismiss for Lack of Personal Jurisdiction.

17. The Motion to Dismiss for Lack of Personal Jurisdiction was the first contact between Douglas J. MacKinnon and the Plaintiff.

18. The Plaintiff should be permitted to depose Douglas J. MacKinnon, Douglas R. Burgess and Robert Van De Mark to determine the relationship between the parties and the grounds permitting this Honorable Court to exercise personal jurisdiction.

19. The Plaintiff is also prejudiced by a briefing schedule to refute Defendant's allegation for lack of personal jurisdiction when no discovery had been conducted as to Defendants Robert Van De Mark and Douglas J. MacKinnon.

WHEREFORE, the Plaintiff moves this Honorable Court for the following relief:

a. ORDER Defendants Douglas R. Burgess, Douglas J. MacKinnon and Robert Van De Mark to avail themselves to depositions;

b. Permit the Plaintiff to serve discovery on Defendants Douglas R. Burgess, Douglas J. MacKinnon and Robert Van De Mark;

c. Extend the Briefing Schedule currently set forth in the Court's Briefing Order dated May 27, 2008; and

d. For all other relief that this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED this 2nd day of June, 2008.

David G. Poston, Esq.
Gary W. Stout, Esq.
Michael D. Brock, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-393-4357
334-393-0026 Facsimile
Email: lesley@circlecitylaw.com

CERTIFICATE OF SERVICE

I, the undersigned, herby certify that I have this the 2nd day of June, 2008, served a copy of the foregoing upon Fern H. Singer, Esq., Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., 720 North 20th Street, Suite 1600, Birmingham, AL 35203-5202, by U.S. Postal Service, postage prepaid, or by electronic mail.

David G. Poston, Esq.
Gary W. Stout, Esq.
Michael D. Brock, Esq.