IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBY STREETER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07-cv-0097-WKW |
| | ) |
| OFFICE of DOUGLAS R. BURGESS, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### **ORDER**

This case is currently before the court on Plaintiff's Motion to Allow Discovery Regarding Jurisdiction and Request for Extension of Briefing Schedule Pending Completion of Discovery (Doc. # 87). There are currently two motions to dismiss for lack of personal jurisdiction pending. (*See* Docs. # 83, 85.) The Plaintiff seeks an extension of time to conduct jurisdictional discovery.

The Eleventh Circuit has recognized a qualified right to jurisdictional discovery. *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729-31 (11th Cir. 1982). Under the Federal Rules of Civil Procedure, parties can conduct discovery about jurisdictional matters: "Parties may obtain discovery **regarding any nonpriviliged matter**." Fed. R. Civ. P. 26(b)(1); *see also Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 n.13 (U.S. 1978) (holding that "where issues arise as to jurisdiction or venue, discovery is available to ascertain facts bearing on such issues").

In *Eaton*, the court acknowledged that jurisdictional discovery is "not entirely discretionary." *Id.* at 729. The Eleventh Circuit allowed discovery when the plaintiffs had served requests for production before a motion to dismiss was ruled on. *Id.* at 729-31; *see also Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (affirming denial of jurisdictional discovery when plaintiffs waited several months after motion to dismiss was filed to request discovery).

Here, the Plaintiff has been timely in seeking discovery. She filed the present motion within two weeks of the defendants filing their motions to dismiss. The court will allow discovery with limits.

It is ORDERED that:

1. Plaintiff's Motion to Allow Discovery Regarding Jurisdiction and Request for Extension of Briefing Schedule Pending Completion of Discovery (Doc. # 87) is GRANTED; initial discovery to and of defendants Douglas J. MacKinnon and Robert Van De Mark shall be limited to jurisdictional facts, including such facts relating to the underlying causes of action that may have bearing on jurisdictional issues;

2. Plaintiff may serve written discovery on Defendants Douglas R. Burgess, Douglas J. MacKinnon, and Robert Van De Mark;

3. Plaintiff may conduct telephonic depositions of Defendants Douglas J. MacKinnon and Robert Van De Mark. These depositions are limited to two hours each, unless extended by court order for good cause shown;

4.  Plaintiff may depose Defendant Douglas R. Burgess prior to responding to the motions to dismiss, subject to Judge Coody's June 4, 2008 Order (Doc. # 89);

5.  The deadlines (Doc. # 86) for Plaintiff's response to the motions to dismiss, and the defendants' replies are CONTINUED generally;

6.  The Plaintiff shall FILE a report with the court **on or before July 21, 2008**, detailing the progress of discovery. At that time the court will reset the deadlines for the motions to dismiss.

DONE this 11th day of June, 2008.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE