IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

RUBY STREETER, )
)
   Plaintiff, )
)
vs. ) Case No.: 1:07-cv-97-WKW
)
OFFICE OF DOUGLAS R. BURGESS, )
LLC, et al. )
)
   Defendants. )

## MOTION TO DISMISS OF PORTFOLIO PARTNERS & GMK, INC.

      Comes now one of the defendants, Portfolio Partners & GMK, Inc., and for the limited purpose of appearing so as to contest personal jurisdiction in this matter under Rule 12(b)(2) of the Federal Rules of Civil Procedure, hereby moves this Court to dismiss the claims against it on the following grounds:

      1.    This case involves allegations by Plaintiff of improper debt collection. Plaintiff' Complaint includes claims under the Fair Debt Collections Practices Act and various state tort actions. Plaintiff's claims are against the Defendants collectively without any specific allegations as to any improper conduct of Portfolio Partners & GMK. Portfolio Partners & GMK is due to be dismissed as the Court lacks personal jurisdiction over it.

2.      Portfolio Partners & GMK has never transacted business in the State of Alabama, nor has it negotiated or entered into any contracts in Alabama. (Affidavit of Michael D. Kowalick, attached as Exhibit A, ¶ 3).

3.      Portfolio Partners & GMK is not in the business of debt collecting and has never attempted to collect any debt in Alabama. (Aff. of Kowalick, ¶ 4).

4.      Portfolio Partners & GMK has never had any contact of any kind with the plaintiff and has never sought to collect any debt from the plaintiff. (Aff. of Kowalick, ¶ 5).

5.      Portfolio Partners & GMK does not do business as the Burgess Law Office as alleged in the Complaint. Furthermore, Portfolio Partners & GMK functions as its own enterprise and does not function as a single enterprise with the other defendants. (Aff. of Kowalick, ¶ 6).

6.      When a defendant challenges personal jurisdiction, the plaintiff has the twin burdens of establishing that personal jurisdiction comports with (1) the forum state's long-arm provision and (2) the requirements of the due process clause of the Fourteenth Amendment to the United States Constitution.[1] *See Olivier v. Merritt Dredging Co.*, 979 F.2d 827, 830 (11th Cir. 1992), *cert. denied*, 507 U.S. 983 (1993).

7.      Rule 4.2(b) of the Alabama Rules of Civil Procedure, Alabama's long-arm provision, authorizes the assertion of personal jurisdiction to the limits of the United

---

[1] In meeting these burdens Plaintiff "must present more than conclusory statements" to show personal jurisdiction. *Berry v. Salter*, 179 F.Supp.2d 1345, 1347-48 (M.D. Ala. 2001).

States Constitution. *See* ALA.R.CIV.P. 4.2(b).[2] Thus, Plaintiff's burden requires proof that personal jurisdiction over Portfolio Partners & GMK meets the requirements of federal due process. *See Olivier*, 979 F.2d at 830; *Butler*, 83 F. Supp. 2d at 1264.

8.     Due process requires: (1) that the defendant have "certain minimum contacts" with the forum state, and (2) if such minimum contacts exist, that the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Burnham v. Superior Crt. of California, County of Marin*, 495 U.S. 604, 618 (1990) (quoting *International Shoe Co. v. State of Washington, Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)); *see also SEC v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997); *South Alabama Pigs, LLC v. Farmer Feeders, Inc.*, 305 F. Supp. 2d 1252 (M.D. Ala. 2004).

9.     "Two types of contacts can form a basis for personal jurisdiction: general contacts and specific contacts. General contacts, which give rise to general personal jurisdiction, consist of the defendant's contacts with the forum state that are unrelated to the cause of action and that are both 'continuous and systematic'." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 9, 415, (1984) (citations omitted). To establish general jurisdiction, the contacts must be sufficiently "substantial" and "continuous and systematic." *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 446-447 (1952).

---

[2]     Rule 4.2(b) states in relevant part: "An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States...."

{B0866323}

10. Specific contacts giving rise to specific jurisdiction consist of the defendant's contacts with the forum state that are related to the cause of action. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-75 (1985). Any specific contacts related to the cause of action upon which the plaintiff relies to confer jurisdiction must rise to such a level as to cause the defendant to anticipate being haled into court in the forum state. *See id.*

11. Portfolio Partners & GMK has no contacts with Alabama, much less the systematic and continuous contacts necessary to establish general jurisdiction. Portfolio Partners & GMK has never transacted business in Alabama, entered into contracts in Alabama, or negotiated contracts in Alabama. Portfolio Partners & GMK does not collect debt and has never done so in Alabama.

12. Portfolio Partners & GMK also lacks any specific contacts related to this action and therefore specific jurisdiction cannot be established. Portfolio Partners & GMK has never had any contact with Plaintiff and has never attempted to collect any debt from her.

Respectfully submitted,

s/Blake D. Andrews
Blake D. Andrews (ASB-7059-W72B)
Starnes & Atchison LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099
E-mail: bda@starneslaw.com

{B0866323}

## CERTIFICATE OF SERVICE

I do hereby certify that on June 27, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

cc:
Gary W. Stout, Esq.
Michael D. Brock, Esq.
David G. Poston, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330

Fern H. Singer
Baker Donelson Bearman Caldwell
 & Berkowitz PC
1600 South Trust Tower
420 North 20th Street
Birmingham, AL  35203-5202

Stacey A. Davis
Baker Donelson Bearman Caldwell
 & Berkowitz PC
420 20th Street North
Wachovia Tower, Suite 1600
Birmingham, AL  35203

William Carlisle Carn, III
William Wayne Nichols
Lee & McInish
P.O. Box 1665
Dothan, AL  36302-1665

                                                     s/Blake D. Andrews

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

RUBY STREETER, )
)
   Plaintiff, )
)
vs. ) Case No.: 1:07-cv-97-WKW
)
OFFICE OF DOUGLAS R. BURGESS, )
LLC, et al. )
)
   Defendants. )

### AFFIDAVIT OF MICHAEL D. KOWALICK

STATE OF NEW YORK )
ERIE COUNTY )

   1.   My name is Michael D. Kowalick. I am over the age of nineteen and have first hand knowledge of the facts set forth herein.

   2.   I am the President of Portfolio Partners & GMK, Inc.

   3.   Portfolio Partners & GMK has never transacted business in the State of Alabama, nor has it negotiated or entered into any contracts in Alabama.

   4.   Portfolio Partners & GMK is not in the business of debt collecting and has never attempted to collect any debt in Alabama.

   5.   Portfolio Partners & GMK has never had any contact of any kind with the plaintiff and has never sought to collect any debt from the plaintiff.

{B0866243}



EXHIBIT
A

6. Portfolio Partners & GMK does not do business as the Burgess Law Office. Furthermore, Portfolio Partners & GMK functions as its own enterprise and does not function as a single enterprise with the other defendants.

_____
Michael D. Kowalick

Sworn to and subscribed before me, Notary Public, on this 27th day of _____June_____, 2008.

_____
Notary Public

DONNA L. MILLS
NOTARY PUBLIC, STATE OF NEW YORK
COUNTY OF ERIE
MY COMMISSION EXPIRES NOV. 17, 2009

{B0866243}