IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RUBY STREETER, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NUMBER: 1:07-cv-97-WKW |
| vs. | ) | |
| | ) | |
| **OFFICE OF DOUGLAS R. BURGESS, LLC.,** | ) | JURY DEMAND |
| **LAW OFFICE OF DOUGLAS R. BURGESS,** | ) | |
| **LLC., DOUGLAS R. BURGESS, ESQ**. | ) | |
| individually; **DOUGLAS J. MACKINNON**, | ) | |
| individually and as an alter ego of and/or in | ) | |
| conspiracy with Office of Douglas R. Burgess, | ) | |
| LLC., and/or Law Office of Douglas R. Burgess, | ) | |
| LLC., and/or Douglas R. Burgess individually; | ) | |
| **MARK BOHN**, individually and as an alter ego | ) | |
| of and/or in conspiracy with Office of Douglas | ) | |
| R. Burgess, LLC., and/or Law Office of Douglas | ) | |
| R. Burgess, LLC., and/or Douglas R. Burgess | ) | |
| individually; **HARVEY DENNIS**, individually and | ) | |
| as an alter ego of and/or in conspiracy with | ) | |
| Office of Douglas R. Burgess, LLC., and/or Law | ) | |
| Office of Douglas R. Burgess, LLC., and/or | ) | |
| Douglas R. Burgess individually; **ALL DEBT** | ) | |
| **TRADERS, INC**. in its Corporate capacity and | ) | |
| as an alter ego of and/or in conspiracy with | ) | |
| Office of Douglas R. Burgess, LLC., and/or Law | ) | |
| Office of Douglas R. Burgess, LLC., and/or | ) | |
| Douglas R. Burgess individually; **FIRST** | ) | |
| **AMERICAN INVESTMENT COMPANY, LLC**, in | ) | |
| its corporate capacity and as an alter ego of | ) | |
| and/or in conspiracy with Office of Douglas R. | ) | |
| Burgess, LLC., and/or Douglas R. Burgess | ) | |
| individually; and/or Law Office of Douglas R. | ) | |
| Burgess, LLC.; **FA HOLDINGS COMPANY,** | ) | |
| **LLC**, in its corporate capacity and as an alter | ) | |
| ego of and/or in conspiracy with Office of | ) | |
| Douglas R. Burgess, LLC., and/or Douglas R. | ) | |
| Burgess individually; and/or Law Office of | ) | |
| Douglas R. Burgess, LLC.; **UNISTATES CREDIT** | ) | |
| **AGENCY, LLC**, in its Corporate capacity and as | ) | |
| an alter ego of and/or in conspiracy with Office | ) | |
| of Douglas R. Burgess, LLC., and/or Law Office | ) | |
| of Douglas R. Burgess, LLC., and/or Douglas R. | | |
| Burgess individually; | | |

| | |
|---|---|
| **ACCOUNT MANAGEMENT SERVICES OF NORTH AMERICA, LLC**, in its corporate capacity and as an alter ego of and/or in conspiracy with Office of Douglas R. Burgess, LLC., and/or Law Office of Douglas R. Burgess, LLC., and/or Douglas R. Burgess individually; **ACCOUNT MANAGEMENT SERVICES, LLC**, in its corporate capacity and as an alter ego of and/or in conspiracy with Office of Douglas R. Burgess, LLC., and/or Law Office of Douglas R. Burgess, LLC., and/or Douglas R. Burgess individually; **PORTFOLIO PARTNERS OF AMHERST, LLC**, in its corporate capacity and as an alter ego of and/or in conspiracy with Office of Douglas R. Burgess, LLC., and/or Law Office of Douglas R. Burgess, LLC., and/or Douglas R. Burgess individually; **PORTFOLIO PARTNERS & GMK, INC.**, in its corporate capacity and as an alter ego of and/or in conspiracy with Office of Douglas R. Burgess, LLC., and/or Law Office of Douglas R. Burgess, LLC., and/or Douglas R. Burgess individually; **COLLINS LAW OFFICES, LLC**, in its corporate capacity and as an alter ego of and/or in conspiracy with Office of Douglas R. Burgess, LLC., and/or Law Office of Douglas R. Burgess, LLC., Douglas R. Burgess individually;<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **AMENDED COMPLAINT**

I. INTRODUCTION

1.　　This Complaint seeks actual, statutory, and punitive damages by the Plaintiff, Ruby Streeter, against the following Defendants:

　　　a.　　Office Of Douglas R. Burgess, LLC;
　　　b.　　Law Office of Douglas R. Burgess, LLC;
　　　c.　　Douglas R. Burgess, Esq., individually;
　　　d.　　Douglas J. MacKinnon, individually;
　　　e.　　Mark Bohn, individually;
　　　f.　　Harvey Dennis, individually;
　　　g.　　All Debt Traders, Inc.;
　　　h.　　First American Investment Company, LLC.;
　　　i.　　FA Holdings Group, LLC
　　　j.　　Unistates Credit Agency, LLC.;
　　　k.　　Account Management Services of North America, LLC.;
　　　l.　　Account Management Services, LLC
　　　m.　　Portfolio Partners of Amherst, LLC.;
　　　n.　　Portfolio Partners & GMK, Inc.; and,
　　　o.　　Collins Law Offices, LLC.

2.  Upon information or belief, Plaintiff asserts that the Defendants operate a debt collection enterprise and scheme from the State of New York.

3.  Upon information or belief, Plaintiff further asserts that all Defendants have functioned as a single business enterprise. The Defendants have integrated their resources to achieve a common business purpose, and there has been a blurring of the identities and lines of distinction between the Defendants.

4.  Upon information or belief, individual Defendants, Douglas J. MacKinnon and Mark Bohn, are persons exercising dominion, control, and authority over the debt collection enterprise.

5.  Upon information or belief, the Defendants have acted in conspiracy with one another individually or corporately to carry on a debt collection enterprise using illegal tactics including, but not limited to: Fear, intimidation, false threats of criminal prosecution, and/or false threats of arrest.

6.  Upon information or belief, the Defendants have combined and conspired to injure the Plaintiff through illegal debt collection tactics consisting of fear, intimidation, false threats of arrest, false threats of criminal prosecution, and falsely representing themselves as law enforcement.

7.  Upon information or belief, during the illegal debt collection activity directed toward the Plaintiff, one or more of the Defendants have acted as Master of one or more of the Defendants.

8.  Upon information or belief, during the commission of the illegal debt collection activity directed toward the Plaintiff, one or more of the Defendants has acted as agent for one or more of the Defendants.

## II.  JURISDICTION AND VENUE

9.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

10. Based on the conspiracy to carry out illegal debt collection efforts in the Middle District of Alabama, minimum contacts exist for the Court to exercise personal jurisdiction over all Defendants.

11. Venue in this district is proper in that the Defendants regularly transact business here and the conduct complained of occurred here.

## III.  PARTIES

12. Plaintiff, Ruby Streeter, is a natural person residing in Dale County, Alabama.

13. Defendants, Office Of Douglas R. Burgess, LLC and Law Office of Douglas R. Burgess, LLC (hereinafter, "Burgess Companies") are New York Limited Liability Companies believed to exist under the laws of the State of New York. The Burgess Companies regularly attempt to collect consumer debts alleged to be due another. The Burgess Companies are debt collectors as defined by the FDCPA pursuant to 15 U.S.C. § 1692a(6). The Burgess Companies' principal place of business is located at 480 Ridge Road West, 2nd Floor, Rochester, New York 14615.

14. Defendant, Douglas R. Burgess, Esq. (hereinafter "Burgess"), individually, is a New York attorney engaged in the collection of debts from consumers using the mail and telephone. Burgess regularly attempts to collect consumer debts alleged to be due another. Burgess is a debt collector as defined by the FDCPA pursuant to 15 U.S.C. § 1692a(6). The Defendant's principal place of business is located at 480 Ridge Road West, 2nd Floor, Rochester, New York 14615.

15. Defendant, Douglas J. MacKinnon (hereinafter "MacKinnon"), is an individual New York resident having an address at 6225 Countryside Court, Clarence, New York 14032. Upon information or belief MacKinnon is an alter ego of and/or a co-conspirator with Burgess Companies, and/or Burgess, individually. Upon information or belief, at all times relevant to this Complaint, Defendant MacKinnon has conspired with or has exercised dominion, control, and authority over the debt collection enterprise. Said debt collection enterprise has transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

16. Defendant, Mark Bohn (hereinafter "Bohn"), is an individual New York resident. Upon information or belief, Bohn is an alter ego of and/or a co-conspirator with Burgess Companies, and/or Burgess, individually. Upon information or belief, at all times relevant to this Complaint, Defendant Bohn has conspired with or has exercised dominion, control, and authority over the debt collection enterprise. Said debt collection enterprise has transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

17. Defendant, Harvey Dennis (hereinafter "Dennis"), is an individual New York resident. Upon information or belief, Dennis is an alter ego of and/or a co-conspirator with Burgess Companies, and/or Burgess, individually. Upon information or belief, at all times relevant to this Complaint, Defendant Dennis has acted has exercised dominion, control, and authority over the debt collection enterprise. Said debt collection enterprise has transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

18. Defendant, All Debt Traders, Inc. (hereinafter "All Debt"), is a New York corporation. Upon information or belief All Debt is an alter ego of the individual Defendants and/or a co-conspirator with Burgess Companies, and/or Burgess, individually. Upon information or belief, All Debt is a co-conspirator in the debt collection enterprise and has transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

19. Defendant, First American Investment Company, LLC (hereinafter, "FAIC"), is a New York limited liability company. Upon information or belief, FAIC is an alter ego of the individual Defendants and/or a co-conspirator with Burgess Companies, and/or Burgess, individually. Upon information or belief, FAIC is a co-conspirator in the debt collection enterprise and has transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

20. Defendant, FA Holdings Group, LLC (hereinafter, "FA Holdings"), is a New York limited liability company. Upon information or belief, FA Holdings is an alter ego of the individual Defendants and/or a co-conspirator with Burgess Companies, and/or Burgess, individually. Upon information or belief, FA Holdings is a co-conspirator in the debt collection enterprise and has transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. Defendant, Unistates Credit Agency, LLC. (hereinafter, "Unistates"), is a New York limited liability company. Upon information or belief Unistates is an alter ego of FAIC and the individual Defendants. Upon further information or belief, Unistates is also a co-conspirator with Burgess Companies, and/or Burgess, individually. Upon further information or belief, Unistates is a co-conspirator in the debt collection enterprise and has transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

22. Defendant, Account Management Services of North America, LLC (hereinafter "AMSNA"), is a New York limited liability company. Upon information or belief, AMSNA is an alter ego of the individual Defendants and/or a co-conspirator with Burgess Companies, and/or Burgess, individually. Upon further information or belief, AMSNA is a co-conspirator in the debt collection enterprise and has transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

23. Defendant, Account Management Services, LLC (hereinafter "AMS"), is a Delaware limited liability company. Upon information or belief, AMS is an alter ego of the individual Defendants and/or a co-conspirator with Burgess Companies, and/or Burgess, individually. Upon further information or belief, AMS is a co-conspirator in the debt collection enterprise and has transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

24. Defendant, Portfolio Partners of Amherst, LLC (hereinafter "Amherst"), is a New York limited liability company. Upon information or belief Amherst is an alter ego of the individual defendants and/or a co-conspirator with Burgess Companies, and/or Burgess, individually. Upon further information or belief, Amherst is a co-conspirator in the debt collection enterprise and has transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

25. Defendant, Portfolio Partners and GMK, Inc. (hereinafter "GMK") is a New York corporation. Upon information or belief GMK is an alter ego of the individual defendants and/or a co-conspirator with Burgess Companies, and/or Burgess, individually. Upon further information or belief, GMK is a co-conspirator in the debt collection enterprise and has transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

26. Defendant, Collins Law Office, LLC (hereinafter "Collins"), is a New York limited liability company. Upon information or belief, Collins is an alter ego of the individual defendants and/or a co-conspirator with Burgess Companies, and/or Burgess, individually. Upon further information or belief, Collins is a co-conspirator in the debt collection enterprise and has transacted business in the Middle District of Alabama in addition to other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

26. The alleged debt was for personal, family, or household purposes.

## IV.  FACTUAL ALLEGATIONS

27. Defendant, Burgess, individually, is an attorney that is not admitted to practice law in the State of Alabama.

28. Defendants, Law Office of Douglas R. Burgess, LLC., and Office of Douglas R. Burgess, LLC, is a law firm that is not licensed to transact business in the State of Alabama.

29. Defendants' employee, who identified himself as Mr. Washington (hereinafter, "Washington") repeatedly telephoned the Plaintiff's residence and place of employment.

30. During the course of the conversations, the Defendants' employee, Washington, has repeatedly threatened arrest, has threatened to send a Sheriff to Plaintiff's place of employment, has posed as an attorney, and has posed as a law enforcement officer.

31. Defendants' employee, Washington, has spoken with Plaintiff's co-workers and supervisor regarding Plaintiff's alleged debt.

32. Upon information or belief, Washington, with the full knowledge and consent of the Defendants, conducted illegal acts in the Middle District of Alabama, in violation of the FDCPA and the Alabama Common Law.

33. Upon information or belief, the Defendants encourage their individual collectors to collect as much money as possible through any means necessary.

34. The Defendants explicitly or implicitly approve of the collectors' use of unlawful means to collect on outstanding debts.

35. In the instant action, the Defendants' explicit or implicit approval amounts to a lawful activity through unlawful means.

36. Upon information or belief, all Defendants have functioned as a single business enterprise. The Defendants have integrated their resources to achieve a common business purpose, and there has been a blurring of the identities and lines of distinctions between the Defendants.

37. Upon information or belief, the Defendants functioned as the alter ego of each other. The Defendants, in their business dealings, operated with unity and the separateness of each entity has ceased to the extent that holding only one entity responsible would be an injustice.

COUNT I - VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

38. Plaintiff, Ruby Streeter, adopts and incorporates paragraphs 1 through 37 as if fully set out herein.

39. Defendants have violated the FDCPA including, but not limited to, 15 U.S.C. §§ 1692c; d; e; f; or g.

40. Plaintiff has been damaged as a result of the Defendants' actions.

COUNT II - INVASION OF PRIVACY

41. Plaintiff, Ruby Streeter, adopts and incorporates paragraphs 1 through 40 as if fully set out herein.

42. The Defendants undertook a series of telephone calls and communications to the Plaintiff constituting invasions of privacy and an invasion of the right of privacy of the Alabama Plaintiff, as set out and described in the common law of the State of Alabama. Said communications were harassing, unreasonable, systematic, continuous, and were made in disregard for Plaintiff's right to privacy. Said communications were made to threaten, to force, coerce, harass, frighten, embarrass, and humiliate the Plaintiff into paying a claim, debt, or indebtedness.

43. The invasions of the right of privacy were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff will prove that the telephone calls and communications were made by various individuals including, but not limited to, the named Defendants and other individuals who held themselves out to be collectors and employees of Defendants, Burgess, and persons and agents acting on behalf of Defendants.

44. Said communications constitute an unwarranted and wrongful intrusion into Plaintiff's private activities as well as intentional intrusion into the Plaintiff's solitude and seclusion.

45. The Defendants have committed the acts complained of herein in the State of Alabama. As a proximate consequence of the invasion of the right of Plaintiff's privacy, the Defendants have caused the Plaintiff to suffer wrongful intrusion into the Plaintiff's private activities, great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and/or mental suffering, pain, anguish, and fright.

COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. Plaintiff, Ruby Streeter, adopts and incorporates paragraphs 1 through 45 as if fully set out herein.

47. As a proximate consequence and result of the invasion of the right of privacy as delineated in Count II and as a result of making the telephone calls and threats, the Defendants' actions were an intentional infliction of emotional distress, willful and intentionally undertaken, knowing that the same were designed to abuse, coerce and create great mental and physical pain and damage. The Plaintiff was caused great mental anguish, physical anguish, great inconvenience, chagrin, caused to be embarrassed, caused to be made physically sick, caused great loss of sleep, caused to be made ill, weak and sick, and caused to suffer great fear, fright, and intimidation.

48. As a proximate consequence of the Defendants' intentional infliction of emotional distress, the Defendants have caused the Plaintiff great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, anguish and fright.

## COUNT IV - NEGLIGENT SUPERVISION

49. Plaintiff, Ruby Streeter, adopts and incorporates paragraphs 1 through 49 as if fully set out herein.

50. As a proximate consequence and result of the invasion of privacy and the intentional infliction of emotional distress, as delineated in Counts II and III, the Defendants' actions constitute negligent supervision and training of its personnel hired for the purpose of collecting debts.

51. The Defendants had notice or knowledge, either actual or presumed, of their servants' incompetency or unfitness. Further, the specific acts of incompetency were of such nature, character, and frequency that Defendants in the exercise of due care must have had notice of such action.

## COUNT V - CIVIL CONSPIRACY

52. Upon information or belief, the Defendants' debt collection scheme is believed to be under the direct supervision, dominion, control, and authority of MacKinnon, Bohn, AMS, FAI, and other unknown co-conspirators.

53. The debt collection scheme involves the blurring of identities of the actual controlling parties so that it is difficult, if not impossible, for Streeter to discern the controlling parties involved in the debt collection scheme.

54. The debt collection scheme, however, resulted in the Defendants collecting debts by using illegal, oppressive, or immoral means. The acts complained of herein amounted to a conspiracy to violate the Fair Debt Collection Practices Act and other Alabama Common Law torts.

55. The Defendants' conspiracy included, but was not necessarily limited to, explicitly approving of a collector, who was not a licensed law enforcement agent, calling the Plaintiff, as well as other third party consumers, claiming to be an investigator and threatening the Plaintiff with arrest, a lawsuit, and garnishment of wages if she did not immediately pay her debt.

56. The Defendants' conspiracy also included, but was not necessarily limited to, the Defendants' tacit approval of the collectors' illegal collection efforts which were directed specifically at the Plaintiff and other innocent third party consumers.

57. The Defendants also combined and joined together to formulate a fraudulent and deceitful marketing scheme to prevent the Plaintiff and others from discovering the true relationship of the related Defendants. The Defendants have conspired to hide the true nature of the debt collection scheme so that the recipient, including the Plaintiff, of the collection efforts is unable to identify the controlling party or parties behind the debt collection scheme.

58. As a result of the Defendants' conspiracy to conduct unlawful and oppressive debt collection practices, the Plaintiff was caused to suffer actual damages for worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ruby Streeter, requests this Honorable Court enter judgment against the Defendants for the following:

a)   Actual damages;
b)   Punitive damages;
c)   Maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k; and,
d)   For all other relief that is just.

Respectfully submitted this 8th day of July, 2008.

BROCK & STOUT

_____
David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Walter Blakeney, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
Tel: (334) 393-4357
Fax: (334) 393-0026
Email: lesley@circlecitylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this the ___8th___ day of July, 2008, served a copy of the Second Amended Complaint by electronic mail on Fern Singer, Esq., Attorney for Douglas Burgess and Office of Douglas Burgess, LLC, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., Stacey Davis, Esq., Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.

David G. Poston