**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RUBY STREETER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NUMBER: 1:07-cv-97-WKW** |
| **v.** | ) | |
| | ) | |
| **OFFICE OF DOUGLAS R. BURGESS, LLC, and DOUGLAS R. BURGESS, ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION TO QUASH SUBPOENAS**

NOW COMES Defendants The Office of Douglas R. Burgess, LLC and Douglas R. Burgess (collectively, "Burgess"), and pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, moves the Court to quash certain subpoenas recently served by Plaintiff Ruby Streeter. In support of this motion, Burgess states as follows:

1. Pursuant to Rule 45(a)(2) a "subpoena must issue as follows . . . for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made."

2. Pursuant to Rule 45(a)(1)(A)(iv), "Every subpoena must . . . set out the text of 45(c) and (d)."

3. Moreover, pursuant to Rule 45(b)(1): "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection or premises before trial, then before it is served, a notice must be served on each party." (Emphasis added). "The purpose of such notice is to afford other parties an opportunity to object to the production

or inspection, or to serve a demand for additional documents or things." (FED.R.CIV.P. 45, Advisory Committee Notes).

4. On July 3, 2008, Burgess received copies of the three subpoenas directed to Verizon Legal Compliance (a true and correct copy is attached hereto as **Exhibit 1**), HSBC (a true and correct copy is attached hereto as **Exhibit 2**), and Key Bank (a true and correct copy is attached hereto as **Exhibit 3**). All of these subpoenas requested the production of certain documents be made at the office of Plaintiff's counsel in Alabama.

5. None of these subpoenas received by Burgess on July 3, 2008, however, were issued by this Court, or the court in "the district where the production or inspection is to be made." All of the subpoenaed entities are located outside of Alabama. None of the subpoenas are signed by anyone other than Plaintiff's counsel.

6. Moreover, none of the subpoenas contain the language found at 45(c) and (d) as required by Rule 45(a)(1)(A)(iv).

7. Most importantly, Plaintiff failed to serve notice on Burgess prior to the service of these subpoenas, eliminating Burgess' ability to object to the service of the subpoenas or the production of documents there under.

8. Based on the foregoing, Burgess requests the subpoenas served upon Verizon Legal Compliance, HSBC and Key Bank be quashed and Plaintiff be made to return unopened any materials received through such subpoenas.

9. On July 15, 2008, Plaintiff's counsel emailed to counsel for Burgess three additional subpoenas served on Broadview Networks (a true and correct copy is attached hereto as **Exhibit 4**), Frontier - A Citizens Communications Company (a true and correct copy is

attached hereto as **Exhibit 5**), and One Communications, a/k/a Choice One Communications (a true and correct copy is attached hereto as **Exhibit 6**).

10.     None of these subpoenas meet the requirements of Rule 45(a)(2), for there is no indication that they were issued by the requisite court or signed by anyone other than Plaintiff's counsel.  Again, all of these entities reside outside of Alabama.  Moreover, Plaintiff failed to provide Burgess with prior notice as Rule 45(b)(1) requires.

11.     Accordingly, Burgess moves the Court to quash the subpoenas directed to Broadview Networks, Frontier - A Citizens Communications Company and One Communications on the grounds that they are procedurally defective.  Burgess further requests that any material received pursuant to these subpoenas be returned unopened.

12.     Finally, upon information and belief, Plaintiff served a subpoena on North Forest Development, LLC ("North Forest") on or around July 2, 2008 (a true and correct copy is attached hereto as **Exhibit 7**).  As with the other subpoenas, there is no indication that it was properly issued by the requisite court.

13.     Plaintiff's counsel never received any notification (not even after the fact) of the service of this subpoena and was therefore unable, under Federal Rule of Civil Procedure 26, to lodge an objection or move for a protective order prior to the production of documents.  Burgess was only made aware of the subpoena after receiving an email from North Forest.

14.     Upon further information and belief, documents pursuant to the subpoena directed to North Forest have already been produced to Plaintiff's counsel.  Because Burgess was denied the opportunity to object to the subpoena, due to Plaintiff's failure to notify Burgess of the service of the subpoena, Burgess moves this Court to quash the subpoena and order Plaintiff to return to North Forest all materials received under the subpoena.

15.    Based on the foregoing, Burgess moves this Court to quash the subpoenas directed to Verizon Legal Compliance, HSBC, Key Bank, Broadview Networks, Frontier - A Citizens Communications Company, One Communications, and North Forest on the grounds that they the subpoenas were improperly issued and are procedurally deficient.

Dated this the 16th day of July, 2008.

Respectfully submitted,


s/ Fern H. Singer
Fern H. Singer
Stacey A. Davis
Attorneys for Defendant


OF COUNSEL:
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, P.C.
420 North 20th Street, Suite 1600
Birmingham, Alabama 35203-5202
(205) 328-0480 -- Phone
(205) 322-8007 – Fax

**CERTIFICATE OF SERVICE**

I certify that the foregoing has been served upon the following counsel of record by electronic mail on this the 16th day of July, 2008:

Gary Wyatt Stout
Michael D. Brock
David G. Poston
Brock & Stout
PO Drawer 311167
Enterprise, AL 36331-1167

Blake D. Andrews
Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
PO Box 598512
Birmingham, Alabama 35259

William Carlisle Carn, III
William Wayne Nichols
Lee & McInish
PO Box 1665
Dothan, Alabama 36302

s/ Fern H. Singer
Of Counsel

# EXHIBIT 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

RUBY STREETER

V.

OFFICE OF DOUGLAS R. BURGESS, LLC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07-cv-97

TO: Verizon Legal Compliance
2701 S. Johnson Street
San Angelo, TX 76904

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT

| PLACE | DATE AND TIME |
|---|---|
| DAVID G. POSTON, BROCK & STOUT, LLC., P. O. DRAWER 311167, ENTERPRISE, AL 36331-1167, (334) 393-4357 phone, (334) 617-2689 facsimile | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff | June 30, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David G. Poston, P. O. Box 311167, Enterprise, AL 36331-1167, (334) 393-4357.

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

IN RE:

RUBY STREETER

V. CASE NUMBER: 1:07-CV-97

OFFICE OF DOUGLAS R. BURGESS, LLC., et al.

**CIVIL SUBPOENA**

This Subpoena is in reference to the following telephone numbers:

585-581-1060
585-581-1062
716-282-3300
716-282-3309
716-282-3328
716-282-3329
716-282-3341
716-282-3345
716-282-3354
716-631-3876
716-681-2892
716-681-3838
716-833-0188
716-833-7066
716-855-2200

905-994-9371

**DOCUMENTS / OBJECTS TO PRODUCE:**

1. As to each telephone number, provide any other subscriber information for this telephone number.

2. As to each telephone number, if the owner or subscriber information has changed since 2005, provide the names of all owners and subscribers for this phone number from 2005 to the present date.

3. As to each telephone number, provide all phone numbers for the owner or subscriber listed in paragraphs One (1) and two (2).

4.    As to each telephone number, provide the name of the person who opened this account.

5.    As to each telephone number, provide the date this account was opened.

6.    As to each telephone number, if different than the date account opened, provide the date that service was activated on this phone number.

7.    As to each telephone number, provide the names of all persons who can access or make changes to this account.

8.    As to each telephone number, if different than the persons who can access this account, provide the names of all persons listed as contacts for the subject telephone number.

9.    As to each telephone number, if the names of the person or persons who can access or make changes to this account has changed since 2005, provide the names of the person or persons who can access or make changes to this account from 2005 to the present date.

10.    As to each telephone number, please provide the primary telephone number associated with this account.

11.    As to each telephone number, provide the address where the monthly telephone statement is mailed.

12.    As to each telephone number, if the address where the statement is mailed has changed since 2005, provide all addresses where the statements have been mailed from 2005 to the present date.

13.    As to each telephone number, if the monthly telephone statement is paid online, provide the email address where the statement is submitted.

14.    As to each telephone number, provide the name of the company to which the telephone statement is mailed.

15.    As to each telephone number, provide the addresses for all persons listed as contacts for this phone number.

16.    As to each telephone number, if this is a primary telephone number, provide a list of all other phone numbers linked to this phone number.

17.    As to each telephone number, provide the account number for this telephone number.

18.    As to each telephone number, provide a list of all phone numbers in which the company listed in paragraphs one (1) and two (2) subscribe to on a monthly basis.

19.  As to each telephone number, provide a copy of any checks tendered to pay the monthly phone service.

20.  As to each telephone number, provide all email addresses linked to this account.

# EXHIBIT 2

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

RUBY STREETER

V.

OFFICE OF DOUGLAS R. BURGESS, LLC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07-cv-97

TO: HSBC
Attn: Legal Department
1 HSBC Center
Buffalo, NY 14214

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT

| PLACE | DATE AND TIME |
|---|---|
| DAVID G. POSTON, BROCK & STOUT, LLC., P. O. DRAWER 311167, ENTERPRISE, AL 36331-1167, (334) 393-4357 phone, (334) 617-2689 facsimile | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff | June 30, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David G. Poston, P. O. Box 311167, Enterprise, AL 36331-1167, (334) 393-4357.

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

IN RE:

RUBY STREETER

V. CASE NUMBER: 1:07-CV-97

OFFICE OF DOUGLAS R. BURGESS, LLC., et al.

**CIVIL SUBPOENA**

**DOCUMENTS / OBJECTS TO PRODUCE:**

1. This subpoena pertains to any business account bearing the name of Douglas Burgess, including but not limited to the following:

   Douglas R. Burgess, Attorney at Law
   Douglas R. Burgess, Trust Account
   Douglas R. Burgess Law Office
   Law Office of Douglas R. Burgess
   Office of Douglas R. Burgess
   Law Office of Douglas R. Burgess, LLC
   Office of Douglas R. Burgess, LLC

2. This subpoena is meant to encompass the foregoing or any derivative thereof. You must produce the requested records even if there is more than one business name on the account. You must produce the requested records for operating accounts and trust accounts.

3. You are commanded to produce the following:

4. For each account listed above, provide the Deposit and Withdrawal Records or Bank Statements for January 2005, January 2006, January 2007, January 2008, and May 2008.

5. For each account listed above, provide a copy of the Business/Non-Personal Signature Card associated with each such account.

# EXHIBIT 3

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

RUBY STREETER

V.

OFFICE OF DOUGLAS R. BURGESS, LLC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07-cv-97

TO: Key Bank
5200 Main Street
Williamsville, NY 14221

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT

| PLACE | DATE AND TIME |
|---|---|
| DAVID G. POSTON, BROCK & STOUT, LLC., P. O. DRAWER 311167, ENTERPRISE, AL 36331-1167, (334) 393-4357 phone, (334) 617-2689 facsimile | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| DGP/H Attorney for Plaintiff | June 30, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David G. Poston, P. O. Box 311167, Enterprise, AL 36331-1167, (334) 393-4357.

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

RECEIVED JUL 03 2008

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

IN RE:

RUBY STREETER

V. CASE NUMBER: 1:07-CV-97

OFFICE OF DOUGLAS R. BURGESS, LLC., et al.

**CIVIL SUBPOENA**

**DOCUMENTS / OBJECTS TO PRODUCE:**

1. This subpoena pertains to any business account bearing the name of Douglas Burgess, including but not limited to the following:

   Douglas R. Burgess, Attorney at Law
   Douglas R. Burgess, Trust Account
   Douglas R. Burgess Law Office
   Law Office of Douglas R. Burgess
   Office of Douglas R. Burgess
   Law Office of Douglas R. Burgess, LLC
   Office of Douglas R. Burgess, LLC

2. This subpoena is meant to encompass the foregoing or any derivative thereof. You must produce the requested records even if there is more than one business name on the account. You must produce the requested records for operating accounts and trust accounts.

3. You are commanded to produce the following:

4. For each account listed above, provide the Deposit and Withdrawal Records or Bank Statements for January 2005, January 2006, January 2007, January 2008, and May 2008.

5. For each account listed above, provide a copy of the Business/Non-Personal Signature Card associated with each such account.

# EXHIBIT 4

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

RUBY STREETER

V.

OFFICE OF DOUGLAS R. BURGESS, LLC., ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07-CV-97

TO: Broadview Networks
Attn: Legal Dept.
800 Westchester Ave., N501
Rye Brook, NY 10573

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Addendum.

| PLACE | DATE AND TIME |
|---|---|
| P.O. Drawer 311167, Enterprise, Alabama 36331 | 7/30/2008 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature], Attorney for Plaintiff | 7/15/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David G. Poston, Brock & Stout, LLC., P.O. Drawer 311167, Enterprise, Alabama 36331, (334) 671-5555

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 7/15/2008 | 800 Westchester Ave., N501<br>Rye Brook, NY 10573 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Legal Department | Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| David G. Poston | Attorney for Plaintiff |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 7/15/2008
DATE

SIGNATURE OF SERVER

P.O. Drawer 311167, Enterprise, AL 36331
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

IN RE:

RUBY STREETER

V. CASE NUMBER: 1:07-CV-97

OFFICE OF DOUGLAS R. BURGESS, LLC., et al.

**CIVIL SUBPOENA**

This Subpoena is in reference to the following telephone numbers:

716-833-0188
716-833-7066
716-855-2200

**DOCUMENTS / OBJECTS TO PRODUCE:**

1. As to each telephone number, provide any other subscriber information for this telephone number.

2. As to each telephone number, if the owner or subscriber information has changed since 2005, provide the names of all owners and subscribers for this phone number from 2005 to the present date.

3. As to each telephone number, provide all phone numbers for the owner or subscriber listed in paragraphs One (1) and two (2).

# EXHIBIT 5

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

RUBY STREETER

V.

OFFICE OF DOUGLAS R. BURGESS, LLC., ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07-CV-97

TO: Frontier - A Citizens Communications Company
Attn: Security Dept.
111 Field St.
Rochester, NY 14620

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attached Addendum.

| PLACE | DATE AND TIME |
|---|---|
| P.O. Drawer 311167, Enterprise, Alabama 36331 | 7/30/2008 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff | 7/15/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David G. Poston, Brock & Stout, LLC., P.O. Drawer 311167, Enterprise, Alabama 36331, (334) 671-5555

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 7/15/2008 | 111 Field Street<br>Rochester, NY 14620 |

SERVED ON (PRINT NAME): Security Department

MANNER OF SERVICE: Certified Mail

SERVED BY (PRINT NAME): David G. Poston

TITLE: Attorney for Plaintiff

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 7/15/2008
DATE

SIGNATURE OF SERVER

P.O. Drawer 311167, Enterprise, AL 36331
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

IN RE:

RUBY STREETER

V. CASE NUMBER: 1:07-CV-97

OFFICE OF DOUGLAS R. BURGESS, LLC., et al.

**CIVIL SUBPOENA**

This Subpoena is in reference to the following telephone numbers:

585-581-1060
585-581-1062

**DOCUMENTS / OBJECTS TO PRODUCE:**

1. As to each telephone number, provide any other subscriber information for this telephone number.

2. As to each telephone number, if the owner or subscriber information has changed since 2005, provide the names of all owners and subscribers for this phone number from 2005 to the present date.

3. As to each telephone number, provide all phone numbers for the owner or subscriber listed in paragraphs One (1) and two (2).

# EXHIBIT 6

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

RUBY STREETER

V.

OFFICE OF DOUGLAS R. BURGESS, LLC., ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07-CV-97

TO: One Communications, a/k/a Choice One Communications
Attn: Subpoena Compliance / LEA Liason
220 Bear Hill Rd.
Waltham, MA 02451-1004

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Addendum.

| PLACE | DATE AND TIME |
|---|---|
| P.O. Drawer 311167, Enterprise, Alabama 36331 | 7/30/2008 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 7/15/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David G. Poston, Brock & Stout, LLC., P.O. Drawer 311167, Enterprise, Alabama 36331, (334) 671-5555

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 7/15/2008 | 220 Bear Hill Road<br>Waltham, MA 02451-1004 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| LEA Liason | Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| David G. Poston | Attorney for Plaintiff |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 7/15/2008
DATE

[signature]
SIGNATURE OF SERVER

P.O. Drawer 311167, Enterprise, AL 36331
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

IN RE:

RUBY STREETER

V. CASE NUMBER: 1:07-CV-97

OFFICE OF DOUGLAS R. BURGESS, LLC., et al.

**CIVIL SUBPOENA**

This Subpoena is in reference to the following telephone numbers:

716-631-3876
716-681-2892
716-681-3838

**DOCUMENTS / OBJECTS TO PRODUCE:**

1. As to each telephone number, provide any other subscriber information for this telephone number.

2. As to each telephone number, if the owner or subscriber information has changed since 2005, provide the names of all owners and subscribers for this phone number from 2005 to the present date.

3. As to each telephone number, provide all phone numbers for the owner or subscriber listed in paragraphs One (1) and two (2).

# EXHIBIT 7

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

RUBY STREETER

V.

OFFICE OF DOUGLAS R. BURGESS, LLC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07-cv-97

TO: North Forest Development, LLC
8201 Main Street #12
Williamsville, NY 14221

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT

| PLACE | DATE AND TIME |
|---|---|
| DAVID G. POSTON, BROCK & STOUT, LLC., P. O. DRAWER 311167, ENTERPRISE, AL 36331-1167, (334) 393-4357 phone, (334) 617-2689 facsimile | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff | 7/2/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David G. Poston, P. O. Box 311167, Enterprise, AL 36331-1167, (334) 393-4357.

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

NORTH FOREST DEVELOPMENT, LLC
8201 MAIN ST #12
WILLIAMSVILLE, NEW YORK, 14221

NORTH FOREST DEVELOPMENT OF AMHERST, INC.
8201 MAIN ST #12
WILLIAMSVILLE, NEW YORK, 14221

This subpoena refers to
2805 Wehrle Drive,
Williamsville, NY 14221

As to the premises at 2805 Wehrle Drive, Williamsville, NY 14221

1.    Provide copies of any and all leases as between you and any entity and who is known or doing business as:

2.    a.    Law Office of Douglas Burgess.
      b.    Office of Douglas Burgess LLC
      c.    Law Office of Douglas Burgess, LLC.
      d.    Douglas R. Burgess

3.    Identify every lease by the specific address and suite number.

4.    Provide copies of checks, in your possession, that were tendered as lease payments for the subject property at 2805 Wehrle Drive, Williamsville, NY 14221, and used to pay lease payments for the premises being occupied by or doing business as Douglas R. Burgess, Law Office of Douglas R. Burgess, LLC, Office of Douglas R. Burgess, LLC.

5.    As to paragraphs 1, 2a, 2b, 2c, and 2d, if any lease has been renewed within the past 12 months, provide copies of prior leases as between you and the parties referenced in paragraph 1.

6.    If any security deposit was paid on the leased premised identified in paragraphs 1 provide copies of any checks used to pay the security deposits and any receipts issued by you to the entity for the security deposit.

7.    Identify by name, address and phone number, any person known to you as the "contact" for each of the leased premises identified in paragraphs 2a through 2d.

8.    Provide copies of any personal guarantees for each of the leased properties identified in paragraphs 1 and 2a through 2d.

9.    Provide copies of any sub-leases for each of the leased properties identified in paragraphs 1 and 2a through 2d.

10    If you are not the owner of the premises at 2805 Wehrle Drive, Williamsville, NY 14221, provide the owners name, address and phone number.

LAW OFFICES OF

# BROCK & STOUT

MICHAEL D. BROCK

GARY W. STOUT

QUINN E. BROCK

Mailing Address:
POST OFFICE DRAWER 311167
ENTERPRISE, ALABAMA 36331-1167
TEL: (334) 393-4357
FAX: (334) 671-2689

Consumer Law Division

DAVID G. POSTON

WALTER A. BLAKENEY

July 2, 2008

NORTH FOREST DEVELOPMENT OF AMHERST, INC.
8201 MAIN STREET #12
WILLIAMSVILLE, NY 14221

RE: SUBPOENA

Dear Sir or Madam:

Should you have any questions regarding the enclosed Subpoena(s), please contact our office.

Sincerely,

Lesley Bullock

Lesley Bullock
Legal Assistant to David G. Poston, Esq.
Legal Assistant to Walter A. Blakeney, Esq.

/lob

Enclosure

Dothan Location: 200 Parkwest Circle • Suite 1 • Dothan, Alabama 36303-3069
Email: david@circlecitylaw.com • walter@circlecitylaw.com