**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **RUBY STREETER,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **CASE NUMBER: 1:07-cv-97-WKW** |
| v. ) | |
| ) | |
| **OFFICE OF DOUGLAS R. BURGESS,** ) | |
| **LLC, and DOUGLAS R. BURGESS,** ) | |
| **ET AL.** ) | |
| ) | |
|     **Defendants.** ) | |

**MOTION TO QUASH SUBPOENAS**

NOW COMES Defendants The Office of Douglas R. Burgess, LLC and Douglas R. Burgess (collectively, "Burgess"), and pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, moves the Court to quash certain subpoenas recently served by Plaintiff Ruby Streeter. In support of this motion, Burgess states as follows:

    1.    Pursuant to Rule 45(a)(2) a "subpoena must issue as follows . . . for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made."

    2.    Moreover, pursuant to Rule 45(b)(1): "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection or premises before trial, then <u>before it is served</u>, a notice must be served on each party." (Emphasis added). "The purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things." (FED.R.CIV.P. 45, Advisory Committee Notes).

3. Upon information and belief, Plaintiff has caused subpoenas for the production of documents on Amendola Properties and First Amherst Development Group, LLC.

4. Upon information and belief, neither of these subpoenas were issued by this Court, or the court in "the district where the production or inspection is to be made." Both of the subpoenaed entities are located outside of Alabama.

5. Plaintiff failed to serve notice on Burgess <u>prior</u> to the service of these subpoenas, eliminating Burgess' ability to object to the service of the subpoenas or the production of documents there under. In fact, to date, Defendants' counsel has not been provided with copies of these subpoenas.

6. Based on the foregoing, Burgess requests the subpoenas served upon Amendola Properties and First Amherst Development Group, LLC be quashed on the grounds that they were improperly issued and are procedurally deficient, and Plaintiff be made to return unopened any materials received through such subpoenas.

Dated this the 17th day of July, 2008.

Respectfully submitted,

s/ Fern H. Singer
Fern H. Singer
Stacey A. Davis
Attorneys for Defendant

OF COUNSEL:
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, P.C.
420 North 20th Street, Suite 1600
Birmingham, Alabama 35203-5202
(205) 328-0480 -- Phone
(205) 322-8007 – Fax

**CERTIFICATE OF SERVICE**

    I certify that the foregoing has been served upon the following counsel of record by electronic mail on this the 17th day of July, 2008:

Gary Wyatt Stout
Michael D. Brock
David G. Poston
Brock & Stout
PO Drawer 311167
Enterprise, AL 36331-1167

Blake D. Andrews
Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
PO Box 598512
Birmingham, Alabama 35259

William Carlisle Carn, III
William Wayne Nichols
Lee & McInish
PO Box 1665
Dothan, Alabama 36302

                                              s/ Fern H. Singer
                                                   Of Counsel