IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RUBY STREETER, ) | |
| ) | |
| PLAINTIFF, ) | CASE NUMBER: 1:07-cv-97 |
| ) | |
| vs. ) | |
| ) | |
| OFFICE OF DOUGLAS R. BURGESS, LLC., & ) | |
| DOUGLAS R. BURGESS, ESQ., INDIVIDUALLY, ) | |
| ) | |
| DEFENDANTS. ) | |

### PLAINTIFF'S MOTION TO ALLOW DISCOVERY REGARDING JURISDICTION AND REQUEST FOR EXTENSION OF BRIEFING SCHEDULE PENDING COMPLETION OF DISCOVERY

COMES NOW, the Plaintiff, Ruby Streeter, by and through her undersigned attorney, and moves this Honorable Court to allow jurisdictional discovery as it pertains to All Debt Traders, LLC. and Portfolio Partners & GMK, Inc. The Plaintiff asserts this motion pursuant to Fed. R. Civ. Proc. 26(d)(2). The Plaintiff seeks a Court Order permitting her to conduct jurisdictional discovery in the form of depositions, regarding Defendants, All Debt Traders, LLC. and Portfolio Partners & GMK, Inc., to determine the extent which this Court has personal jurisdiction over said Defendants. Furthermore, the Plaintiff seeks a Court order permitting her to depose Defendants, Douglas R. Burgess, Individually (hereinafter referred to as "Burgess"), Office of Douglas R. Burgess, LLC., and Law Office of Douglas R. Burgess, LLC., in its corporate capacity (hereinafter, "Burgess, LLC."), to determine the extent which this Court has personal jurisdiction over All Debt Traders, LLC. and Portfolio Partners & GMK, Inc. As grounds for this motion, the Plaintiff states as follows:

1. On February 1, 2007, the Plaintiff filed the above-styled action asserting violation of Fair Debt Collection Practices Act (hereinafter, "FDCPA") and various supplemental state law claims.

2. On June 16, 2007, this Honorable Court entered an Order Setting Trial Date and Scheduling Order. The first discovery cutoff was set for November 23, 2007.

3. During the first discovery period, counsel for the Plaintiff and counsel for Burgess agreed that the Plaintiff's attorney would travel to Rochester, New York to depose Douglas R. Burgess. The deposition was scheduled for October 12, 2007. After the close of business, on October 10, 2007, the Defendant unilaterally cancelled Burgess' deposition by facsimile notice to Plaintiff's counsel. In the early morning hours of October 11, 2007, Plaintiff's counsel learned of the cancellation as he arrived at the Montgomery, Alabama airport to catch a flight to New York for Burgess' deposition.

4. Prior to the scheduled deposition, Plaintiff's counsel spent almost two (2) working days preparing for the deposition and investigating the multiple Defendants' involvement in the debt collection scheme. Plaintiff's counsel was fully prepared to question Burgess about the other Defendants' involvement.

5. Because Burgess cancelled the scheduled deposition, Plaintiff's counsel was unable to question Burgess regarding the other Defendants' involvement in the debt collection scheme.

6. Without the benefit of deposing Burgess regarding the debt collection scheme, the Plaintiff filed a Motion to Amend her Complaint on October 15, 2007, to include additional parties including Douglas J. MacKinnon (hereinafter, "MacKinnon") and Robert Van De Mark.

7. On February 21, 2008, this Honorable Court granted the Plaintiff's Motion to Amend Complaint.

8. On February 28, 2008, the Plaintiff perfected service on Douglas J. MacKinnon.

9. On or about March 29, 2008, Defendant, All Debt Traders, LLC., was served with a copy of the First Amended Complaint and the Summons (Doc. No. 60).

10. On or about March 3, 2008, Defendant, Portfolio Partners & GMK, Inc., was served with a copy of the First Amended Complaint and the Summons (Doc. No. 61).

11. On or about June 11, 2008, this Honorable Court permitted the Plaintiff an opportunity to conduct jurisdictional discovery as to Defendants, MacKinnon and Burgess (Doc. 90).

12. In its Court Order, this Honorable Court allowed the Plaintiff to conduct a telephonic deposition of MacKinnon and permitted Plaintiff to depose Burgess prior to responding to MacKinnon's Motion to Dismiss based on personal jurisdiction.

13. A dispute has arisen as it pertains to whether the Plaintiff may depose Burgess, individually, and in his corporate capacity. Therefore, the Plaintiff requests that this Honorable Court allow her to depose Burgess both individually and in his corporate capacity to determine the extent of personal jurisdiction over the moving Defendants.

14. Upon information and belief, Defendants, MacKinnon, Burgess, and Burgess, LLC., are key witnesses for determining personal jurisdiction as to all Defendants.

15. Despite the Court's Order allowing the Plaintiff to depose Burgess and MacKinnon, neither Defendant has provided any available deposition dates.

16. On June 11, 2008, after this Honorable Court permitted the Plaintiff to conduct jurisdictional discovery from Burgess and MacKinnon, the undersigned contacted Burgess and MacKinnon's attorney to arrange a deposition date. Thereafter, the undersigned contacted Burgess' attorney by electronic mail or telephone on approximately sixteen (16) occasions to obtain Burgess'

deposition. To date, Burgess has yet to provide a date in which he will consent to a deposition. <u>See</u> accumulation of emails and correspondence from June 11, 2008, through July 15, 2008.

17. The Plaintiff also requests an opportunity to depose the 30(b)(6) Corporate Representatives of All Debt Traders, LLC. and Portfolio Partners & GMK, Inc.

18. The deposition should determine the extent, if any, to which this Court has personal jurisdiction over the moving Defendants.

WHEREFORE, the Plaintiff moves this Honorable Court to permit jurisdictional discovery consisting of depositions of the 30(b)(6) Corporate Representatives of All Debt Traders, LLC. and Portfolio Partners & GMK, Inc.; to permit the Plaintiff to depose Burgess and MacKinnon regarding the personal jurisdiction limits this Court may exercise over All Debt Traders, LLC. and Portfolio Partners & GMK, Inc.; and for all other relief that is just.

Respectfully submitted this **18th** day of July, 2008.

BROCK & STOUT

_____
David G. Poston, Esq.
Walter A. Blakeney, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon the following via United States Mail, postage prepaid and fully addressed *and* by electronic mail **18th** day of July, 2008.

Fern H. Singer
Stacey A. Davis
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, P.C.
420 North 20th Street, Suite 1600
Birmingham, Alabama 35203-5202
Email: fsinger@bakerdonelson.com
       sdavis@bakerdonelson.com

Blake D. Andrews
Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259
Email: bda@starneslaw.com

David G. Poston

## David Poston

**From:** David Poston [david@circlecitylaw.com]
**Sent:** Wednesday, June 11, 2008 10:52 AM
**To:** Stacey Davis (sdavis@bakerdonelson.com)
**Cc:** Fern Singer (fsinger@bakerdonelson.com)
**Subject:** Streeter v. Burgess

Dear Stacey:

This confirms our discussion on June 10, 2008. Please advise me whether Burgess will consent to a deposition in Enterprise, Alabama.

Sincerely,

*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL  36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

7/2/2008

## David Poston

**From:** David Poston [david@circlecitylaw.com]
**Sent:** Friday, June 13, 2008 12:06 PM
**To:** Stacey Davis (sdavis@bakerdonelson.com)
**Cc:** Fern Singer (fsinger@bakerdonelson.com); 'Lesley Bullock'
**Subject:** Streeter v. Burgess

Dear Ms. Davis:

I left a voice mail pertaining to my attempt at scheduling the Burgess deposition. I will be in the office all day June 16-17, 2008. Please contact me at your convenience so that we may set about scheduling Burgess' deposition. My assistant, Lesley Bullock has access to my calendar. Mr. Stout is in the office as well. You may reach him at 334-671-5555.

Sincerely,

*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL 36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

7/2/2008

## David Poston

**From:** David Poston [david@circlecitylaw.com]
**Sent:** Tuesday, June 17, 2008 2:24 PM
**To:** Stacey Davis (sdavis@bakerdonelson.com)
**Cc:** Fern Singer (fsinger@bakerdonelson.com)
**Subject:** Streeter

Ms. Davis:

This is a follow up to my voice mail this date. Please contact my office so we may work to schedule the Doug Burgess deposition.

Sincerely,

*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL  36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

7/2/2008

## David Poston

**From:** David Poston [david@circlecitylaw.com]
**Sent:** Tuesday, June 17, 2008 2:33 PM
**To:** Stacey Davis (sdavis@bakerdonelson.com)
**Cc:** Fern Singer (fsinger@bakerdonelson.com)
**Subject:** Streeter

Ms. Davis:

This confirms our conversation wherein Mr. Burgess will avail himself to an Alabama deposition. My understanding is that you will check his schedule and provide dates. Please contact my office immediately if any of the information in this letter is contrary to your understanding.

Sincerely,

*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL  36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

7/2/2008



BAKER
DONELSON
BEARMAN, CALDWELL
& BERKOWITZ, PC

WACHOVIA TOWER
420 TWENTIETH STREET NORTH
SUITE 1600
BIRMINGHAM, ALABAMA 35203
PHONE: 205.328.0480
FAX: 205.322.8007

www.bakerdonelson.com

STACEY A. DAVIS
Direct Dial: 205.244.3800
Direct Fax: 205.488.3800
E-Mail Address: sdavis@bakerdonelson.com

June 18, 2008

David G. Poston
Brock & Stout
PO Drawer 311167
Enterprise, AL 36331-1167

   Re: *Ruby Streeter v. Office of Douglas R. Burgess and Douglas R. Burgess, et al.*
     Civil Action No.: 1:07-cv-97-WKW

Dear Mr. Poston:

I am in receipt of your letter of June 17, 2008. This letter confirms that Doug Burgess will be made available for a deposition in Alabama, however, the deposition will take place in our offices in Birmingham, and not as stated in your letter in Enterprise, Alabama. As you know, we are under no obligation to bring Mr. Burgess to Alabama and are doing so as a courtesy to counsel.

We have taken your settlement offer under advisement and will be back in touch shortly.

Sincerely,

Stacey A. Davis

SAD:imj

B SAD 790395 v1
2910402-000001 6/18/2008

ALABAMA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • WASHINGTON, D.C. • BEIJING, CHINA

Representative Office,
BDBC International, LLC

## David Poston

**From:** David Poston [david@circlecitylaw.com]
**Sent:** Friday, June 20, 2008 4:48 PM
**To:** Stacey Davis (sdavis@bakerdonelson.com)
**Cc:** Fern Singer (fsinger@bakerdonelson.com)
**Subject:** Streeter v. Burgess

Ms. Davis:

I received you letter regarding the Burgess deposition.  Please provide me dates in which Burgess will be available.

Sincerely,
*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL  36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

7/2/2008

## David Poston

**From:** David Poston [david@circlecitylaw.com]
**Sent:** Tuesday, June 24, 2008 4:51 PM
**To:** Stacey Davis (sdavis@bakerdonelson.com)
**Cc:** Fern Singer (fsinger@bakerdonelson.com)
**Subject:** Streeter

Ms. Davis:

Please contact me to schedule deposition dates for Mr. Burgess.

Sincerely,
*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL  36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

### David Poston

**From:** Davis, Stacey [sdavis@bakerdonelson.com]
**Sent:** Wednesday, June 25, 2008 9:15 AM
**To:** David Poston
**Subject:** RE: Streeter

David

I am still trying to get dates for when my client is available in July for his deposition. I tried contacting him again this morning. As soon as I know something I will contact you.

Stacey

> **From:** David Poston [mailto:david@circlecitylaw.com]
> **Sent:** Tuesday, June 24, 2008 4:51 PM
> **To:** Davis, Stacey
> **Cc:** Singer, Fern
> **Subject:** Streeter
>
> Ms. Davis:
>
> Please contact me to schedule deposition dates for Mr. Burgess.
>
> Sincerely,
> *David G. Poston*
>
> David G. Poston
> BROCK & STOUT
> P. O. Drawer 311167
> Enterprise, AL 36331-1167
> david@circlecitylaw.com
>
> 334-671-2044
>
> This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email, then
in any part of the same series of emails), such advice was not intended or written by the sender or by
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of
(1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending
to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law.
It is not intended for transmission to, or receipt by, any unauthorized persons.
If you have received this electronic mail transmission in error,
please delete it from your system without copying it, and notify the sender by reply e-mail,
so that our address record can be corrected.

## David Poston

**From:** Davis, Stacey [sdavis@bakerdonelson.com]
**Sent:** Tuesday, July 08, 2008 3:03 PM
**To:** David Poston
**Cc:** Singer, Fern
**Subject:** Streeter v. Burgess

David

I have received your voice mail regarding deposition dates for Doug MacKinnon. I was under the impression you were going to be submitting written discovery for MacKinnon prior to taking any deposition. Are you still submitting written discovery?

Also, I am in receipt of your Notice of Deposition for Douglas Burgess. As stated in our prior correspondence, we have not agreed to put Mr. Burgess up for deposition in Enterprise, Alabama as per your Notice. Moreover, your notice is for both Douglas Burgess and the 30(b)(6) of the Office of Doug Burgess, LLC and the Law Office of Douglas Burgess, LLC. Neither your motion to compel discovery, nor the Court's Order directing discovery called for any 30(b)(6) depositions. Accordingly, we will be putting up Douglas Burgess in his personal capacity only at this time.

Finally, I see that you unilaterally set the date for Mr. Burgess' deposition for July 18, 2008. We have communications in to our client to see if that date is acceptable.

**Stacey A. Davis**
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 20th Street North
Wachovia Tower, Suite 1600
Birmingham, AL  35203
Direct:  205.244.3800
Fax:   205.488.3800
E-mail:  sdavis@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz represents clients across the U.S. and abroad
from offices in Alabama, Georgia, Louisiana, Mississippi, Tennessee, Washington, D.C.
and a representative office in Beijing, China.

---

**From:** David Poston [mailto:david@circlecitylaw.com]
**Sent:** Tuesday, July 08, 2008 11:15 AM
**To:** Davis, Stacey
**Subject:** MacKinnon

Stacey:

I left a voice mail regarding dates for MacKinnon's deposition. Please contact your client and advise me when he will be available.

Sincerely,
*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167

7/15/2008

## David Poston

**From:** Davis, Stacey [sdavis@bakerdonelson.com]
**Sent:** Tuesday, July 08, 2008 11:18 AM
**To:** David Poston
**Cc:** Singer, Fern
**Subject:** RE: Doug MacKinnon

David

We are not authorized to accept service of the summons and complaint on behalf of Doug MacKinnon.

**Stacey A. Davis**
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 20th Street North
Wachovia Tower, Suite 1600
Birmingham, AL  35203
Direct:  205.244.3800
Fax:  205.488.3800
E-mail:  sdavis@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz represents clients across the U.S. and abroad
from offices in Alabama, Georgia, Louisiana, Mississippi, Tennessee, Washington, D.C.
and a representative office in Beijing, China.

> **From:** David Poston [mailto:david@circlecitylaw.com]
> **Sent:** Monday, July 07, 2008 6:03 PM
> **To:** Davis, Stacey
> **Subject:** Doug MacKinnon
>
> Stacey:
>
> Are you authorized to accept service of the summons and complaint as to Doug MacKinnon?  I understand that service of the summons does not constitute waiver of your right to assert personal jurisdiction.
>
> Sincerely,
> *David G. Poston*
>
> David G. Poston
> BROCK & STOUT
> P. O. Drawer 311167
> Enterprise, AL  36331-1167
> david@circlecitylaw.com
>
> 334-671-2044
>
> This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

### David Poston

**From:** David Poston [david@circlecitylaw.com]
**Sent:** Tuesday, July 08, 2008 3:35 PM
**To:** 'Davis, Stacey'
**Subject:** RE: Streeter v. Burgess

Stacey:

Given the delay from Burgess, I am beginning now to try and establish deposition dates for MacKinnon. I seems that I will not have time to wait on written discovery from MacKinnon and then attempt to schedule a deposition.

I left a message on your voice mail in an attempt to confer and resolve the issue of Burgess individually and Burgess in his representative capacity. Because the complaint alleges civil conspiracy, the plaintiff's position is that all avenues are open for deposing Burgess, both individually and corporately. I intend to proceed as such. Please contact me so that we can attempt to work this out without court involvement.

The Plaintiff's Motion to Compel Deposition Testimony has no bearing on the Notice of Deposition. Judge Coody denied my motion and ordered that "[c]ounsel for the parties are DIRECTED to hold not later than 20 days from the date of this order, the required good faith conference." We conferred several times.

Finally, I scheduled the deposition in Enterprise because your client would not give you dates. The plaintiff could not afford to wait any longer as she is under a very strict time deadline.

Sincerely,
*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL  36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

**From:** Davis, Stacey [mailto:sdavis@bakerdonelson.com]
**Sent:** Tuesday, July 08, 2008 3:03 PM
**To:** David Poston
**Cc:** Singer, Fern
**Subject:** Streeter v. Burgess

David

> I have received your voice mail regarding deposition dates for Doug MacKinnon. I was under the impression you were going to be submitting written discovery for MacKinnon prior to taking any deposition. Are you still submitting written discovery?
>
> Also, I am in receipt of your Notice of Deposition for Douglas Burgess. As stated in our prior

correspondence, we have not agreed to put Mr. Burgess up for deposition in Enterprise, Alabama as per your Notice. Moreover, your notice is for both Douglas Burgess and the 30(b)(6) of the Office of Doug Burgess, LLC and the Law Office of Douglas Burgess, LLC. Neither your motion to compel discovery, nor the Court's Order directing discovery called for any 30(b)(6) depositions. Accordingly, we will be putting up Douglas Burgess in his personal capacity only at this time.

Finally, I see that you unilaterally set the date for Mr. Burgess' deposition for July 18, 2008. We have communications in to our client to see if that date is acceptable.

**Stacey A. Davis**
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 20th Street North
Wachovia Tower, Suite 1600
Birmingham, AL  35203
Direct: 205.244.3800
Fax:  205.488.3800
E-mail:  sdavis@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz represents clients across the U.S. and abroad
from offices in Alabama, Georgia, Louisiana, Mississippi, Tennessee, Washington, D.C.
and a representative office in Beijing, China.

---

**From:** David Poston [mailto:david@circlecitylaw.com]
**Sent:** Tuesday, July 08, 2008 11:15 AM
**To:** Davis, Stacey
**Subject:** MacKinnon

Stacey:

I left a voice mail regarding dates for MacKinnon's deposition. Please contact your client and advise me when he will be available.

Sincerely,
*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL  36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email, then
in any part of the same series of emails), such advice was not intended or written by the sender or by
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of
(1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending
to another party any transaction or tax-related matter addressed herein.

## David Poston

**From:** David Poston [david@circlecitylaw.com]
**Sent:** Tuesday, July 15, 2008 2:51 PM
**To:** 'Singer, Fern'; 'Davis, Stacey'
**Subject:** Streeter v. Burgess

Fern:

This is the follow up on my email from this morning. I believe that we have in good faith conferred sufficiently to satisfy the requirements of Rule 26. To clarify the plaintiff's position, we need deposition dates for Mr. Burgess and Mr. MacKinnon. On June 10, 2008, after Judge Coody denied the Plaintiff's Motion to compel deposition testimony, and after Judge Watkins allowed the plaintiff an opportunity to depose both Burgess and MacKinnon, I immediately began seeking deposition dates for Burgess. Not counting our discussions, there have been fifteen telephone calls or emails regarding the specific subject of deposing Burgess. This is my last attempt to request deposition dates for Burgess and MacKinnon. If I do not have proposed dates by the close of business this Thursday, I will once again Notice Mr. Burgess' deposition. If he does not attend the third deposition, I will have no choice but to seek sanctions against Burgess.

As to MacKinnon, if I do not have proposed dates, I will also notice his deposition and will also seek sanctions if he fails to appear at the deposition.

There was also a dispute as to whether I could depose Burgess both individually and as a corporate representative of his LLC's. I continue to reiterate the pLaintiff's position that the civil conspiracy complaint opens all avenues to Burgess, both individually and corporately. Please contact me so that we may resolve this issue.

Please speak with both Burgess and MacKinnon so that we do not have to involve the court in mundane matters such as depositions. Thank you for your help in this matter. As I mentioned to you yesterday, I appreciate all you are doing to obtain deposition dates.

Sincerely,
*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL 36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.