IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RUBY STREETER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | CASE NUMBER: 1:07-cv-97-WKW |
| | ) | |
| OFFICE OF DOUGLAS R. BURGESS, LLC., | ) | |
| DOUGLAS R. BURGESS, Individually, | ) | |
| ET AL. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## PLAINTIFF'S REPORT TO COURT REGARDING PROGRESS OF DISCOVERY

COMES NOW, the Plaintiff, Ruby Streeter, by and through her undersigned attorney, in

response to this Honorable Court's Order dated July 11, 2008 (Doc. No. 90), and states as follows:

1.      On October 15, 2007, the Plaintiff filed her first Motion to Amend her Complaint.

The proposed Amended Complaint added additional Defendants including, but not limited to,

Douglas J. MacKinnon (hereinafter, "MacKinnon").

2.      On February 21, 2008, the Court granted the Plaintiff's Motion to Amend Complaint

and Ordered that the proposed Amended Complaint was deemed admitted (Doc. No. 54).

3.      On February 28, 2008, in accordance with Ala. R. Civ. Proc. 4(c)(1) & (i)(2)(B), the

Plaintiff perfected service on Defendant, MacKinnon (Doc. No. 57).

4.      On May 21, 2008, the Defendant, MacKinnon, filed a Motion to Dismiss for Lack of

Personal Jurisdiction (Doc. No. 83).

5.      On June 2, 2008, the Plaintiff filed a Motion to Permit Jurisdictional Discovery as it

pertained to Defendant MacKinnon's Motion to Dismiss (Doc. No. 87).

6.     On June 11, 2008, this Honorable Court granted the Plaintiff's Motion to Allow Jurisdictional Discovery (Doc. 90). The Court's Order also allowed the Plaintiff to conduct a telephonic deposition of the Defendant, MacKinnon, and to conduct a deposition of Defendant, Douglas R. Burgess (hereinafter, "Burgess"). Defendant MacKinnon's Motion to Dismiss was continued generally pending the Plaintiff's Report, which is contained herein.

### PLAINTIFF'S REPORT REGARDING DISCOVERY

A.     Plaintiff's Attempts to Obtain Deposition Dates:

7.     On June 10, 2008, one (1) day before this Honorable Court entered an Order permitting jurisdictional discovery, the undersigned telephoned opposing counsel so as to meet and confer, in accordance with Fed. R. Civ. Proc. 26, regarding deposing Defendant, Burgess.

8.     On June 11, 2008, the day that this Honorable Court granted Plaintiff's request to conduct jurisdictional discovery, the undersigned emailed opposing counsel to confirm prior discussions regarding Burgess' deposition.

9.     Over the course of the next thirty (30) days, the undersigned either spoke with or corresponded with opposing counsel, on seventeen (17) occasions, in an attempt to obtain deposition dates for Burgess and MacKinnon. See accumulation of emails attached hereto as Exhibit "1."

B.     Burgess' Notice of Deposition:

10.     On July 3, 2008, the Plaintiff, having obtained no proposed deposition dates and being aware of the Court's deadline of July 21, 2008 to file this instant report, the Plaintiff summarily noticed Burgess' deposition in Enterprise, Alabama for July 18, 2008, at 9:30 a.m. See attached Exhibit "2," Notice of Deposition.

11.     The undersigned was notified that Burgess would not attend the deposition because the proposed deposition date was inconvenient for opposing counsel.

12.     The deposition did not occur.

C.     Subpoenas:

13.     The Plaintiff, having received no deposition dates, began serving subpoenas on Burgess' telephone companies, Landlord, and bank in an attempt to prove that MacKinnon, or one of MacKinnon's companies, is in fact controlling Defendant, Burgess.

14.     The Plaintiff, admittedly, did not follow the exact procedures as specified in R. 45(b)(1), Fed. R. Civ. Proc. Based on improper service, Defendant, Burgess, has objected to and moved to quash the subpoenas on the grounds that notice of subpoenas were not served on him prior to service of the third party subpoenas.

15.     The Defendant, Burgess, has filed Motions to Quash all of the subpoenas. The Plaintiff has until July 31, 2008, to respond to the Motions to Quash.

16.     The subpoenas are attached to the Defendant's Motions to Quash (Doc. No. 109, Exhibits 1-7, Doc. No.'s 114 and 118).

Respectfully submitted this **21**st day of July, 2008.

BROCK & STOUT

David G. Poston, Esq.
Walter A. Blakeney, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon the following via United States Mail, postage prepaid and fully addressed *and* by electronic mail this **21st** day of July, 2008.

Fern H. Singer
Stacey A. Davis
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, P.C.
420 North 20th Street, Suite 1600
Birmingham, Alabama 35203-5202
Email: fsinger@bakerdonelson.com
        sdavis@bakerdonelson.com

Blake D. Andrews
Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259
Email: bda@starneslaw.com

David G. Poston

## David Poston

**From:**   David Poston [david@circlecitylaw.com]

**Sent:**   Wednesday, June 11, 2008 10:52 AM

**To:**     Stacey Davis (sdavis@bakerdonelson.com)

**Cc:**     Fern Singer (fsinger@bakerdonelson.com)

**Subject:** Streeter v. Burgess

Dear Stacey:

This confirms our discussion on June 10, 2008.  Please advise me whether Burgess will consent to a deposition in Enterprise, Alabama.

Sincerely,

*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL  36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

7/2/2008



PLAINTIFF'S
EXHIBIT
1

## David Poston

**From:** David Poston [david@circlecitylaw.com]

**Sent:** Friday, June 13, 2008 12:06 PM

**To:** Stacey Davis (sdavis@bakerdonelson.com)

**Cc:** Fern Singer (fsinger@bakerdonelson.com); 'Lesley Bullock'

**Subject:** Streeter v. Burgess

Dear Ms. Davis:

I left a voice mail pertaining to my attempt at scheduling the Burgess deposition. I will be in the office all day June 16-17, 2008. Please contact me at your convenience so that we may set about scheduling Burgess' deposition. My assistant, Lesley Bullock has access to my calendar. Mr. Stout is in the office as well. You may reach him at 334-671-5555.

Sincerely,

*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL 36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

## David Poston

| | |
|---|---|
| **From:** | David Poston [david@circlecitylaw.com] |
| **Sent:** | Tuesday, June 17, 2008 2:24 PM |
| **To:** | Stacey Davis (sdavis@bakerdonelson.com) |
| **Cc:** | Fern Singer (fsinger@bakerdonelson.com) |
| **Subject:** | Streeter |

Ms. Davis:

This is a follow up to my voice mail this date. Please contact my office so we may work to schedule the Doug Burgess deposition.

Sincerely,

*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL 36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

## David Poston

| | |
|---|---|
| **From:** | David Poston [david@circlecitylaw.com] |
| **Sent:** | Tuesday, June 17, 2008 2:33 PM |
| **To:** | Stacey Davis (sdavis@bakerdonelson.com) |
| **Cc:** | Fern Singer (fsinger@bakerdonelson.com) |

**Subject:** Streeter

Ms. Davis:

This confirms our conversation wherein Mr. Burgess will avail himself to an Alabama deposition. My understanding is that you will check his schedule and provide dates. Please contact my office immediately if any of the information in this letter is contrary to your understanding.

Sincerely,

*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL 36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.



WACHOVIA TOWER
420 TWENTIETH STREET NORTH
SUITE 1600
BIRMINGHAM, ALABAMA 35203
PHONE 205.328.0480
FAX 205 322.8007

www.bakerdonelson.com

STACEY A. DAVIS
Direct Dial: 205.244.3800
Direct Fax: 205.488.3800
E-Mail Address: sdavis@bakerdonelson.com

June 18, 2008

David G. Poston
Brock & Stout
PO Drawer 311167
Enterprise, AL 36331-1167

Re:   *Ruby Streeter v. Office of Douglas R. Burgess and Douglas R. Burgess, et al.*
      Civil Action No.: 1:07-cv-97-WKW

Dear Mr. Poston:

I am in receipt of your letter of June 17, 2008. This letter confirms that Doug Burgess will be made available for a deposition in Alabama, however, the deposition will take place in our offices in Birmingham, and not as stated in your letter in Enterprise, Alabama. As you know, we are under no obligation to bring Mr. Burgess to Alabama and are doing so as a courtesy to counsel.

We have taken your settlement offer under advisement and will be back in touch shortly.

Sincerely,

Stacey A. Davis

SAD:imj

## David Poston

**From:**    David Poston [david@circlecitylaw.com]

**Sent:**    Friday, June 20, 2008 4:48 PM

**To:**    Stacey Davis (sdavis@bakerdonelson.com)

**Cc:**    Fern Singer (fsinger@bakerdonelson.com)

**Subject:** Streeter v. Burgess

Ms. Davis:

I received you letter regarding the Burgess deposition. Please provide me dates in which Burgess will be available.

Sincerely,
*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL  36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

## David Poston

| | |
|---|---|
| **From:** | David Poston [david@circlecitylaw.com] |
| **Sent:** | Tuesday, June 24, 2008 4:51 PM |
| **To:** | Stacey Davis (sdavis@bakerdonelson.com) |
| **Cc:** | Fern Singer (fsinger@bakerdonelson.com) |

**Subject:** Streeter

Ms. Davis:

Please contact me to schedule deposition dates for Mr. Burgess.

Sincerely,
*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL 36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

**David Poston**

| | |
|---|---|
| **From:** | Davis, Stacey [sdavis@bakerdonelson.com] |
| **Sent:** | Wednesday, June 25, 2008 9:15 AM |
| **To:** | David Poston |
| **Subject:** | RE: Streeter |

David

I am still trying to get dates for when my client is available in July for his deposition. I tried contacting him again this morning. As soon as I know something I will contact you.

Stacey

> **From:** David Poston [mailto:david@circlecitylaw.com]
> **Sent:** Tuesday, June 24, 2008 4:51 PM
> **To:** Davis, Stacey
> **Cc:** Singer, Fern
> **Subject:** Streeter
>
> Ms. Davis:
>
> Please contact me to schedule deposition dates for Mr. Burgess.
>
> Sincerely,
> *David G. Poston*
>
> David G. Poston
> BROCK & STOUT
> P. O. Drawer 311167
> Enterprise, AL  36331-1167
> david@circlecitylaw.com
>
> 334-671-2044
>
> This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email, then
in any part of the same series of emails), such advice was not intended or written by the sender or by
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of
(1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending
to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law.
It is not intended for transmission to, or receipt by, any unauthorized persons.
If you have received this electronic mail transmission in error,
please delete it from your system without copying it, and notify the sender by reply e-mail,
so that our address record can be corrected.

7/2/2008

# David Poston

| | |
|---|---|
| **From:** | Davis, Stacey [sdavis@bakerdonelson.com] |
| **Sent:** | Tuesday, July 08, 2008 3:03 PM |
| **To:** | David Poston |
| **Cc:** | Singer, Fern |
| **Subject:** | Streeter v. Burgess |

David

I have received your voice mail regarding deposition dates for Doug MacKinnon. I was under the impression you were going to be submitting written discovery for MacKinnon prior to taking any deposition. Are you still submitting written discovery?

Also, I am in receipt of your Notice of Deposition for Douglas Burgess. As stated in our prior correspondence, we have not agreed to put Mr. Burgess up for deposition in Enterprise, Alabama as per your Notice. Moreover, your notice is for both Douglas Burgess and the 30(b)(6) of the Office of Doug Burgess, LLC and the Law Office of Douglas Burgess, LLC. Neither your motion to compel discovery, nor the Court's Order directing discovery called for any 30(b)(6) depositions. Accordingly, we will be putting up Douglas Burgess in his personal capacity only at this time.

Finally, I see that you unilaterally set the date for Mr. Burgess' deposition for July 18, 2008. We have communications in to our client to see if that date is acceptable.

**Stacey A. Davis**
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 20th Street North
Wachovia Tower, Suite 1600
Birmingham, AL 35203
Direct: 205.244.3800
Fax: 205.488.3800
E-mail: sdavis@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz represents clients across the U.S. and abroad
from offices in Alabama, Georgia, Louisiana, Mississippi, Tennessee, Washington, D.C.
and a representative office in Beijing, China.

---

**From:** David Poston [mailto:david@circlecitylaw.com]
**Sent:** Tuesday, July 08, 2008 11:15 AM
**To:** Davis, Stacey
**Subject:** MacKinnon

Stacey:

I left a voice mail regarding dates for MacKinnon's deposition. Please contact your client and advise me when he will be available.

Sincerely,

*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167

7/15/2008

## David Poston

| | |
|---|---|
| **From:** | Davis, Stacey [sdavis@bakerdonelson.com] |
| **Sent:** | Tuesday, July 08, 2008 11:18 AM |
| **To:** | David Poston |
| **Cc:** | Singer, Fern |

**Subject:** RE: Doug MacKinnon

David

We are not authorized to accept service of the summons and complaint on behalf of Doug MacKinnon.

**Stacey A. Davis**
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 20th Street North
Wachovia Tower, Suite 1600
Birmingham, AL 35203
Direct: 205.244.3800
Fax: 205.488.3800
E-mail: sdavis@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz represents clients across the U.S. and abroad
from offices in Alabama, Georgia, Louisiana, Mississippi, Tennessee, Washington, D.C.
and a representative office in Beijing, China.

---

**From:** David Poston [mailto:david@circlecitylaw.com]
**Sent:** Monday, July 07, 2008 6:03 PM
**To:** Davis, Stacey
**Subject:** Doug MacKinnon

Stacey:

Are you authorized to accept service of the summons and complaint as to Doug MacKinnon? I understand
that service of the summons does not constitute waiver of your right to assert personal jurisdiction.

Sincerely,
*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL 36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally
privileged. This information is confidential information and is intended only for the use of the individual or
entity named above. If you are not the intended recipient, you are hereby notified that any dissemination,
distribution, or copying of this communication is strictly prohibited. If you received this message in error,
please respond to the sender at once.

# David Poston

**From:** David Poston [david@circlecitylaw.com]
**Sent:** Tuesday, July 08, 2008 3:35 PM
**To:** 'Davis, Stacey'
**Subject:** RE: Streeter v. Burgess

Stacey:

Given the delay from Burgess, I am beginning now to try and establish deposition dates for MacKinnon. I seems that I will not have time to wait on written discovery from MacKinnon and then attempt to schedule a deposition.

I left a message on your voice mail in an attempt to confer and resolve the issue of Burgess individually and Burgess in his representative capacity. Because the complaint alleges civil conspiracy, the plaintiff's position is that all avenues are open for deposing Burgess, both individually and corporately. I intend to proceed as such. Please contact me so that we can attempt to work this out without court involvement.

The Plaintiff's Motion to Compel Deposition Testimony has no bearing on the Notice of Deposition. Judge Coody denied my motion and ordered that "[c]ounsel for the parties are DIRECTED to hold not later than 20 days from the date of this order, the required good faith conference." We conferred several times.

Finally, I scheduled the deposition in Enterprise because your client would not give you dates. The plaintiff could not afford to wait any longer as she is under a very strict time deadline.

Sincerely,
*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL 36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

**From:** Davis, Stacey [mailto:sdavis@bakerdonelson.com]
**Sent:** Tuesday, July 08, 2008 3:03 PM
**To:** David Poston
**Cc:** Singer, Fern
**Subject:** Streeter v. Burgess

David

> I have received your voice mail regarding deposition dates for Doug MacKinnon. I was under the impression you were going to be submitting written discovery for MacKinnon prior to taking any deposition. Are you still submitting written discovery?
>
> Also, I am in receipt of your Notice of Deposition for Douglas Burgess. As stated in our prior

correspondence, we have not agreed to put Mr. Burgess up for deposition in Enterprise, Alabama as per your Notice. Moreover, your notice is for both Douglas Burgess and the 30(b)(6) of the Office of Doug Burgess, LLC and the Law Office of Douglas Burgess, LLC. Neither your motion to compel discovery, nor the Court's Order directing discovery called for any 30(b)(6) depositions. Accordingly, we will be putting up Douglas Burgess in his personal capacity only at this time.

Finally, I see that you unilaterally set the date for Mr. Burgess' deposition for July 18, 2008. We have communications in to our client to see if that date is acceptable.

**Stacey A. Davis**
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 20th Street North
Wachovia Tower, Suite 1600
Birmingham, AL  35203
Direct: 205.244.3800
Fax:  205.488.3800
E-mail: sdavis@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz represents clients across the U.S. and abroad from offices in Alabama, Georgia, Louisiana, Mississippi, Tennessee, Washington, D.C. and a representative office in Beijing, China.

> **From:** David Poston [mailto:david@circlecitylaw.com]
> **Sent:** Tuesday, July 08, 2008 11:15 AM
> **To:** Davis, Stacey
> **Subject:** MacKinnon
>
> Stacey:
>
> I left a voice mail regarding dates for MacKinnon's deposition.  Please contact your client and advise me when he will be available.
>
> Sincerely,
> *David G. Poston*
>
> David G. Poston
> BROCK & STOUT
> P. O. Drawer 311167
> Enterprise, AL  36331-1167
> david@circlecitylaw.com
>
> 334-671-2044
>
> This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email, then
in any part of the same series of emails), such advice was not intended or written by the sender or by
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of
(1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending
to another party any transaction or tax-related matter addressed herein.

7/15/2008

## David Poston

| | |
|---|---|
| **From:** | David Poston [david@circlecitylaw.com] |
| **Sent:** | Tuesday, July 15, 2008 2:51 PM |
| **To:** | 'Singer, Fern'; 'Davis, Stacey' |
| **Subject:** | Streeter v. Burgess |

Fern:

This is the follow up on my email from this morning. I believe that we have in good faith conferred sufficiently to satisfy the requirements of Rule 26. To clarify the plaintiff's position, we need deposition dates for Mr. Burgess and Mr. MacKinnon. On June 10, 2008, after Judge Coody denied the Plaintiff's Motion to compel deposition testimony, and after Judge Watkins allowed the plaintiff an opportunity to depose both Burgess and MacKinnon, I immediately began seeking deposition dates for Burgess. Not counting our discussions, there have been fifteen telephone calls or emails regarding the specific subject of deposing Burgess. This is my last attempt to request deposition dates for Burgess and MacKinnon. If I do not have proposed dates by the close of business this Thursday, I will once again Notice Mr. Burgess' deposition. If he does not attend the third deposition, I will have no choice but to seek sanctions against Burgess.

As to MacKinnon, if I do not have proposed dates, I will also notice his deposition and will also seek sanctions if he fails to appear at the deposition.

There was also a dispute as to whether I could depose Burgess both individually and as a corporate representative of his LLC's. I continue to reiterate the pLaintiff's position that the civil conspiracy complaint opens all avenues to Burgess, both individually and corporately. Please contact me so that we may resolve this issue.

Please speak with both Burgess and MacKinnon so that we do not have to involve the court in mundane matters such as depositions. Thank you for your help in this matter. As I mentioned to you yesterday, I appreciate all you are doing to obtain deposition dates.

Sincerely,
*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL 36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:                                                )
                                                      )
RUBY STREETER,                                        )
                                                      )
        Plaintiff,                                    )        CASE NUMBER:  1:07-cv-97-WKW
vs.                                                   )
                                                      )
**OFFICE OF DOUGLAS R. BURGESS, LLC.,**               )            JURY DEMAND
**LAW OFFICE OF DOUGLAS R. BURGESS,**                 )
**LLC., DOUGLAS R. BURGESS, ESQ**.                    )
individually; **DOUGLAS J. MACKINNON**,               )
individually and as an alter ego of and/or in         )
conspiracy with Office of Douglas R. Burgess,         )
LLC., and/or Law Office of Douglas R. Burgess,        )
LLC., and/or Douglas R. Burgess individually;         )
**MARK BOHN**, individually and as an alter ego       )
of and/or in conspiracy with Office of Douglas        )
R. Burgess, LLC., and/or Law Office of Douglas        )
R. Burgess, LLC., and/or Douglas R. Burgess           )
individually; **HARVEY DENNIS**, individually and     )
as an alter ego of and/or in conspiracy with          )
Office of Douglas R. Burgess, LLC., and/or Law        )
Office of Douglas R. Burgess, LLC., and/or            )
Douglas R. Burgess individually; **ALL DEBT**         )
**TRADERS, INC**. in its Corporate capacity and       )
as an alter ego of and/or in conspiracy with          )
Office of Douglas R. Burgess, LLC., and/or Law        )
Office of Douglas R. Burgess, LLC., and/or            )
Douglas R. Burgess individually; **FIRST**            )
**AMERICAN INVESTMENT COMPANY, LLC**, in              )
its corporate capacity and as an alter ego of         )
and/or in conspiracy with Office of Douglas R.        )
Burgess, LLC., and/or Douglas R. Burgess              )
individually; and/or Law Office of Douglas R.         )
Burgess, LLC.; **FA HOLDINGS COMPANY,**               )
**LLC**, in its corporate capacity and as an alter    )
ego of and/or in conspiracy with Office of            )
Douglas R. Burgess, LLC., and/or Douglas R.           )
Burgess individually; and/or Law Office of            )
Douglas R. Burgess, LLC.; **UNISTATES CREDIT**        )
**AGENCY, LLC**, in its Corporate capacity and as     )
an alter ego of and/or in conspiracy with Office      )
of Douglas R. Burgess, LLC., and/or Law Office        )
of Douglas R. Burgess, LLC., and/or Douglas R.
Burgess individually;



**ACCOUNT MANAGEMENT SERVICES OF**    )
**NORTH AMERICA, LLC,** in its corporate    )
capacity and as an alter ego of and/or in    )
conspiracy with Office of Douglas R. Burgess,    )
LLC., and/or Law Office of Douglas R. Burgess,    )
LLC., and/or Douglas R. Burgess individually;    )
**ACCOUNT MANAGEMENT SERVICES, LLC,** in    )
its corporate capacity and as an alter ego of    )
and/or in conspiracy with Office of Douglas R.    )
Burgess, LLC., and/or Law Office of Douglas R.    )
Burgess, LLC., and/or Douglas R. Burgess    )
individually; **PORTFOLIO PARTNERS OF**    )
**AMHERST, LLC,** in its corporate capacity and    )
as an alter ego of and/or in conspiracy with    )
Office of Douglas R. Burgess, LLC., and/or Law    )
Office of Douglas R. Burgess, LLC., and/or    )
Douglas R. Burgess individually; **PORTFOLIO**    )
**PARTNERS & GMK, INC.,** in its corporate    )
capacity and as an alter ego of and/or in    )
conspiracy with Office of Douglas R. Burgess,    )
LLC., and/or Law Office of Douglas R. Burgess,    )
LLC., and/or Douglas R. Burgess individually;    )
**COLLINS LAW OFFICES, LLC,** in its corporate    )
capacity and as an alter ego of and/or in    )
conspiracy with Office of Douglas R. Burgess,    )
LLC., and/or Law Office of Douglas R. Burgess,    )
LLC., Douglas R. Burgess individually;    )
                                                          )
                                                          )
          Defendants.                          )

## NOTICE OF DEPOSITION

**TO Defendants, Douglas R. Burgess; Office of Douglas R. Burgess, LLC.; and Law
Office of Douglas R. Burgess, LLC, c/o its counsel, Fern Singer and Stacey Davis, Esq.**

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. Proc. 30(b)(1) & (b)(6), on Friday, July
18, 2008, beginning at 9:30 a.m. CST time and continuing until completed at the offices of BROCK
& STOUT, LLC., 807 East Lee Street, Enterprise, Alabama 36330, Plaintiff through counsel will take
the deposition under oath of Douglas R. Burgess and in his representative capacity of Office of
Douglas R. Burgess, LLC., and Law Office of Douglas R. Burgess, LLC., hereinafter ("Burgess"),
before a court reported qualified under Fed R. Civ. Proc. 28.

**PLEASE TAKE FURTHER NOTICE** that, the Defendant and its designated representative
must be prepared to testify regarding "matters known or reasonably available to" Defendants,
including but not limited to:

•        The collection practices of Office of Douglas R. Burgess, LLC., and/ or Law Office of Douglas
          R. Burgess, LLC.;

- The intake of collection accounts;

- Training of new employees, training of new employees in the collection area, including but not limited to training content and duration;

- Identity of each person involved in the training process;

- Describe fully any system Douglas R. Burgess, Office of Douglas R. Burgess, LLC., and/or Law Office of Douglas R. Burgess, LLC. operates to record contacts of its collectors with consumers, consumer's attorneys, or third parties in connection with the collection of consumer accounts, and Burgesses' policies for operating such a system;

- Identify and describe each and every claim made against Burgess or its agents / employees in the last three (3) years for violating the Fair Debt Collection Practices Act as it pertains to 15 U.S.C. § 1692, including the date of the claim, the case number, the status of the claim, the resolution of the claim, and any amounts paid to settle said claim;

- Identify witnesses to or participants in, collection of the Plaintiff's account;

- Explain in detail the facts upon which you rely for each affirmative defense listed in your Answer;

- Assignment of accounts to you for collection;

- Purchase of accounts for collection.

## REQUESTS FOR PRODUCTION UNDER FED. R. CIV. PROC. 34

Defendants, Douglas R. Burgess; Law Office of Douglas R. Burgess, LLC.; and Office of Douglas R. Burgess, LLC., is required to produce at the deposition the following documents for inspection, review and photocopying:

Definition "You" means Douglas R. Burgess, Individually; Law Office of Douglas R. Burgess, LLC., and Office of Douglas R. Burgess, LLC.

"Debt" refers to the alleged indebtedness owed by the Plaintiff, Ruby Streeter and which you were attempting to collect.

1.  All documents, contracts, agreements or otherwise between you and Portfolio Partners and GMK, Inc.

2.  All documents, contracts, agreements or otherwise between you and Portfolio Partners of Amherst, LLC.

3.  Produce a copy of all lease agreements between you and the landlord for the premises located at 2805 Wehrle Drive, Suite 4, Williamsville, NY 14221; 1625 Buffalo Avenue, Niagara Falls, NY 14303; and 4246 Ridge Lea Road, Amherst, NY 14226.

4.  Produce a copy of your most recent telephone bill for the telephone identified as 716-282-3300.

5.  Produce a list of all of your employees engaged in the collection of consumer accounts such as the Plaintiff's, the employee's position and the employee's responsibility.

6.  Produce all documents relating to the maintenance of procedure by you adopted to avoid violation of the Fair Debt Collection Practices Act.

7.  Produce a copy of the contract, retainer agreement, or otherwise that is currently in effect between you and Account Management Services, LLC.

8.  Produce a copy of the contract, retainer agreement, or otherwise that is currently in effect between you and Account Management Serivces of North America, LLC.

9.  Produce a copy of the contract, retainer agreement, or otherwise that is currently in effect between you and FA Holdings, LLC.

10. Produce a copy of the contract, retainer agreement, or otherwise that is currently in effect between you and First American Investment Company, LLC.

11. Produce a copy of all e-mails as between you and Douglas MacKinnon regarding the instant lawsuit.

12. Produce a copy of all e-mails as between you and Mark Bohn regarding the instant lawsuit.

13. Produce a copy of all e-mails as between you and James J. Reeves regarding the instant lawsuit.

14. Produce a copy of all e-mails as between you and Michael D. Kowalick regarding the instant lawsuit.

15. Provide a copy of your most recent internet service provider invoice. If you have multiple internet service providers, provide a copy of each such invoice.

16. Provide a copy of your most recent invoice for maintenance of the website known or identified as www.dougburgesslawoffice.com.

17. Provide a copy of your most recent invoice from any information technology (IT) service provider regarding the website known as www.dougburgesslawoffice.com.

18. Provide a copy of your most recent invoice from the maintenance of your computing system at 1625 Buffalo Avenue, Niagara Falls, NY 14303; 2805 Wehrle Drive, Suite 4, Williamsville, NY 14221; 4246 Ridge Lea Road, Amherst, NY 14226.

19. Provide a copy of your 2005 and 2006 and 2007 tax returns along with all attachments. The Plaintiff will consent to a protective order regarding this request.

20. Provide a copy of all agreements as between you and Account Management Services, LLC., First American Investment Company, LLC., First American Investment of North America, Portfolio Partners of Amherst, LLC., Portfolio Partners & GMK, Inc., regarding retention of you to collect any debt assigned.

21. Provide a copy of your most recent utility bills for the premises located at 1625 Buffalo Avenue, Niagara Falls, NY 14303; 2805 Wehrle Drive, Suite 4, Williamsville, NY 14221; 4246 Ridge Lea Road, Amherst, NY 14226.

Respectfully submitted,

BROCK & STOUT

David G. Poston, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon: Fern Singer, Esq., Stacey Davis, Esq., Will Nicholas, Esq., Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., 720 North 20th Street, Suite 1600, Birmingham, AL 35203-5202, William C. Carn, III, Lee & McKinish, P.C., Attorney for Robert Van De Mark, Esq., P. O. Box 1665, Dothan, AL 36302, Harvey Dennis, Esq., 6 Rosewood Drive, Williamsville, NY 14221, Collins Law Office, LLC., c/o Tim Collins, Manager, 4021 Deveaux Street, Niagra Falls, NY 14305, Blake D. Andrews, Starnes & Atchison, LLP., Attorney for Portfolio Partners & GMK, Inc., P. O. Box 598512, Birmingham, AL 35259-8512, Stacey Davis, Esq., Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., Attorney for Douglas J. MacKinnon, 720 North 20th Street, Suite 1600, Birmingham, AL 35203-5202, Portfolio Partners of Amherst, LLC., c/o Michael D. Kowalick, 4246 Ridge Lea Road, Amherst, NY 14226, Blake D. Andrews, Attorney for All Debt Traders Inc.,P. O. Box 598512, Birmingham, AL 35259-8512, Collins Law Office, c/o Tim Collins, Manager, 5100 Transit Road, Depew, NY 14043, Account Management Services of North America, LLC., 400 Linden Oaks, Suite 202, Rochester, NY 14625, Mark Bohn, Individually, 157 Willowod Drive, Rochester, NY 14612, Mark Bohn, Individually, 2809 Wehrle Drive, Suite 1, Williamsville, NY 14221, Account Management Services of North America, LLC, c/o Mark Bohn, President & CEO, 157 Willowood Drive, Rochester, NY 14612, First American Investment, LLC, c/o James J. Reeves, 233 W. Center Street, Medina, NY 4103-1414, FA Holdings, 2809 Wehrle Drive, Suite 1, Williamsville, NY 14221, Unistates Credit Agency, LLC., 2809 Wehrle Drive, Suite 1, Williamsville, NY 1422, by U. S. Postal Service, postage prepaid and properly addressed this the _____ day of July, 2008.

David G. Poston, Esq.