IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RUBY STREETER,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | 1:07-cv-97-WKW |
| **OFFICE OF DOUGLAS R. BURGESS,** ) | |
| **LLC, and DOUGLAS R. BURGESS,** ) | |
| **ET AL.,** ) | |
| ) | |
|     **Defendants.** ) | |

**OFFICE OF DOUGLAS R. BURGESS, LLC'S AND DOUGLAS R. BURGESS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively Federal Rule of Civil Procedure 56, Defendants Office of Douglas R. Burgess, LLC and Douglas R. Burgess (collectively the "Burgess Defendants") move this Court to dismiss all counts of Plaintiff's Amended Complaint on the grounds that they are moot. The Burgess Defendants provide the following as additional support for their motion.

**I.    STATEMENT OF FACTS**

1.    On February 5, 2007, Plaintiff Ruby Streeter ("Streeter") filed suit against the Burgess Defendants under the Fair Debt Collection Practices Act ("FDCPA") and asserted other state law claims. Streeter later amended her complaint to add additional parties and then to add an additional claim.

2.    On July 7, 2008, the Burgess Defendants served an offer of judgment[1] on Streeter, which provided, in part, as follows:

---

[1] The Burgess Defendants previously served two other offers of judgment on the Streeter. Both offers were rejected and the Burgess Defendants filed a motion to dismiss on the grounds that Streeter's claims were mooted by such offers of judgment. (Doc. 47-3). This Court denied the Burgess Defendants' motion. (Doc. 54).

> Defendants Office of Douglas R. Burgess, LLC and Douglas R. Burgess hereby offer to allow judgment to be entered against them in the above-styled case in the total amount of $1,001.00 for all statutory damages, plus, in an amount to be determined by the Court, any actual damages, any state cause of action damages, and any reasonable attorney's fees and costs. Such collective amount shall represent the entire judgment as to all of Plaintiff's claims against Defendants, of any kind.

3. Streeter rejected the offer of judgment on July 11, 2008.

## II.   STANDARD OF REVIEW

A 12(b)(1) motion is due to be granted if the court lacks subject matter jurisdiction over the plaintiff's action. *See* FED. R. CIV. P. 12(b)(1). A motion for lack of subject matter jurisdiction may be brought at any time: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Moreover, "'when parties lack a legally cognizable interest in the outcome [of a case],' a claim becomes moot for lack of subject matter jurisdiction. *Milton v. Rosicki, Rosicki & Associates, P.C.*, 2007 WL 2262893, *1 (E.D.N.Y. 2007) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

## III.   LEGAL ARGUMENT

### A.   Offers of Judgment

As this Court previously noted, "Rule 68 allows a defendant to make an offer of judgment; if a plaintiff refuses the offer and then ultimately recovers less at trial than the offer amount, the plaintiff is required to pay the costs incurred from the time of the offer." (Doc. 54, citing *Ass'n of Disabled Ams. V. Neptune Designs, Inc.*, 469 F.3d 1357, 1360 fn. 4 (11th Cir. 2006)). "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op, Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002) (citations omitted). Rule 68

> prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success on the merits. . . . Thus, Rule 68 offers must provide 'a clear baseline form which plaintiffs may evaluate the merits of their case relative to the value of the offer.'"

*Basha v. Mitsubishi Motor Credit of America, Inc.*, 336 F.3d 451, 455 (5th Cir. 2003) (citing *Thomas v. National Football League Players Ass'n*, 273 F.3d 1124, 1130 (D.C.Cir. 2001) (quotations omitted).

B.  **An Offer of Judgment Can Moot a Plaintiff's FDCPA Claim**

Without a live controversy, a plaintiff's claim must be dismissed as moot. *See National Advert Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) ("By its very nature a moot suit cannot present an Article III case and controversy and the federal courts lack subject matter jurisdiction to entertain it). "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under FED. R. CIV. P. 12(b)(1), because he has no remaining stake." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991); *see also Williams v. McCallum Group Enterprises, Inc.*, 2008 WL 203302, *1 (M.D. Fla. 2008). "Even when one party wishes to persist to judgment, an offer to accord all of the relief demanded may moot the case." 13A Charles Allan Wright & Arthur R. Miller, Fed. Practice and Procedure: Jurisdiction 2d § 3533.2, at 236 (2d ed. 1984).

In its opinion on the Burgess Defendants' prior motion to dismiss, the Court noted that the Eleventh Circuit Court of Appeals has not addressed the issue of whether an offer of judgment can moot a plaintiff's FDCPA claims. The Court, however, did cite several cases from district courts in the Eleventh Circuit holding that "a proper offer of judgment for full and complete relief could in some instances render a plaintiff's claim moot." (Doc. 54 at fn. 1). These cases include *Williams v. McCallum Group Enters., Inc.*, 2008 WL 203302, at *1 (M.D.

3

Fla. Jan. 23, 2008); *Holcomb v. Mortgage House, Inc.*, 2007 WL 129008, at * 2 (M.D. Fla. Jan. 13, 2007); *Taylor v. CompUSA, Inc.*, 2004 WL 1660937, at *2 (N.D. Ga. July 14, 2004) (unreported); and *Mackenzie v. Kindred Hosp. E. L.L.C.*, 276 F. Supp. 2d 1211 (M.D. Fla. 2003).

Moreover, other jurisdictions have held that an offer of judgment can act to moot a plaintiff's FDCPA claims. *See Weiss v. Regal Collections,* 385 F.3d 337 (3d. Cir. 2004) (affirming lower court's grant of dismissal because offer of judgment to plaintiff was an offer of complete relief); *Milton*, 2007 WL 2262893, *1 (granting defendant's motion to dismiss plaintiff's FDCPA claims for lack of subject matter jurisdiction, because defendant's offer of judgment renders plaintiff's action moot).

**C.     Streeter's FDCPA and State Law Claims are Moot**

Streeter's claims against the Burgess Defendants are moot, because the Burgess Defendants offered to Streeter the maximum amount of relief that she could obtain under the law for her FDCPA and state law claims.

Pursuant to the FDCPA, any debt collector who fails to comply with the provisions of the FDCPA is liable for damages, including (1) any actual damage sustained by the plaintiff as a result of such failure to comply; (2) additional damages the court may allow, but not exceeding $1,000; and (3) the cost of the action and a reasonable attorney's fee as determined by the court. *See* 15 U.S.C. § 1692(k) and *Milton*, 2007 WL 2262893, *3.

"Actual damages compensate a plaintiff for out of pocket expenses, personal humiliation, embarrassment, mental anguish, and/or emotional distress that results from defendant's failure to comply with the FDCPA." *Milton*, 2007 WL 2262893, *3 (citations omitted). With respect to additional damages, "[w]hile the decision as to whether to award additional damages and the size

4

of the award is committed to the sound discretion of the court, a maximum of $1,000.00 can be awarded for each case, not for each FDCPA violation or improper communication" *Id*.

Here, the Burgess Defendants offered Streeter her actual damages for her FDCPA claims as may be determined by this Court. Moreover, the Burgess Defendants offered Streeter additional damages in the amount of $1,001, an amount exceeding that allowed by statute. *See generally Milton*, 2007 WL 2262893, * 3 (noting that) (internal citations and quotations omitted). The Burgess Defendants also offered Streeter her costs incurred as a result of the action, as well as a reasonable attorney's fee, both to be determined by the Court. Finally, the offer allowed Streeter to recover her actual damages for her state law causes of action.

The Burgess Defendants' offer of judgment provided a "clear baseline" for Streeter to evaluate the her claims. Burgess' offer gives Plaintiff the maximum actual damages that she is entitled to for both her FDCPA and state law claims. Streeter cannot dispute that $1,0001.00 is more than the maximum amount of additional FDCPA statutory damages she can be awarded under any scenario. Finally, Burgess' offer gives Plaintiff reasonable costs and attorneys' fees as determined by this Court. *See Williams*, 2008 WL 203302, at *1 (finding an offer of judgment that leaves attorney's fees and costs uncapped, but limited only to a reasonable amount, did not prevent it from mooting the plaintiff's claims). The Burgess Defendants' offer gives Streeter the maximum damages to which she is entitled.

IV. **CONCLUSION**

Streeter's claims became moot on July 7, 2008 when Burgess served upon Streeter an offer of judgment in the amount of statutory damages of $1,001, and all actual damages for the FDCPA action and Streeter's state law claims, plus reasonable costs and attorney's fees determined by this Court.

Accordingly, the Burgess Defendants move this Court to dismiss Streeter's claims pending against the Burgess Defendants for lack of subject matter jurisdiction. *See Ambalu v. Rosenblatt*, 194 F.R.D. 451 (E.D.N.Y. 2000) (finding an action becomes moot and is due to be dismissed when a defendant offers judgment in a FDCPA action that provides plaintiff all of the relief the plaintiff is entitled).

/s/Fern H. Singer
FERN H. SINGER
STACEY A. DAVIS
Attorneys for Defendant

**OF COUNSEL:**
**BAKER, DONELSON, BEARMAN,**
   **CALDWELL & BERKOWITZ, PC**
420 North 20th Street, Suite 1600
Birmingham, Alabama  35203-5202
(205) 244-3800 (Phone)
(205) 488-3800 (Facsimile)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon the following counsel of record via facsimile and/or U.S. Mail on this the 21st day of July, 2008:

Gary Wyatt Stout
David Gerald Poston
Michael Derek Brock
Walter Allen Blakeney
Brock & Stout
PO Drawer 311167
Enterprise, AL 36331-1167
334-393-0026 (facsimile)

William Carlisle Carn, III
William Wayne Nichols
Lee & McInish
PO Box 1665
Dothan, AL 36302-1665
334-794-8342 (facsimile)

Blake Donald Andrews
Starnes & Atchison
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
205-868-6099 (facsimile)

/s/Fern H. Singer
OF COUNSEL