IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:                                                )
                                                      )
RUBY STREETER,                                        )
                                                      )
        PLAINTIFF,                                    )
                                                      )
vs.                                                   )    CASE NUMBER:  1:07-cv-97-WKW
                                                      )
OFFICE OF DOUGLAS R. BURGESS, LLC.,                   )
DOUGLAS R. BURGESS, Individually,                     )
ET AL.                                                )
                                                      )
        DEFENDANTS.                                   )

## PLAINTIFF'S RESPONSE TO DEFENDANT, PORTFOLIO PARTNERS & GMK, INC.'S, MOTION TO DISMISS AND RENEWED REQUEST FOR DISCOVERY AS TO DEFENDANT

COMES NOW, the Plaintiff, Ruby Streeter, by and through her undersigned attorney, and in response to the Defendant, Portfolio Partners & GMK, Inc.'s, Motion to Dismiss states as follows:

### I.  INTRODUCTION

1.      On February 5, 2007, the Plaintiff filed her Complaint in the United States District Court for the Middle District of Alabama asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA"), and supplemental state law claims.

2.      On October 15, 2007, the Plaintiff filed a Motion to Amend her Complaint in order to include additional Defendants.

3.      On November 7, 2007, this Honorable Court entered an Order to Show Cause as to why the Plaintiff's Motion to Amend the Complaint should not be granted.

4.      On February 21, 2008, this Honorable Court granted the Plaintiff's Motion to Amend the Complaint.

5.    On June 27, 2008, the filed her Second Motion to Amend Complaint in order to include additional state law claims.

6.    On June 27, 2008, the Defendant, Portfolio Partners & GMK, Inc., filed a Motion to Dismiss based upon this Honorable Court's lack of personal jurisdiction.

7.    On July 2, 2008, this Honorable Court granted the Plaintiff's Second Motion to Amend Complaint.

8.    On July 8, 2008, the Plaintiff filed her Second Amended Complaint. Count V of the Plaintiff's Second Amended Complaint asserted a civil conspiracy, by all named Defendants, the genesis of which was that the Defendants acting in concert conspired to collect debts by unlawful means in violation of the FDCPA.

## II.  DEFENDANT'S MOTION TO DISMISS IS DUE TO BE DENIED

State law dictates whether personal jurisdiction can be obtained under a state long-arm statute based upon a conspiracy theory. Matthews v. Brookstone Stores, 469 F. Supp. 2d. 1056, 1066 n.14 (S.D. Ala. 2007) quoting Miller Yacht Sales, Inc. v. Smith, 384 F. 3d. 93, 102, n. 8 (3rd Cir. 2004); see also Stauffacher v. Bennett, 969 F. 2d. 455, 460 (7th Cir. 1992); Posner v. Essex Ins. Co., 178 F. 3d. 1209, 1215 (11th Cir. 1999). Alabama courts recognize and have adopted the conspiracy theory of personal jurisdiction. Matthews at 1066; see also Ex parte United Ins. Co. Inc. 936 So. 2d. 1049, (Ala. 2006); Ex parte McInnis, 820 So. 2d. 795, 806-807 (Ala. 2001).

Under a civil conspiracy count, "personal jurisdiction can be exercised over a Defendant who lacks minimum contacts to the form state in the traditional sense if a substantial connection exists between that form and a conspiracy entered into by that Defendant." Matthews at 1066. See also Prof'l Locate & Recovery, Inc. v. Prime, Inc., 2007 U.S. Dist. LEXIS 40979 (S.D. Ala. 2007),

Mitchell Co. v. Campus, 2008 U.S. Dist. LEXIS 3450 (S.D. Ala. 2008).

In order to establish personal jurisdiction under a civil conspiracy theory, the Plaintiff must "plead with particularity the conspiracy as well the overt acts within the forum taken in furtherance of the conspiracy." McInnis, 820 So. 2d. at 806-807. The conspiracy claims in the Plaintiff's Complaint must exceed "bald speculation" in mere conclusory assertions. Ex parte Reindell, 963 So. 2d. 614, 623 (Ala. 2007) quoting Ex parte McInnis, 820 So. 2d. at 806.

"Until 'controverted by the Defendant's affidavits,' the Plaintiff's jurisdictional allegations must be considered as true." Ex parte Reindell, at 623-624 quoting Weinger Tree Serv. v. Royal Truck and Equip. Inc., 853 So. 2d. 888, 894 (Ala. 2002). That is, a complaint that asserts jurisdiction based on civil conspiracy with sufficient particularity, the Defendant's "failure to deny by affidavit or deposition in the existence of, or participation in, a conspiracy will result in a denial of a Motion to Dismiss for lack of jurisdiction." Ex parte Reindell, at 624. See also McLaughlin v. Copeland, 435 F. Supp. at 530 (D.Md. 1977); and Mandelkorn v. Patrick, 359 F. Supp. 692, 696 (D.D.C. 1973).

In the instant case, there can be no doubt that the Plaintiff's Complaint "pleads with particularity the conspiracy as well as the overt acts within the forum taken in furtherance of the conspiracy." The Plaintiff's Complaint alleges that the Defendant, Portfolio Partners & GMK, Inc., "is an alter ego of the individual Defendants and/or a Co-Conspirator with Burgess' companies, and/or Burgess, individually." See P's Amd. Cmp. at ¶ 18. Furthermore, "Count V - Civil Conspiracy" of the Plaintiff's Complaint details the civil conspiracy entered into by the Defendants as well as the overt acts taken by Defendants. See P's Amd. Cmp. at ¶ 52-58. The overt acts taken by the Defendants against the Plaintiff are also set forth throughout the Plaintiff's Complaint. See P's Amd. Cmp. at ¶ 27-37.

The Defendant, Portfolio Partners & GMK, Inc.'s, Motion to Dismiss does not deny the existence of the Defendant's participation in a conspiracy. The Defendant's Motion to Dismiss merely states "Portfolio Partners & GMK does not do business as Burgess Law Office as alleged in the Complaint. Furthermore, Portfolio Partners & GMK functions as its own enterprise and does not function as a single enterprise with the other Defendants." See D's Mtn. to Dis. at ¶ 5. See also Aff. of Michael Kowalick, President of Portfolio Partners & GMK, Inc. Neither the Defendant's Motion to Dismiss nor the Affidavit of Michael Kowalick explicitly deny the existence of a civil conspiracy perpetrated by all Defendants. The Defendant, Portfolio Partners & GMK, Inc., does not deny that Defendant, Burgess, is its agent or that Defendant, Burgess, attempts to collect debts. In fact, the Defendant fails to deny the vast majority of the Plaintiff's allegations regarding its involvement alleged in the Plaintiff's Complaint.

By failing to deny the allegations set forth in the Plaintiff's Complaint, the Defendant has failed to make a prima facie evidentiary showing that the Court has no personal jurisdiction over the Defendant. As such, allegations set forth in the Plaintiff's Complaint must be viewed as true. Therefore, the Defendant's Motion to Dismiss is due to be denied.

The Defendant bears the burden of making a prima facie evidentiary showing that this Honorable Court has no personal jurisdiction before the Plaintiff is required to provide evidence of the allegations in the Complaint via affidavits or other proof. Ex parte Reindell, at 623. See also Ex parte United Ins. Co., 936 So. 2d. at 1053 ("'[I]f the Defendant makes a prima facie evidentiary showing that the Court has no personal jurisdiction,' the Plaintiff is then required to substantiate the jurisdictional allegations in the Complaint by affidavits or other competent proof...."); Ex parte Buffkin, 936 So. 2d. 1042 (Ala. 2006) at 1045 ("'However, if the Defendant makes a prima facie evidentiary showing that the Court has no personal jurisdiction, "the Plaintiff is then required to substantiate the jurisdictional allegations in the Complaint by affidavits or competent proof...."'").

III.  THE DEFENDANT IS LIABLE FOR THE ACTS OF ITS CO-CONSPIRATORS

The Defendant, Portfolio Partners & GMK, Inc.'s, attempt to collect debts is irrelevant. As a

business which places debts for collection, it can still be found liable under the FDCPA as well as

the state law causes of action enumerated in the Plaintiff's Complaint not only for its own acts but

also for the acts of its agent. Kimber v. Federal Fin'l Corp., 668 F. Supp. 1480, 1486 (M.D. Ala.

1987) ("debt collectors employing attorneys or other agents to carry out debt collection practices

that violate the FDCPA are vicariously liable for their agent's conduct"); Johnson v. Midland Credit

Mgmt., Inc., 2006 WL 2473004 (N.D. Oh. 2006) ("the parent corporation of the debt collector

would not be liable without sufficient evidence of the required showing that the entities were 'a

single economic enterprise....'"); Hernandez v. Midland Credit Mgmt. Inc., 2006 WL 695451 (N.D.

Ill. 2006) (allegations showing that Defendant, Encore, at least "indirectly" engaged in collection of

debt for third party were adequate to state a claim that Encore was a "debt collector"); Munoz v.

Pikestone Fin., LLC., 397 F. Supp. 2d. 1129 (D. Minn. 2005); (purchaser of defaulted debt

portfolios was debt collector, notwithstanding that it itself did not communicate with consumers in

an attempt to collect a debt; where instead, actual collection efforts were performed by another

debt collector with whom it contracted); Belin v. Litton Loan Serv. L.P., 2006 WL 1992410 (M.D.

Fla. 2006) (general partners of debt collector limited partnership may be held vicariously liable

under FDCPA for partnership's conduct); Kimber v. Federal Fin'l Corp., 668 F. Supp. 1480, 1486

(M.D. Ala. 1987) ("debt collectors employing attorneys or other agents to carry out debt collection

practices that violate the FDCPA are vicariously liable for their agent's conduct").

Based upon the above case-law, it is clear that the Defendant, Portfolio Partners & GMK,

Inc., can potentially be held liable for the actions of its partners or agents in the alleged debt

collection scheme. The Defendant could be found liable under the law not only in regards to

violations of the FDCPA, but also liable for the various state law allegations set forth in the Plaintiff's

Complaint.

## IV.  PLAINTIFF RENEWS HER REQUEST FOR DISCOVERY

The Plaintiff has previously requested this Court allow discovery in this matter. The Plaintiff renews her request with the hope that the requested discovery will result in additional evidence of the conspiracy between the Defendants in this action.

By filing its Motion to Dismiss, the Defendant is attempting to force the Plaintiff to disclose sensitive evidence regarding the nature of the Defendant's conspiracy in this matter at this early stage of litigation. Such a disclosure, prior to depositions, would be detrimental to the Plaintiff's case in chief. The Plaintiff has some evidence, which must be authenticated, that shows Portfolio Partners & GMK, Inc. has entered into a conspiracy with other Defendants, or is under control of, and may be controlled by one or more of the named Defendants in this case. The Plaintiff requests this Honorable Court permit discovery, including the issuance of subpoenas, as well as the taking of depositions, in order for the Plaintiff to further prove the allegations set forth in the Complaint. The Plaintiff respectfully requests this Honorable Court permit discovery through these means prior to the Plaintiff's disclosure of the evidence currently in her possession.

In the alternative, the Plaintiff is willing to provide all evidence in her possession for this Honorable Court's review. The dissemination of this information to the Defendant prior to full discovery could have a chilling effect as to the information sought by the Plaintiff. Due to these circumstances, the Plaintiff would ask that any documents be filed under seal and for the Court's review only.

## CONCLUSION

WHEREFORE, the Plaintiff requests this Honorable Court deny the Defendant, Portfolio Partners & GMK, Inc.'s, Motion to Dismiss; allow the Plaintiff to conduct discovery as to the relationship between the Co-Conspirators, or in the alternative, allow the Plaintiff to present her evidence to this Honorable Court under seal for the Court's review only; and, for all other relief that is just.

Respectfully submitted this **22nd** day of July, 2008.

BROCK & STOUT

Walter A. Blakeney, Esq.
David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon the following via United States Mail, postage prepaid and fully addressed *and* by electronic mail this **22nd** day of July, 2008.

Fern H. Singer
Stacey A. Davis
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, P.C.
420 North 20th Street, Suite 1600
Birmingham, Alabama 35203-5202
Email: fsinger@bakerdonelson.com
        sdavis@bakerdonelson.com

Blake D. Andrews
Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259
Email: bda@starneslaw.com

Walter A. Blakeney, Esq.