IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RUBY STREETER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-0097-WKW |
| | ) | |
| OFFICE of DOUGLAS R. BURGESS, | ) | |
| LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

There are currently eleven motions[1] pending in this case. In this order, the court resolves six of them: Defendants Douglas R. Burgess and Office of Douglas R. Burgess, LLC's Motion for Order of Mediation and to Stay Discovery (Doc. # 107); Plaintiff's Motion for Extension of Time for Service of Summons and Complaint (Doc. # 125); Plaintiff's Motion to Allow Discovery Regarding Jurisdiction and Request for Extension of Briefing Schedule Pending Completion of Discovery (Doc. # 126); Defendants Douglas R. Burgess and Office of Douglas R. Burgess, LLC's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. # 129); Plaintiff's Motion to Permit Amended Summons (Doc. # 132); and Defendant Robert Van de Mark's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 85).

[1] These include four motions to dismiss for lack of personal jurisdiction (Docs. # 83, # 85, # 94 & # 95); two motions to quash (Docs. # 109 & # 114); one motion to dismiss or, in the alternative, motion for summary judgment (Doc. # 129); one motion seeking to stay discovery (Doc. # 107); one seeking to allow discovery (Doc. # 126); one motion to extend the time to serve a defendant (Doc. # 125); and one motion to permit an amendment to a summons (Doc. # 132).

### *A. Defendants' Motion for Order of Mediation and to Stay Discovery*

Defendants Douglas R. Burgess ("Burgess") and Office of Douglas R. Burgess, LLC ("Office of Burgess"),[2] ask the court to order the parties to mediate and to stay discovery for forty-five days while the parties mediate. (Doc. # 107.) The plaintiff does not believe mediation is appropriate until she has conducted some discovery. (Doc. # 127.) Under the circumstances, the court concludes that this motion is due to be denied.

While the case was filed nearly eighteen months ago, it has not progressed beyond the initial stage of litigation: one defendant has not been served, eight others have not filed answers, and there are *five* motions to dismiss pending. Granting a stay at this stage so that the parties can mediate will contribute to the congestion. At this point, mediation necessarily would be piecemeal and therefore premature. The motion is due to be denied, though the court will no doubt strongly encourage mediation at an appropriate procedural interlude.

### *B. Plaintiff's Motion for Extension of Time for Service of Summons and Complaint*

Next is Plaintiff Ruby Streeter's ("Streeter") motion to extend the time she has to serve defendant Mark Bohn ("Bohn"). On February 21, 2008, Streeter's First Amended Complaint was deemed filed, which added Bohn as a party. (Doc. # 54.) Because Streeter had not served Bohn within 120 days of filing her amended complaint, the court ordered her

---

[2] The Second Amended Complaint (Doc. # 99) also names Law Office of Douglas R. Burgess, LLC ("Law Office of Burgess") as a defendant. However, Law Office of Burgess did not join in this motion. According to the complaint, both Law Office of Burgess and Office of Burgess are limited liability companies organized in New York, and each has the same principal place of business address. (Second Am. Compl. ¶ 13.)

to serve him on before July 23, 2008. (Doc. # 92.) Before the deadline passed, Streeter filed the instant motion, seeking additional time to serve Bohn.

Under Rule 4(m),

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Eleventh Circuit has recognized that a district court has discretion under Rule 4(m) to extend the time for service of process even in the absence of a showing of good cause. *See Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005). Though Streeter has not served Bohn, she has hired a process server to effectuate service. The court finds that Streeter's motion to extend the deadline to serve Bohn is due to be granted within limits set forth below.

***C. Plaintiff's Motion to Allow Discovery Regarding Jurisdiction and Request for Extension of Briefing Schedule Pending Completion of Discovery***

Defendants All Debt Traders, LLC, and Portfolio Partners & GMK, Inc., recently filed motions to dismiss for lack of personal jurisdiction. (*See* Docs. # 94 & # 95.) Streeter asks the court to postpone briefing and allow her the opportunity to conduct jurisdictional discovery.[3] (Doc. # 126.) Two other defendants previously filed motions to dismiss, and

[3] Streeter's response briefs were due on July 22, 2008. Because the court had not ruled on her motion to extend time, she filed responses to the motions. (*See* Docs. # 130 & # 131.) The court is granting Streeter's motion to extend the time for her response; therefore, her two responses will be stricken from the record.

the court granted a similar motion allowing discovery. (*See* Doc. # 90.) For the reasons stated in that order, plaintiff's motion is due to be granted.

Streeter also asks the court for an order permitting her to depose Burgess in both his individual and corporate capacity. Because Burgess, Office of Burgess, or Law Office of Burgess do not contest jurisdiction, the court finds that this motion is due to be granted.

The pace of the case is disappointing and due to be increased. On June 11, 2008, the court entered an order (Doc. # 90) allowing jurisdictional discovery, including the deposition of Burgess in person and of defendant Douglas J .MacKinnon ("MacKinnon") by telephone. Neither defendant has been deposed, and neither deposition has been scheduled. The court intends that this be accomplished soon. Burgess shall sit for a deposition in the Birmingham office of his attorney, unless the parties agree to another location. If the parties have not agreed **by noon, August 8, 2008**, to a date to depose Burgess that is on or before August 22, 2008, the parties shall **immediately** schedule a conference with Judge Coody, at which counsel will appear with their calendars and the calendar of Burgess. Similarly, if the parties have not agreed **by noon, August 8, 2008**, to a date to depose MacKinnon by telephone that is on or before August 22, 2008, the parties shall **immediately** schedule a conference with Judge Coody, at which counsel will appear with their calendars and the calendar of McKinnon. The parties are free to agree to other dates so long as they may be characterized as soon.

***D. Defendants Office of Douglas R. Burgess, LLC, and Douglas Burgess' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment***

On July 22, 2008, Office of Burgess and Burgess filed a motion to dismiss or, in the alternative, for summary judgment (Doc. # 129) based on offers of judgment made to Streeter. Burgess and Office of Burgess made the following offer of judgment to Streeter on July 7, 2008:

> Defendants Office of Douglas R. Burgess, LLC and Douglas R. Burgess hereby offer to allow judgment to be entered against them in the above-styled case in the total amount of $1001.00 for all statutory damages, plus, in an amount to be determined by the Court, any actual damages, any state cause of action damages, and any reasonable attorney's fees and costs. Such collective amount shall represent the entire judgment as to all of Plaintiff's claims against Defendants, of any kind.

(Doc. # 129 ¶ 2.) Streeter rejected the offer of judgment on July 11, 2008. Burgess and Office of Burgess claim that the plaintiff's claims against them are due to be dismissed because they are now moot.

Burgess and Office of Burgess made a nearly identical motion before, which was denied. (*See* Doc. # 54.) At that time, they made the following offer of judgment: "$1,0001.00 for all statutory damages, actual damages and any state cause of action damages in any amount to be determined by the Court, as well as all reasonable attorney fees to date and costs to be determined by the Court." (*Id.* at 6.) The court denied the motion on multiple grounds, including that it was ambiguous because it did not specify the amount of actual damages and state law cause of action damages.

The previous analysis explains why this motion is due to be denied. (*See id.*) As

explained, the Eleventh Circuit has never held that a plaintiff's claims are mooted if she rejects an offer of judgment that would satisfy her entire demand. Even if Streeter's refusal to accept an offer of judgment could moot her claims, the one presently before the court is invalid. First, like the previous offer of judgment, it is not sufficiently definite because it does not quantify the amount of damages Streeter is to receive for her actual damages and state law cause of action damages. *See Basha v. Mitsubishi Motor Credit of Am., Inc.*, 336 F.3d 451, 455 (5th Cir. 2003) (affirming a district court's refusal to enter judgment when the proposed offer of judgment provided for the payment of attorney fees but did not quantify the amount). Besides leaving open the amount of damages, the offer of judgment does not provide that a jury will decide this issue, even though Streeter has requested a jury trial. Accordingly, the court concludes that the purported offer of judgment is invalid. These defendants have raised the issue twice. The court's analysis has not changed and will not change. The motion is due to be denied.

***E. Plaintiff's Motion to Permit Amended Summons***

Also before the court is Plaintiff's Motion to Permit Amended Summons (Doc. # 132). Streeter's Second Amended Complaint listed FA Holdings Company, LLC, as a defendant in the style of the complaint but stated the name was FA Holdings Group, LLC, in the body. The defendant's correct name is FA Holdings Group, LLC. The court will direct the clerk to correct the party's name in the style of the case to reflect the party's actual name: FA Holdings Group, LLC. The plaintiff's motion is due to be denied as moot.

***F. Defendant Robert van de Mark's Motion to Dismiss***

On May 23, 2008, defendant Robert van de Mark filed a motion to dismiss for lack of personal jurisdiction (Doc. # 85). On July 8, 2008, the plaintiff filed her Second Amended Complaint (Doc. # 99), which removed van de Mark as a party to this action. Accordingly, his motion to dismiss is due to be denied as moot.

It is ORDERED that:

1. Defendants Office of Douglas R. Burgess, LLC and Douglas R. Burgess's Motion for Order of Mediation and to Stay Discovery (Doc. # 107) is DENIED;

2. Plaintiff's Motion for Extension of Time for Service of Summons and Complaint (Doc. # 125) is GRANTED;

3. Plaintiff shall serve defendant Mark Bohn **on or before August 20, 2008**. Failure to serve the defendant by that date will result in the dismissal of defendant Bohn from this action without prejudice;

4. Plaintiff's Motion to Allow Discovery Regarding Jurisdiction and Request for Extension of Briefing Schedule Pending Completion of Discovery (Doc. # 126) is GRANTED, on the conditions set forth herein;

5. Plaintiff's Response to Defendant, All Debt Traders, LLC.'s, Motion to Dismiss and Renewed Request for Discovery as to Defendant (Doc. # 130) and Plaintiff's Response to Defendant, Portfolio Partners & GMK, Inc.'s, Motion

to Dismiss and Renewed Request for Discovery as to Defendant (Doc. # 131) are STRICKEN;

6. The deadlines (Doc. # 97) for the plaintiff's responses to the motions to dismiss and defendants' replies to Portfolio Partners & GMK, Inc.'s Motion to Dismiss (Doc. # 94) and All Debt Traders, Inc.'s Motion to Dismiss (Doc. # 95) are CONTINUED generally;

7. Plaintiff may serve written discovery on Defendants Douglas R. Burgess, Office of Douglas R. Burgess, LLC; Law Office of Douglas R. Burgess, LLC; All Debt Traders, LLC; and Portfolio Partners & GMK, Inc., regarding jurisdictional discovery related to the motions to dismiss filed by Portfolio Partners & GMK, Inc. (Doc. # 94), and All Debt Traders, LLC (Doc. # 95);

8. Plaintiff may conduct a telephonic deposition of defendant Douglas J. MacKinnon regarding jurisdiction over defendants All Debt Traders, LLC, and Portfolio Partners & GMK, Inc. This deposition shall be limited to two hours, unless extended by court order for good cause shown. The two hour time limit imposed here is to run consecutively to the two hour time limit imposed for the deposition of Douglas J. MacKinnon as to his own motion to dismiss (*see* Doc. # 90);

9. If the parties have not agreed by **noon on August 8, 2008**, to a date to depose Douglas J. MacKinnon that is on or before August 22, 2008 (unless they have

otherwise agreed to a date that is soon), the parties shall immediately schedule a conference with Judge Coody, at which counsel will appear with their calendars and the calendar of defendant Douglas J. MacKinnon, and at which Judge Coody will set a date for the deposition;

10. Plaintiff may conduct a telephonic deposition of the Rule 30(b)(6) Corporate Representatives of All Debt Traders, LLC, and Portfolio Partners & GMK, Inc. These depositions are limited to two hours each, unless extended by court order for good cause shown. If the parties are unable to agree to dates, they shall schedule a conference with Judge Coody at which he will set dates for the depositions;

11. Plaintiff may depose Defendant Douglas R. Burgess in both his individual and corporate capacities prior to responding to the motions to dismiss, subject to Judge Coody's June 4, 2008 Order (Doc. # 89) and the conditions set forth above;

12. If the parties have not agreed by **noon on August 8, 2008**, to a date to depose Douglas R. Burgess that is on or before **August 22, 2008** (unless they have otherwise agree to a date that is soon), the parties shall immediately schedule a conference with Judge Coody, at which counsel will appear with their calendars and the calendar of defendant Douglas R. Burgess, and at which Judge Coody will set a date for the deposition;

13. Plaintiff shall FILE a report with the court **on or before August 28, 2008**, detailing the progress of discovery. The court will at that time consider resetting the response deadlines for the pending motions to dismiss (Docs. # 83, # 94, & # 95);

14. Defendants Office of Douglas R. Burgess, LLC, and Douglas R. Burgess' Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. # 129) is DENIED;

15. The Clerk is DIRECTED to amend the style of the case to reflect the correct name of the defendant FA Holdings Company, LLC, as FA Holdings Group, LLC;

16. Plaintiff's Motion to Permit Amended Summons (Doc. # 132) is DENIED as moot;

17. Defendant Robert van de Mark's Motion to Dismiss (Doc. # 85) is DENIED as moot.

DONE this 31st day of July, 2008.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

**CIVIL APPEALS JURISDICTION CHECKLIST**

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

**2.** **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

(a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

(b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

(c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

(d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

(e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

**3.** **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

**4.** **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).