**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**IN RE:**

| | | |
|---|---|---|
| **RUBY STREETER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 1:07-cv-97-WKW** |
| | ) | |
| **OFFICE OF DOUGLAS R. BURGESS,** | ) | |
| **LLC, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**FA HOLDINGS GROUP, LLC'S ANSWER TO AMENDED COMPLAINT**

Comes now FA Holdings Group, LLC, and for its answer to plaintiff's Amended Complaint states as follows:

**RESPONSES TO INDIVIDUAL ALLEGATIONS**

**I. INTRODUCTION**

1.     This paragraph does not require any response.

2.     Defendant denies the allegations of Paragraph 2 and demands strict proof thereof.

3.     Defendant denies the allegations of Paragraph 3 and demands strict proof thereof.

4.     Defendant denies the allegations of Paragraph 4 and demands strict proof thereof.

{B0885942}

5.      Defendant denies the allegations of Paragraph 5 and demands strict proof thereof.

6.      Defendant denies the allegations of Paragraph 6 and demands strict proof thereof.

7.      Defendant denies the allegations of Paragraph 7 and demands strict proof thereof.

8.      Defendant denies the allegations of Paragraph 8 and demands strict proof thereof.

## II.  JURISDICTION AND VENUE

9.      Defendant denies the allegations of Paragraph 9 and demands strict proof thereof.

10.     Defendant denies the allegations of Paragraph 10 and demands strict proof thereof.

11.     Defendant denies the allegations of Paragraph 11 and demands strict proof thereof.

## III.   PARTIES

12.     Defendant is without sufficient information to admit or deny the allegation of Paragraph 12, and therefore, denies this allegation and demands strict proof thereof.

13.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 13, and therefore, denies the allegations and demands strict proof thereof.

14.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 14, and therefore, denies the allegations and demands strict proof thereof.

2

{B0885942}

15.     Defendant is without sufficient information to admit or deny the allegations concerning defendant, Douglas J. Mackinnon's address and residency.  The defendant denies the remainder of the allegations in Paragraph 15.

16.     Defendant is without sufficient information to admit or deny the allegations concerning defendant, Mark Bohn's residency.  The defendant denies the remainder of the allegations in Paragraph 16.

17.     Defendant is without sufficient information to admit or deny the allegations concerning defendant, Harvey Dennis' residency.  The defendant denies the remainder of the allegations in Paragraph 17.

18.     Defendant denies the allegations of Paragraph 18 and demands strict proof thereof.

19.     Defendant admits that First American Investment Company, LLC is a New York limited liability company.  The defendant denies the remainder of the allegations in Paragraph 19 and demands strict proof thereof.

20.     Defendant admits that it is a New York limited liability company. Defendant denies the remainder of the allegations in Paragraph 20 and demands strict proof thereof.

21.     Defendant admits that UniStates Credit Agency is a New York limited liability company. Defendant denies the remainder of the allegations in Paragraph 21 and demands strict proof thereof.

{B0885942}

22.    Defendant admits that Account Management Services of North America, LLC was a New York limited liability company.  Defendant denies the remainder of the allegations in Paragraph 22 and demands strict proof thereof.

23.    Defendant admits that Account Management Services, LLC was a New York limited liability company.  Defendant denies the remainder of the allegations in Paragraph 23 and demands strict proof thereof.

24.    Defendant is without sufficient information to admit or deny whether Portfolio Partners of Amherst is a New York limited liability company.  Defendant denies the remainder of allegations in Paragraph 24 and demands strict proof thereof.

25.    Defendant is without sufficient information to admit or deny whether Portfolio Partners and GMK, Inc. is a New York corporation.  Defendant denies the remainder of allegations in Paragraph 25 and demands strict proof thereof.

26.    Defendant is without sufficient information to admit or deny whether Collins Law Office is a New York limited liability company.  Defendant denies the remainder of the allegations in Paragraph 26, and demands strict proof thereof.

26.    Defendant is without sufficient information to admit or deny this allegation, and therefore denies it.[1]

## IV.  FACTUAL ALLEGATIONS

27.    Defendant is without sufficient information to admit or deny this allegation, and therefore denies it.

---

[1] Plaintiff's Amended Complaint contains two paragraphs numbered 26.

{B0885942}

28.    Defendant is without sufficient information to admit or deny this allegation, and therefore denies it.

29.    Defendant denies the allegations of Paragraph 29, and demands strict proof thereof.

30.    Defendant denies the allegations of Paragraph 30, and demands strict proof thereof.

31.    Defendant denies the allegations of Paragraph 31, and demands strict proof thereof.

32.    Defendant denies the allegations of Paragraph 32, and demands strict proof thereof.

33.    Defendant denies the allegations of Paragraph 33, and demands strict proof thereof.

34.    Defendant denies the allegations of Paragraph 34, and demands strict proof thereof.

35.    Defendant denies the allegations of Paragraph 35, and demands strict proof thereof.

36.    Defendant denies the allegations of Paragraph 36, and demands strict proof thereof.

37.    Defendant denies the allegations of Paragraph 37, and demands strict proof thereof.

## COUNT I – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

{B0885942}

38.     Defendant denies the allegations of Paragraph 38, and demands strict proof thereof.

39.     Defendant denies the allegations of Paragraph 39, and demands strict proof thereof.

40.     Defendant denies the allegations of Paragraph 40, and demands strict proof thereof.

## COUNT II – INVASION OF PRIVACY

41.     Defendant denies the allegations of Paragraph 41, and demands strict proof thereof.

42.     Defendant denies the allegations of Paragraph 42, and demands strict proof thereof.

43.     Defendant denies the allegations of Paragraph 43, and demands strict proof thereof.

44.     Defendant denies the allegations of Paragraph 44, and demands strict proof thereof.

45.     Defendant denies the allegations of Paragraph 45, and demands strict proof thereof.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46.     Defendant denies the allegations of Paragraph 46, and demands strict proof thereof.

47.     Defendant denies the allegations of Paragraph 47, and demands strict proof thereof.

{B0885942}

48.    Defendant denies the allegations of Paragraph 48, and demands strict proof thereof.

## COUNT IV – NEGLIGENT SUPERVISION

49.    Defendant denies the allegations of Paragraph 49, and demands strict proof thereof.

50.    Defendant denies the allegations of Paragraph 50, and demands strict proof thereof.

51.    Defendant denies the allegations of Paragraph 51, and demands strict proof thereof.

## COUNT V – CIVIL CONSPIRACY

52.    Defendant denies the allegations of Paragraph 52, and demands strict proof thereof.

53.    Defendant denies the allegations of Paragraph 53, and demands strict proof thereof.

54.    Defendant denies the allegations of Paragraph 54, and demands strict proof thereof.

55.    Defendant denies the allegations of Paragraph 55, and demands strict proof thereof.

56.    Defendant denies the allegations of Paragraph 56, and demands strict proof thereof.

57.    Defendant denies the allegations of Paragraph 57, and demands strict proof thereof.

{B0885942}

58.     Defendant denies the allegations of Paragraph 58, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant affirmatively pleads the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that it has not sought to collect any debt from Plaintiff and has not violated the Fair Debt Collection Practices Act.

### FOURTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that plaintiff never disputed any debt with the defendant.

### FIFTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that personal jurisdiction over it, and subject matter jurisdiction over plaintiff's state law claims, is or may be lacking in this Court.

### SIXTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads Plaintiff has not suffered any damage whatsoever that can be attributed to any alleged act or omission of this Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

{B0885942}

Defendant pleads the provisions of 15 U.S.C. § 1692k (c) and the defense of bona fide error as to plaintiff's claim under the Fair Debt Collections Act.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be preempted in whole or in part or otherwise limited or precluded by federal law and/or regulations.

## NINTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that any of its alleged conduct was privileged, justified and reasonable.

## TENTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads failure to mitigate damages.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads the doctrines of waiver and estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiff has any damages, those damages are the result of an intervening and/or superseding cause for which this defendant is not responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in § 6-11-21, ALA. CODE (1975). The Alabama Supreme Court's action abolishing the legislatively-created cap on punitive damages was unconstitutional and is without effect. Under the Constitution of the United

{B0885942}

States and the state of Alabama, the Alabama Supreme Court cannot abolish the cap

created by the Legislature on punitive damages through judicial fiat.  See  Honda Motor

Company Limited v. Oberg, 512 U.S. 415, 114 S.Ct. 2331, 129 L.Ed.2d 336 (1994).

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages, and the provisions of Alabama law

governing the right to recover punitive damages or the determination of the amount of

punitive damages, violates the United States Constitution and/or the common law and/or

the public policies of the United States on the following grounds:

a.      It is a violation of the Due Process and Equal Protection Clauses of the
Fourteenth Amendment of the United States Constitution to impose punitive damages,
which are penal in nature, against a civil Defendant, upon the Plaintiff's satisfying a
burden of proof which is less than the "beyond a reasonable doubt" standard required in
criminal cases.

b.      The procedures pursuant to which punitive damages are awarded fail to
provide a reasonable limit on the amount of a punitive award against a Defendant, which
violates Defendant's rights to due process as guaranteed by the United States
Constitution.

c.      The procedures pursuant to which punitive damages are awarded fail to
provide specific standards for the award of punitive damages, which violates the Due
Process Clause of the Fourteenth Amendment of the United States Constitution.

d.      The procedures pursuant to which punitive damages are awarded result in
the imposition of different penalties for the same or similar acts, and thus, violates the
Equal Protection Clause of the Fourteenth Amendment of the United States Constitution
and the Defendant's due process rights.

e.      Plaintiff's claim for punitive damages against this Defendant cannot be
sustained because an award of punitive damages under Alabama law subject to no
predetermined limit, such as a maximum multiple of compensatory damages or a
maximum amount, on the amount of punitive damages that a jury may impose, including
an amount possibly in excess of the amount authorized by the Alabama Criminal Code
for the same or similar conduct, and providing no protection against awards of punitive
damages for the same course of conduct, will violate this Defendant's due process and

{B0885942}

equal protection rights as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

f.      The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of the Defendant's due process rights.

g.      Plaintiff's claim for punitive damages against this Defendant cannot be sustained because any award of punitive damages under Alabama law would violate the Defendant's due process rights in as much as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

h.      Plaintiff's claim of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law.

i.      Plaintiff's claim of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages cause this Defendant to be treated differently from other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

j.      Plaintiff's claim of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages, subject this Defendant to punishment for the conduct of others through vicarious liability, respondent superior, or through non-apportionment of damages among joint tortfeasors based on the respective size of their alleged misconduct, in violation of Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

k.      Plaintiff's claim for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendant's conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

l.      Plaintiff is not entitled to recover punitive damages, which are penal in nature, because it would violate the self incrimination clause of the Fifth Amendment to

{B0885942}

the United States Constitution to compel this Defendant to disclose potentially incriminating documents and evidence.

      m.     An award of punitive damages in this case would constitute a deprivation of property without due process of law.

      n.     The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

      o.     The procedures pursuant to which punitive damages are awarded subject this Defendant to punishment under a law not fully established before the alleged offense.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages violates the due process clause of the Fourteenth Amendment in that the Plaintiff's claim for punitive damages is not necessary to vindicate the state's interest in punishing this Defendant and deterring this Defendant from future misconduct.   State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (April 7, 2003).

{B0885942}

Respectfully submitted,

s/Blake D. Andrews
Blake D. Andrews (ASB-7059-W72B)
Starnes & Atchison LLP

100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099
E-mail: bda@starneslaw.com


## CERTIFICATE OF SERVICE

I do hereby certify that on July 31, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

cc:

Gary W. Stout, Esq.
Michael D. Brock, Esq.
David G. Poston, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330

Fern H. Singer
Baker Donelson Bearman Caldwell
 & Berkowitz PC
1600 South Trust Tower
420 North 20th Street
Birmingham, AL 35203-5202

Stacey A. Davis
Baker Donelson Bearman Caldwell
 & Berkowitz PC
420 20th Street North
Wachovia Tower, Suite 1600
Birmingham, AL 35203

William Carlisle Carn, III
William Wayne Nichols
Lee & McInish
P.O. Box 1665
Dothan, AL 36302-1665

 s/Blake D. Andrews

13

{B0885942}