**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **RUBY STREETER,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **CASE NUMBER: 1:07-cv-97-WKW** |
| v. ) | |
| ) | |
| **OFFICE OF DOUGLAS R. BURGESS,** ) | |
| **LLC, and DOUGLAS R. BURGESS,** ) | |
| **ET AL.** ) | |
| ) | |
|     **Defendants.** ) | |

**DEFENDANT DOUGLAS J. MACKINNON'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PLAINTIFF'S
SECOND AMENDED COMPLAINT**

Defendant Douglas J. MacKinnon ("Mr. MacKinnon") submits this memorandum in support of his motion to dismiss the claims against him in this case pursuant to FED. R. CIV. P. 12(b)(2) for lack of personal jurisdiction.

**I.   STATEMENT OF UNDISPUTED FACTS**

1.   Mr. MacKinnon does not do business as Burgess Law Office. (Declaration of Douglas J. MacKinnon ("MacKinnon Decl.") at ¶ 2, attached hereto as **Exhibit 1**).

3.   Mr. MacKinnon is not a resident of the State of Alabama. (MacKinnon Decl. at ¶ 3).

4.   Mr. MacKinnon does not own any property in the State of Alabama. (MacKinnon Decl. at ¶ 4).

5.   Mr. MacKinnon does not have any personal bank accounts in the State of Alabama. (MacKinnon Decl. at ¶ 5).

6.   Mr. MacKinnon has not conducted any personal business in the State of Alabama. (MacKinnon Decl. at ¶ 6).

7.  Mr. MacKinnon has not signed or negotiated any contracts within the State of Alabama. (MacKinnon Decl. at ¶ 7).

## II.   ARGUMENT

### A.   Legal Standard

This court does not have personal jurisdiction over Mr. MacKinnon. To exercise personal jurisdiction over Mr. MacKinnon, this Court must look to (1) whether jurisdiction could be found under Alabama's long-arm statute; and (2) whether that finding would comport with due process. *See Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990); *Portera v. Winn-Dixie of Montgomery, Inc.,* 996 F. Supp. 1418, 1423 (M.D. Ala. 1998). Because Alabama's long arm jurisdiction is coextensive with the limits of due process, this two step process becomes one step. *See Portera*, 996 F. Supp. at 1423; *see also Ex parte Mony Fed. Credit Union*, 668 So.2d 552, 556 (Ala. 1995). As such, before Mr. MacKinnon may be subject to suit in this Court, Plaintiff must show that Mr. Mackinnon has sufficient minimum contacts with the forum state such that the exercise of jurisdiction over him would not offend traditional notions of fair play and substantial justice. *See Mercantile Capital, L.P. v. Federal Transtel, Inc.*, 193 F.Supp.2d 1243, 1248 (N.D. Ala. 2002), citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1940).

Moreover, in a case with multiple defendants, Plaintiff must establish personal jurisdiction over *each* Defendant. *See Redmon v. Society and Corporation of Lloyds,* 434 F. Supp.2d 1211, 1219 (M.D. Ala. 2006) ("Accordingly, Redmon's burden requires proof that personal jurisdiction over each of the eighteen individual Council members meets the requirements of federal due process."); *Pierce v. Heyman,* 480 So.2d 1185, 1186-87 (Ala. 1985) ("Each defendant's contacts with the forum state must be assessed individually . . . ."). In addition, "a court cannot exercise personal jurisdiction over a defendant solely on the basis of an

employer's contacts with the forum." *Redmon v. Society and Corp. of Lloyds*, 434 F. Supp. 2d 1211, 1220 (M.D. Ala. 2006); *Thames v. Gunter-Dunn, Inc.*, 373 So.2d 640, 641 (Ala. 1979) ("[I]t is clear that jurisdiction over individual officers or employees of a corporation may not be predicated merely upon jurisdiction over the corporation itself.").

Jurisdiction may be specific or general. *Madara*, 916 F. 2d at 1516 n. 7; *Homebingo Network, Inc. v. Chayevsky*, 428 F. Supp. 2d 1232, 1241 (S.D. Ala. 2006); *Redmon*, 434 F. Supp. 2d at 1219. Specific jurisdiction arises out of the party's activities in the state that are related to the cause of action. *Madara*, 916 F. 2d at 1516 n. 7; *Portera*, 996 F. Supp. at 1423. The Court should consider three factors is determining whether specific jurisdiction exists for each Defendant: "(1) the relationship between the contacts and the cause of action, (2) the degree to which the defendant 'purposefully avail[ed] itself of the privilege of conducting activities within the forum,' and (3) the degree to which the defendant could 'reasonably anticipate being haled into court' in the jurisdiction." *Portera,* 996 F.Supp. at 1423-24 (citations omitted).

Whereas, general personal jurisdiction "'arises from a defendant's contacts with the forum state that are unrelated to the cause of action being litigated.'" *Mercantile Capital* 193 F. Supp. 2d 1243, 1248 (N.D. Ala. 2002), *quoting Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F. 3d 1286, 1291 (11th Cir. 2000). These contacts, however, must rise to the level of "'continuous and systematic' business contacts with the forum state" before they will give rise to general jurisdiction. *Id*. The record evidence in this case demonstrates that Plaintiff cannot satisfy the requirements for specific or general jurisdiction and, therefore, the claims against Mr. MacKinnon are due to be dismissed.

### B.     Plaintiff Cannot Establish Specific Jurisdiction Over Mr. MacKinnon

The only direct reference to Mr. MacKinnon in the second Amended Complaint is Plaintiff's erroneous assertion that Mr. MacKinnon does business as the Office of Douglas R. Burgess, LLC.  Beyond that, Plaintiff generally alleges that all Defendants violated the FDCPA and that this Court has jurisdiction over them. Plaintiff, however, makes no effort in her second Amended Complaint to explain what action Mr. MacKinnon took in Alabama that is the basis for her claims in this case.  There is no evidence that Mr. MacKinnon had any contacts with Alabama relating to Plaintiff's FDCPA allegations, nor any evidence that he personally engaged in any business activities in Alabama that in any way involve the Plaintiff or her claims. In the absence of any such contacts, the record shows that there is no reason, much less a reasonable one, for Mr. MacKinnon to expect that he would be haled into court in this jurisdiction. Accordingly, there is no basis upon which this Court can assert specific personal jurisdiction over Mr. MacKinnon.

### C.     Plaintiff Cannot Establish General Jurisdiction Over Mr. MacKinnon

The record evidence demonstrates that Mr. MacKinnon does not personally have sufficient contacts with the State of Alabama for this court to assert general jurisdiction over him in this action.  Mr. MacKinnon is not a resident of the State of Alabama. (MacKinnon Decl. at ¶ 3).  Mr. MacKinnon does not own any property in the State of Alabama.  (*Id*. at ¶ 4).  Mr. MacKinnon does not have any personal bank accounts in the State of Alabama.  (*Id*. at ¶ 5).  Mr. MacKinnon has not conducted any personal business in the State of Alabama.  (*Id*. at ¶ 6).  Mr. MacKinnon has not signed or negotiated any contracts within the State of Alabama.  (*Id*. at ¶ 7). In short, there is absolutely no evidence that Mr. MacKinnon has systematic and continuous business contacts with this sufficient to establish general jurisdiction in this court.

### III. CONCLUSION

In light of the foregoing, Mr. MacKinnon respectfully requests that the Court dismiss Plaintiff's claims against him pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

Respectfully submitted,

s/ Fern H. Singer
Fern H. Singer
Stacey A. Davis
Attorneys for Defendant

**OF COUNSEL:**
**BAKER, DONELSON, BEARMAN**
**CALDWELL & BERKOWITZ, P.C.**
420 North 20th Street, Suite 1600
Birmingham, Alabama 35203-5202
(205) 328-0480 -- Phone
(205) 322-8007 – Fax

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon the following counsel of record via e-filing on this the 4th day of August, 2008:

| | |
|---|---|
| Gary Wyatt Stout | Blake Donald Andrews |
| David Gerald Poston | Starnes & Atchison |
| Michael Derek Brock | 100 Brookwood Place, 7th Floor |
| Walter Allen Blakeney | Birmingham, AL 35209 |
| Brock & Stout | |
| PO Drawer 311167 | |
| Enterprise, AL 36331-1167 | |

William Carlisle Carn, III
William Wayne Nichols
Lee & McInish
PO Box 1665
Dothan, AL 36302-1665

s/Fern H. Singer
OF COUNSEL
