IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

RUBY STREETER, )
 )
    Plaintiff, )
 )
vs. ) Case No.: 1:07-cv-97-WKW
 )
OFFICE OF DOUGLAS R. BURGESS, )
LLC, et al. )
 )
    Defendants. )

## MOTION TO QUASH SUBPOENAS

Comes now FA Holdings Group, LLC, one of the defendants in the above captioned matter, and hereby moves this Court to quash subpoenas issued by Plaintiff to Meridian Capital Corporation and Bank of the Finger Lakes. As grounds for this motion, FA Holdings Group states as follows:

1.    Plaintiff issued subpoenas to Meridian Capital Corporation and Bank of the Finger Lakes from the United States District Court, Western District of New York, on August 7, 2008. (Subpoenas and Notices of Subpoenas, attached hereto as Exhibits A and B). Plaintiff served notice of these two third party subpoenas the same day the subpoenas were issued. No prior notice of the issuance of the subpoenas was given.

2.    Rule 45(b)(1) of the Federal Rules of Civil Procedure provides that if a subpoena commands the production of documents, "then before it is served, a notice must be served on each party." *Fed. R. Civ. Pro. R.* 45(b)(1). "The purpose of such notice is

to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things." *Fed. R. Civ. Pro. R.* 45, Comments to 1991 Amendment.

3. Neither FA Holdings Group, nor any other defendant, had an opportunity to object to the subpoenas before they were issued to Meridian Capital Corporation and Bank of the Finger Lakes. Objections are necessary, however, as this is a Fair Debt Collection Practices Act case, but Plaintiff's subpoenas seek such irrelevant documents as lease agreements between Meridian Capital Corporation and FA Holdings. Such documents cannot possibly be relevant to Plaintiff's claims.

4. Just days ago this Court quashed several third party subpoenas issued by Plaintiff. (*See* Order of August 1, 2008, Document 139). Plaintiff failed to give proper notice before the issuance of those subpoenas as well. Plaintiff has once again failed to follow the procedures set forth in Rule 45 for issuing third party subpoenas and the subpoenas to Meridian Capital Corporation and Bank of the Finger Lakes should be quashed.

5. FA Holdings further seeks an Order from this Court requiring Plaintiff to cease any and all efforts to obtain any documents pursuant to the subpoenas issued to Meridian Capital Corporation and Bank of the Fingerlakes. To the extent Plaintiff has received any documents pursuant to the subpoenas, such documents should be returned.

6. FA Holdings Group reserves all rights to seek costs, expenses, fees and sanctions related to Plaintiff's failure to provide proper notice before issuing the subpoenas.

{B0889435}

Respectfully submitted,

s/Blake D. Andrews
Blake D. Andrews (ASB-7059-W72B)
Starnes & Atchison LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099
E-mail: bda@starneslaw.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on August 13, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

cc:
Gary W. Stout, Esq.
Michael D. Brock, Esq.
David G. Poston, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330

Fern H. Singer
Baker Donelson Bearman Caldwell
 & Berkowitz PC
1600 South Trust Tower
420 North 20th Street
Birmingham, AL 35203-5202

Stacey A. Davis
Baker Donelson Bearman Caldwell
 & Berkowitz PC
420 20th Street North
Wachovia Tower, Suite 1600
Birmingham, AL 35203

{B0889435}

William Carlisle Carn, III
William Wayne Nichols
Lee & McInish
P.O. Box 1665
Dothan, AL  36302-1665

                                                                s/Blake D. Andrews

{B0889435}

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RUBY STREETER, ) | |
| ) | CASE NO.: 1:07-CV-97 |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | |
| ) | |
| OFFICE OF DOUGLAS R. BURGESS, LLC., ) | |
| ET AL., ) | |
| ) | |
| DEFENDANTS. ) | |

### NOTICE OF SERVICE OF THIRD PARTY SUBPOENA

COMES NOW, the Plaintiff, Ruby Streeter and provides this notice of service of third party Subpoena upon Meridian Capital Corporation this 7th day of August, 2008. A copy of the Subpoena is attached hereto.

BROCK & STOUT

_/s/ David G. Poston_
David G. Poston, Esq.
Walter A. Blakeney, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon the following via facsimile and electronic mail this 7th day of August, 2008.

Page 1 of 2

Fern H. Singer, Esq.
Email: fsinger@bakerdonelson.com
Facsimile: (205) 488-3801

Stacey A. Davis, Esq.
Email: sdavis@bakerdonelson.com
Facsimile: (205) 488-3800

Blake D. Andrews, Esq.
Email: bda@starneslaw.com
Facsimile: (205) 868-6099

David G. Poston, Esq.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| WESTERN | DISTRICT OF | NEW YORK |

RUBY STREETER

V.

OFFICE OF DOUGLAS R. BURGESS, LLC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07-cv-97

MIDDLE DISTRICT OF ALABAMA

TO: Meridian Capital Corporation
Attn: Paul T. Maciaslek, Chairman or CEO
36 Kirkby Trail
Fairport, New York 14450

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce ~~and permit inspection and copying of~~ the following documents or objects at the place, date, and time specified below (list documents or objects):

FOR THE ITEMS TO BE PRODUCED: SEE ATTACHED

THE ITEMS IN THIS SUBPOENA ARE TO BE PRODUCED WITHIN SEVEN DAYS OF YOUR RECEIPT OF THIS SUBPOENA

| PLACE   LAW OFFICES OF KENNETH HILLER; 2001 NIAGARA FALLS BLVD. AMHERST, NY 14228; PH# (716)564-3288; FAX (716)564-3291 | DATE AND TIME   SEVEN DAYS FROM RECEIPT |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE   8/7/2008 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David G. Poston, 200 Parkwest Circle, Suite 1, Dothan, Alabama 36303, (334)671-5555

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | 36 Kirkby Trail, Fairport, New York 14450 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Paul T. Maciaslek, Chariman or CEO | VIA CERTIFIED MAIL |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| DAVID G. POSTON, ESQ. | Attorney for Plaintiff |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER

200 Parkwest Circle, Suite 1, Dothan, Alabama 36303
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Meridian Capital Corporation
36 Kirkby Trail
Fairport, NY 14450

Chairman or Chief Executive Officer
PAUL T. MACIASLEK
36 KIRKBY TRAIL
FAIRPORT, NEW YORK, 14450

1.   Provide a copy of the Master Lease Agreement #08-0428001 as between you and Account Management Services of North America, LLC.

2.   Provide a copy of all schedules and attachments pertaining to Master Lease Agreement #08-0428001 as between you and Account Management Services of North America, LLC. This includes but is not limited to Schedule Number 1.

3.   Provide a copy of any personal guarantees as it relates to Master Lease Agreement #08-0428001 as between you and Account Management Services of North America, LLC.

4.   Provide a copy of the Master Lease Agreement #08-0429001 as between you and Account Management Services of North America, LLC.

5.   Provide a copy of all schedules and attachments pertaining to Master Lease Agreement #08-0429001 as between you and Account Management Services of North America, LLC. This includes but is not limited to Schedule Numbers 2&3.

6.   Provide a copy of any personal guarantees as it relates to Master Lease Agreement #08-0429001 as between you and Account Management Services of North America, LLC.

7.   Provide a copy of all loan or lease application as between you and Account Management Services of North America.

8.   Provide a copy of all personal guarantees as it relates to any past or present leases between you and Account Management Services of North America.

9.   For the period of 2/5/07 through the present date, provide an exact electronic copy of all email correspondence to you from any person employed by, associated with, or referencing Account Management Services of North America, LLC.

10.   Provide the written documentation or electronic communication indicating that Account Management Services of North America, LLC, had changed its name to FA Holdings Group, LLC.

11.   If different that Request Number 10 above, provide the written documentation or

electronic communication indicating that Account Management Services of North America, LLC, had changed its address to 2809 Wehrle Drive, Suite 1, Williamsville, NY.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>RUBY STREETER, )<br>)     CASE NO.: 1:07-CV-97<br>PLAINTIFF, )<br>)<br>VS. )<br>)<br>OFFICE OF DOUGLAS R. BURGESS, LLC., )<br>ET AL., )<br>)<br>DEFENDANTS. ) | |

### NOTICE OF SERVICE OF THIRD PARTY SUBPOENA

COMES NOW, the Plaintiff, Ruby Streeter and provides this notice of service of third party Subpoena upon Bank of the Finger Lakes, a unit of USNY Bank, this 7th day of August, 2008. A copy of the Subpoena is attached hereto.

BROCK & STOUT

David G. Poston, Esq.
Walter A. Blakeney, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon the following via facsimile and electronic mail this 7th day of August, 2008.

Page 1 of 2

Fern H. Singer, Esq.
Email: fsinger@bakerdonelson.com
Facsimile: (205) 488-3801

Stacey A. Davis, Esq.
Email: sdavis@bakerdonelson.com
Facsimile: (205) 488-3800

Blake D. Andrews, Esq.
Email: bda@starneslaw.com
Facsimile: (205) 868-6099

_____
David G. Poston, Esq.

§ AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| WESTERN | DISTRICT OF | NEW YORK |

RUBY STREETER

v.

OFFICE OF DOUGLAS R. BURGESS, LLC., et al.

SUBPOENA IN A CIVIL CASE

Case Number:[1] 1:07-cv-97

MIDDLE DISTRICT OF ALABAMA

TO: Bank of the Finger Lakes,
A unit of USNY Bank
389 Hamilton Street
Geneva, New York 14456

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce ~~and permit inspection and copying of~~ the following documents or objects at the place, date, and time specified below (list documents or objects):

FOR THE ITEMS TO BE PRODUCED: SEE ATTACHED

THE ITEMS IN THIS SUBPOENA ARE TO BE PRODUCED WITHIN SEVEN DAYS OF YOUR RECEIPT OF THIS SUBPOENA

| PLACE   LAW OFFICES OF KENNETH HILLER, 2001 NIAGARA FALLS BLVD. AMHERST, NY 14228; PH# (716)564-3288; FAX (716)564-3291 | DATE AND TIME SEVEN DAYS FROM RECEIPT |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 8/7/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David G. Poston, 200 Parkwest Circle, Suite 1, Dothan, Alabama 36303, (334)671-5555

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | 36 Kirkby Trail, Fairport, New York 14450 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| R. Michael Briggs, President & CEO | VIA CERTIFIED MAIL |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| DAVID G. POSTON, ESQ. | Attorney for Plaintiff |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

200 Parkwest Circle, Suite 1, Dothan, Alabama 36303
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
 (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
 (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
 (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Bank of the Finger Lakes,
a unit of USNY Bank
389 Hamilton St.
Geneva NY 14456

1.  Provide a copy of the Master Lease Agreement #08-0428001 dated April 29, 2008 between Meridian Capital Corporation and FA Holdings Group, LLC.

2.  Provide a copy of all Schedules as it pertains to the Master Lease Agreement #08-0428001 dated April 29, 2008 between Meridian Capital Corporation and FA Holdings Group, LLC.

3.  Provide a copy of all amendments or addendums as it pertains to the Master Lease Agreement #08-0428001 dated April 29, 2008 between Meridian Capital Corporation and FA Holdings Group, LLC.

4.  Provide a copy of the Master Lease Agreement #08-0429001, dated April 29, 2008, between Meridian Capital Corporation and FA Holdings Group, LLC, LLC.

5.  Provide a copy of all Schedules as it pertains to the Master Lease Agreement #08-0429001 dated April 29, 2008 between Meridian Capital Corporation and FA Holdings Group, LLC.

6.  Provide a copy of all amendments or addendums as it pertains to the Master Lease Agreement #08-0429001 dated April 29, 2008 between Meridian Capital Corporation and FA Holdings Group, LLC.

7.  Provide a copy of all Schedules dated May 9, 2008 between Meridian Capital Corporation (Lessor) and FA Holdings Group, LLC (Lessee).

8.  Provide a copy of all notes, memos, emails, or otherwise, from any person, which indicates the location of the equipment described in Master Lease Agreement #08-0428001 dated April 29, 2008 between Meridian Capital Corporation and FA Holdings Group, LLC in which USNY Bank claims a security interest.

9.  Provide a copy of all notes, memos, emails, or otherwise, from any person, which indicates the location of the equipment described in Master Lease Agreement #08-0429001 dated April 29, 2008 between Meridian Capital Corporation and FA Holdings Group, LLC in which USNY Bank claims a security interest.

10. Provide a copy of any personal guarantees in your possession which were executed by any person employed by or associated with Account Management Services of North America, LLC and/or FA Holdings Group, LLC.