IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RUBY STREETER, ) | CASE NUMBER: |
| ) | 1:07-CV-97 |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | |
| ) | |
| OFFICE OF DOUGLAS R. BURGESS, LLC., ) | |
| ET AL., ) | |
| ) | |
| DEFENDANT. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO QUASH SUBPOENAS**

Comes now the Plaintiff in Response to the Defendant's Motion to Quash Subpoenas. The Defendant argues that the subpoenas should be quashed because it did not receive notice fo the subpoenas prior to issuance. In response, the Plaintiff states as follows:

FACTS

1. On August 6, 2008, the undersigned's staff member transmitted by email and facsimile copy, a notice of the subpoenas to Blake Andrews, Fern Singer and Stacey Davis. A copy of the email transmission is attached as Exhibit "1."

2. On the evening of August 6, 2008, the undersigned realized that he placed his Dothan, Alabama, address for return of the subpoenaed documents. Nevertheless, Defense Counsel had actual notice of the subpoenas on August 6, 2007.

3. On August 7, 2008, in contemplation of the Defendant's Motion to Quash and to satisfy the 100 mile rule as set forth in Fed. R. Civ. Pro. 45(b)(2)(B), the undersigned reissued the subpoenas with return of production of documents to Kenneth Hiller, Esquire, 2001 Niagara Falls Boulevard, Amherst, New York 14228. Updated notices of the subpoenas were also transmitted by the undersigned to Defense Counsel. A copy of the August 7, 2008, email is attached hereto as

Exhibit "2."

4. On August 7, 2008, the undersigned placed the subpoenas in the United States Mail with service to be perfected by certified Mail. A copy of the envelopes containing the subpoena's are attached hereto as Exhibit "3."

5. On August 11, 2008, Meridian Capital and Bank of the Finger Lakes were served by certified mail. A copy of the proof of service of the Subpoena's is attached hereto as Exhibits "4" and "5."

6. Defendant's argument regarding notice is without merit. The undersigned readily admits that his office procedure was not followed for prior issuance of subpoenas which this Honorable Court Quashed on August 1, 2008 (Doc. #139). As to the current subpoenas, the undersigned provided Defense Counsel Notice of the most recent subpoenas prior to service of the subpoenas. In fact, the Defendant was afforded notice of the subpoenas prior to their issuance. Furthermore, the Defendant filed its Motion to Quash prior to any third party returning the requested documents. The filing of the Defendant's Motion to Quash serves as evidence that the Defendants have suffered no prejudice due to the timing of the notice provided by the Plaintiff.

ARGUMENT

Rule 45(c)(3) sets forth the grounds to quash or modify a subpoena. The Defendant's entire argument neglects to cite one single factor in rule 45(c)(3) as grounds for quashing the subpoenas at issue. Even a lack of "prior notice" as the Defendant alleges is not grounds for quashing a subpoena. The Defendant's argument is really one of length of notice prior to service. As this Court is aware, the Plaintiff has only a very short time frame to seek discovery related to personal jurisdiction. Three Defendants have moved to dismiss for lack of personal jurisdiction (Doc. #'s 94, 95, and 144). The pertinent portion of Rule 45 states that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things . . . before trial,

then before it is served, a notice must be served on each party." Fed. R. Civ. Pro. 45(b).

The Defendant's major emphasis in its Motion to Quash focuses on notice prior to issuance of the subpoenas. Def's Motion ¶ 1("No prior notice of the <u>issuance</u> of the subpoenas was given."); ¶ 3("Neither FA Holdings Group, nor any other defendant, had an opportunity to object to the subpoenas before they were <u>issued</u> . . . ."); ¶ 4 ("Plaintiff failed to give proper notice before the <u>issuance</u> of those subpoenas . . . ."); ¶ 6 ("Plaintiffs failure to provide proper notice before <u>issuing</u> the subpoenas.")(emphasis added).

"Notice" prior to issuance of the subpoenas is not required by Rule 45(b). One Court in this circuit, addressing the issue of <u>notice prior to the service</u>, held that the "prior notice" requirement is satisfied when notice is provided contemporaneously with service of the subpoenas. <u>Fla. Media, Inc. v. World Publ'ns, LLC</u>, 236 F.R.D. 693, 695 (M.D. Fla. 2006)("This Court rules that 'prior notice' to other parties is satisfied when notice is given simultaneously with the service of the subpoena."). Moore's Federal Practice points out that, in 2007, "the rule was redrafted to clarify that notice must be provided prior to the date of service of the subpoena..." 9-45 Moore's Federal Practice - Civil § 45.21. Another Court in this circuit also found the "prior notice" requirement satisfied when the Plaintiff notified the Defendant "contemporaneously with the issuance." <u>Nucletron Corp., USA v. Alpha-Omega Servs.</u>, 2006 U.S. Dist. LEXIS 20556 (M.D. Fla. Apr. 18, 2006).

Rule 45 does not require "prior notice of the issuance" of a subpoena. The Plaintiff, as a condition precedent to <u>service</u>, provided counsel with notice of the subpoenas. Rule 45 does not set forth a time frame for notice on opposing counsel. Nonetheless, Defense Counsel was provided notice of the subpoena on August 6, 2008, the day before the issuance of the subpoenas to the third parties. The subpoenas were served on the third party recipients by certified mail on August 11, 2008, when Bank of the Finger Lakes and Meridian Capital signed for and received the subpoenas by certified mail.

The Defendant's tactic from the inception of litigation has been to hinder and delay the progress of the case. The Defendant's self serving statements that "Plaintiffs subpoenas seek such irrelevant documents as lease agreements between Meridian Capital Corporation and FA Holdings and [s]uch documents cannot possibly be relevant to Plaintiffs claims" are without merit. The Plaintiff, in addition to FDCPA claims, has set forth an Alabama Common Law Civil Conspiracy count that alleges that all of the Defendants acting as a single enterprise conspired to collect debts through unlawful means. The Plaintiff also alleges that several of the Defendants control the debt collection enterprise.

The subpoenas issued to Meridian Capital Corporation and Bank of the Finger Lakes command these third parties to produce various written and electronic documents evidencing the relationship between named Defendants. Specifically, the subpoenas request documents regarding leases and loans which the Plaintiff contends serve as financing for the Defendants' elaborate debt collection enterprise. The existence of loans by one Defendant to finance one or more of the other Defendants would remove any doubt as to the relationship between the parties.

While the Plaintiff has not seen the requested documents, the Plaintiff believes that the documents may provide evidence of transfer of assets from one entity to another to confound enforcement of the rights created by Congress under the FDCPA. The evidence may also prove that some of the Defendants are in fact in control of the entire debt collection enterprise. Such proof would go directly to the personal jurisdiction issue currently pending before this Honorable Court. If in fact the documents prove to be irrelevant, then the Plaintiff will have no use for such documents and ultimately may be unsuccessful in gaining personal jurisdiction.

Wherefore, the Plaintiff requests that this Honorable Court deny the Defendant's Motion to Quash and for all other relief as is just.

Respectfully submitted this **14th** day of August, 2008.

BROCK & STOUT

*[signature]*

David G. Poston, Esq.
Walter A. Blakeney, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon the following via United States Mail, postage prepaid and fully addressed *and* by electronic mail **14th** day of August, 2008.

Fern H. Singer
Stacey A. Davis
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, P.C.
420 North 20th Street, Suite 1600
Birmingham, Alabama 35203-5202
Email: fsinger@bakerdonelson.com
         sdavis@bakerdonelson.com

Blake D. Andrews
Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259
Email: bda@starneslaw.com

*[signature]*
David G. Poston

## Christal Robertson

| | |
|---|---|
| From: | Christal Robertson [christal@circlecitylaw.com] |
| Sent: | Wednesday, August 06, 2008 5:08 PM |
| To: | 'Davis, Stacey'; 'fsinger@bakerdonelson.com'; 'bda@starneslaw.com' |
| Cc: | 'Walter Blakeney'; 'David Poston' |
| Subject: | RE: Streeter v. Burgess, et al., ALMD Case No.: 1:07-cv-97 |

Attached is are the corrected subpoenas. They are also being faxed. As stated previously, please confirm your receipt of same.

Christal A. Robertson
Legal Assistant to David G. Poston
Legal Assistant to Walter A. Blakeney
BROCK & STOUT, LLC.
Post Office Drawer 311167
Enterprise, Alabama 36331
(334)671-5555
christal@circlecitylaw.com

---

**From:** Davis, Stacey [mailto:sdavis@bakerdonelson.com]
**Sent:** Wednesday, August 06, 2008 4:54 PM
**To:** Christal Robertson; Singer, Fern; bda@starneslaw.com
**Cc:** David Poston; Walter Blakeney
**Subject:** RE: Streeter v. Burgess, et al., ALMD Case No.: 1:07-cv-97

I am unable to tell from the attached documents whether these subpoenas were served on these parties as of today or that you are providing us the requisite notice that you intend to serve these subpoenas. Please advise ASAP.

**Stacey A. Davis**
Attorney
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
420 20th Street North
Wachovia Tower, Suite 1600
Birmingham, AL 35203
Direct: 205.244.3800
Fax: 205.488.3800
E-mail: sdavis@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz represents clients across the U.S. and abroad from offices in Alabama, Georgia, Louisiana, Mississippi, Tennessee, Washington, D.C. and a representative office in Beijing, China.

---

**From:** Christal Robertson [mailto:christal@circlecitylaw.com]
**Sent:** Wednesday, August 06, 2008 4:38 PM
**To:** Singer, Fern; Davis, Stacey; bda@starneslaw.com
**Cc:** 'David Poston'; 'Walter Blakeney'
**Subject:** Streeter v. Burgess, et al., ALMD Case No.: 1:07-cv-97

Dear Counsel:



PLAINTIFF'S EXHIBIT
1

8/14/2008

Attached are third party subpoenas for your records. Additional copies will be sent via facsimile this afternoon. Please confirm your receipt of same.

Sincerely,

Christal A. Robertson
Legal Assistant to David G. Poston
Legal Assistant to Walter A. Blakeney
BROCK & STOUT, LLC.
Post Office Drawer 311167
Enterprise, Alabama 36331
(334)671-5555
christal@circlecitylaw.com

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

---

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email, then
in any part of the same series of emails), such advice was not intended or written by the sender or by
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of
(1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending
to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law.
It is not intended for transmission to, or receipt by, any unauthorized persons.
If you have received this electronic mail transmission in error,
please delete it from your system without copying it, and notify the sender by reply e-mail,
so that our address record can be corrected.

---

## David Poston

| | |
|---|---|
| **From:** | David Poston [david@circlecitylaw.com] |
| **Sent:** | Thursday, August 07, 2008 11:20 AM |
| **To:** | 'Blake Andrews'; 'Davis, Stacey'; 'Singer, Fern' |
| **Subject:** | Streeter |
| **Attachments:** | 20080807 Meridian Cap Corpo 2d Correct Subpoena.pdf; 20080807 Bank Finger Lakes 2d Correct Subpoena.pdf |

Counsel:

Last night I realized that I did not include a local (New York) address for production of the documents. As such, I retrieved the certified mail from the mailbox and replaced it with the following corrected, an hopefully last, subpoenas.

Sincerely,

*David G. Poston*

David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL 36331-1167
david@circlecitylaw.com

334-671-2044

This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

8/14/2008



PLAINTIFF'S EXHIBIT 2

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br><br>B. Received by ( Printed Name )   C. Date of Delivery |
| 1. Article Addressed to:<br>Meridian Capital Corp.<br>Attn: Paul Maciasiek, CEO or Chairman<br>30 Kirkby Trail<br>Fairport, NY 14450 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7007 3020 0000 2943 6740 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



PLAINTIFF'S EXHIBIT 3



7007 3020 0000 2943 6740

Meridian Capital Corporation
Attn: Paul T. Maciaslek, Chairman or CEO
36 Kirkby Trail
Fairport, New York 14450

LAW OFFICES OF
**BROCK & STOUT**
POST OFFICE DRAWER 311167
ENTERPRISE, ALABAMA 36331-1167

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br>Bank of the Finger Lakes<br>A unit of USNY Bank<br>389 Hamilton St.<br>Geneva, NY 14456 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No | |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) | ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7007 3020 0000 2943 6733 | |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540 |



LAW OFFICES OF
**BROCK & STOUT**
POST OFFICE DRAWER 311167
ENTERPRISE, ALABAMA 36331-1167

7007 3020 0000 2943 6733

Bank of the Finger Lakes, a
unit of USNY Bank
389 Hamilton Street
Geneva, New York 14456

Attention R. Michael Briggs

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 8/11/08 | 36 Kirkby Trail, Fairport, New York 14450 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Meridian Capital Corporation | VIA CERTIFIED MAIL |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| DAVID G. POSTON, ESQ. | Attorney for Plaintiff |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  8/14/08
               DATE

SIGNATURE OF SERVER

200 Parkwest Circle, Suite 1, Dothan, Alabama 36303
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

PLAINTIFF'S EXHIBIT 4



Home | Help | Sign In

Track & Confirm        FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7007 3020 0000 2943 6740
Status: **Delivered**

Your item was delivered at 1:29 PM on August 11, 2008 in FAIRPORT, NY 14450.

( Additional Details > )  ( Return to USPS.com Home > )

**Track & Confirm**
Enter Label/Receipt Number.

( Go > )

## Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email.  ( Go > )

Site Map   Contact Us   Forms   Gov't Services   Jobs   Privacy Policy   Terms of Use   National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA      

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 8/11/08 | 389 Hamilton St., Geneva, NY 14456 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Bank of the Finger Lakes | VIA CERTIFIED MAIL |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| DAVID G. POSTON, ESQ. | Attorney for Plaintiff |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   8/14/08
               DATE

SIGNATURE OF SERVER

200 Parkwest Circle, Suite 1, Dothan, Alabama 36303
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by cl[ause] (c)(3)(A).

PLAINTIFF'S EXHIBIT
5


**UNITED STATES POSTAL SERVICE**®

Home | Help | Sign In

Track & Confirm      FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **7007 3020 0000 2943 6733**
Status: **Delivered**

Your item was delivered at 11:45 AM on August 11, 2008 in GENEVA, NY 14456.

**Track & Confirm**
Enter Label/Receipt Number.

( Go > )

### Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email. ( Go > )

Site Map   Contact Us   Forms   Gov't Services   Jobs   Privacy Policy   Terms of Use   National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.   No FEAR Act EEO Data   FOIA