**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **RUBY STREETER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | )    **CASE NUMBER: 1:07-cv-97-WKW** |
| v. | ) |
| | ) |
| **OFFICE OF DOUGLAS R. BURGESS,** | ) |
| **LLC, and DOUGLAS R. BURGESS,** | ) |
| **ET AL.** | ) |
| | ) |
|     **Defendants.** | ) |

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' RULE 30(b)(1) & (6) DEPOSITION NOTICE**

Pursuant to the Federal Rules of Civil Procedure, Defendants Office of Douglas R. Burgess, LLC, Law Office of Douglas R. Burgess, LLC and Douglas R. Burgess (collectively, "Burgess") hereby serve their objections to Plaintiff Ruby Streeter's Notice of Deposition.

**General Objections**

1. Burgess objects to any request that is intended or may be construed to require the disclosure of any information protected from disclosure by the attorney-client privilege or the work-product doctrine or any other applicable privileges or immunities.

2. Burgess' objections are made without waiver of, or prejudice to, additional objections it may make. All such objections are hereby expressly preserved, as is the right to move for a protective order.

3. Burgess reserves all objections as to the admissibility at trial of any information provided.

4. The supplying of information in response to discovery does not constitute an admission by Burgess that such information or documents are relevant in this action.

1

5.	All information or documents provided by Burgess are for use in this litigation only and for no other purpose.

6.	Burgess objects to each and every discovery request to the extent that the information or documents called for, if any, are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

7.	Burgess objects to each and every discovery request to the extent that it seeks information or documents not in its possession, custody or control.

8.	Burgess objects to each and every discovery request to the extent that it is overly broad, vague, ambiguous, oppressive, unduly burdensome, expensive, harassing and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

9.	Burgess objects to each and every discovery request to the extent that it seeks information or documents that are equally available to Plaintiff, and the burden on Plaintiff to obtain the requested information is no greater than the burden on Burgess.

10.	Burgess reserves the right to supplement its answers to discovery.

11.	All documents to be produced by Burgess shall be produced for inspection and copying at a time and place mutually agreed upon by the parties.

### Specific Objections to Requests for Documents

**REQUEST NO. 1**: All documents, contracts, agreements or otherwise between you and Portfolio Partners and GMK, Inc.

**RESPONSE:** Burgess objects to this request on the grounds that it is vague and overly broad. Without waiving such objection, Burgess responds that they are not aware of any such documents.

**REQUEST NO. 2**: All documents, contracts, agreements or otherwise between you and

Portfolio Partners of Amherst, LLC.

**RESPONSE**: Burgess objects to this request on the grounds that it is vague and overly broad. Without waiving such objection, Burgess responds that they are not aware of any such documents.

**REQUEST NO. 3:** Produce a copy of all lease agreements between you and the landlord for the premises located at 2805 Wehrle Drive, Suite 4, Williamsville, NY 14221; 1625 Buffalo Avenue, Niagara Falls, NY 14303; and 4246 Ridge Lea Road, Amherst NY 14226.

**RESPONSE:** Burgess objects to this request on the grounds that the lease agreements are irrelevant to any of the issues raised in Plaintiff's complaint and no information contained therein would lead to the discovery of any admissible evidence. Without waiving this objection, Burgess will produce those documents responsive to this request that are within their custody and control.

**REQUEST NO. 4**: Produce a copy of your most recent telephone bill for the telephone identified as 716-282-3300.

**RESPONSE**: Burgess objects to this request on the grounds that the requested telephone bill falls outside of the relevant time period as alleged in Plaintiff's Complaint and no information contained therein would lead to the discovery of any admissible evidence.

**REQUEST NO. 5**: Produce a list of all of your employees engaged in the collection of consumer accounts such as the Plaintiff's, the employee's position and the employee's responsibility.

**RESPONSE**: Burgess will produce such documents responsive to this request that are in their custody and control.

**REQUEST NO. 6**: Produce a copy of the contract, retainer agreement, or otherwise that

3

is currently in effect between you and Account Management Services, LLC.

**RESPONSE**: Burgess objects to this request on the grounds that it is vague and overly broad. Without waiving such objection, Burgess responds that they are not aware of any such documents.

**REQUEST NO. 7**: Produce a copy of the contract, retainer agreement, or otherwise that is currently in effect between you and Account Management Services of North America, LLC.

**RESPONSE**: Burgess objects to this request on the grounds that it is vague and overly broad. Without waiving such objection, Burgess responds that they are not aware of any such documents.

**REQUEST NO. 8**: Produce a copy of the contract, retainer agreement, or otherwise that is currently in effect between you and FA Holdings Group, LLC.

**RESPONSE**: Burgess objects to this request on the grounds that it is vague and overly broad. Without waiving such objection, Burgess responds that they are not aware of any such documents.

**REQUEST NO. 9**: Produce a copy of the contract, retainer agreement, or otherwise that is currently in effect between you and First American Investment Company, LLC.

**RESPONSE**: Burgess objects to this request on the grounds that it is vague and overly broad. Without waiving such objection, Burgess responds that they are not aware of any such documents.

**REQUEST NO. 10**: Produce a copy of all emails as between you and Douglas MacKinnon regarding the instant lawsuit.

**RESPONSE**: Burgess is unaware of any such documents.

**REQUEST NO. 11**: Produce a copy of all emails as between you and Mark Bohn

4

regarding the instant lawsuit.

**RESPONSE**: Burgess is unaware of any such documents.

**REQUEST NO. 12**: Produce a copy of all emails as between you and James J. Reeves regarding the instant lawsuit.

**RESPONSE**: Burgess is unaware of any such documents.

**REQUEST NO. 13**: Produce a copy of all emails as between you and Michael D. Kowalick regarding the instant lawsuit.

**RESPONSE**: Burgess is unaware of any such documents.

**REQUEST NO. 14**: Produce a copy of your most recent internet service provider notice. If you have multiple internet service providers, provide a copy of each such invoice.

**RESPONSE**: Burgess objects to this request on the grounds that (1) the date of the internet service provider notice falls outside of the relevant time period as alleged in Plaintiff's Complaint; and (2) Plaintiff's Complaint alleges no wrongful contact by email or through the internet. Therefore, no information contained therein would lead to the discovery of any admissible evidence.

**REQUEST NO. 15**: Produce a copy of your most recent invoice for maintenance of the website known or identified as www.dougburgesslawoffice.com.

**RESPONSE**: Burgess objects to this request on the grounds that (1) the invoice date falls outside of the relevant time period as alleged in Plaintiff's Complaint; and (2) Plaintiff's Complaint alleges no wrongful contact through the internet. Therefore, no information contained therein would lead to the discovery of any admissible evidence.

**REQUEST NO. 16**: Produce a copy of your most recent invoice from any information technology (IT) service provider regarding the website known as

www.dougburgesslawoffice.com.

**RESPONSE**: Burgess objects to this request on the grounds that (1) the invoice date falls outside of the relevant time period as alleged in Plaintiff's Complaint; and (2) Plaintiff's Complaint alleges no wrongful contact through the internet. Therefore, no information contained therein would lead to the discovery of any admissible evidence.

**REQUEST NO. 17**: Provide a copy of your most receive invoice from the maintenance of your computing system at 1625 Buffalo Avenue, Niagara Falls, NY 14303; 2805 Wehrle Drive, Suite 4, Williamsville, NY 14221; 4246 Ridge Lea Road, Amherst NY 14226.

**RESPONSE**: Burgess objects to this request on the grounds that (1) the invoice date falls outside of the relevant time period as alleged in Plaintiff's Complaint; and (2) Plaintiff's Complaint alleges no wrongful contact through the internet. Therefore, no information contained therein would lead to the discovery of any admissible evidence.

**REQUEST NO. 18**: Provide a copy of your 2005 and 2006 and 2007 tax returns along with all attachments.

**RESPONSE**: Burgess objects to this request, because the federal and state tax returns of Burgess are irrelevant to the issues in this case and no information contained therein would lead to the discovery of any admissible evidence.

**REQUEST NO. 19**: Provide a copy of all agreements as between you and Account Management Services, LLC, First American Investment Company, LLC, First American Investment of North America, Portfolio Partners of Amherst, LLC., Portfolio Partners & GMK, Inc., regarding retention of you to collect any debt assigned.

**RESPONSE**: Burgess will produce such documents that are within their custody and control.

**REQUEST NO. 20**: Provide a copy of your most recent utility bills for the premise located at 1625 Buffalo Avenue, Niagara Falls, NY 14303; 2805 Wehrle Drive, Suite 4, Williamsville, NY 14221; 4246 Ridge Lea Road, Amherst NY 14226.

**RESPONSE**: Burgess objects to this request, because the utility bills requested are irrelevant to the issues in this case and no information contained therein would lead to the discovery of any admissible evidence.

                                            Respectfully submitted,

                                            s/ Stacey A. Davis
                                            Fern H. Singer
                                            Stacey A. Davis
                                            Attorneys for Defendant

**OF COUNSEL:**
**BAKER, DONELSON, BEARMAN**
**CALDWELL & BERKOWITZ, P.C.**
420 North 20th Street, Suite 1600
Birmingham, Alabama 35203-5202
(205) 328-0480 -- Phone
(205) 322-8007 – Fax

B SAD 796811 v1
2910402-000001 8/15/2008

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon the following counsel of record by the CM/ECF Electronic Filing System this the 15th day of August, 2008:

Gary Wyatt Stout
David Gerald Poston
Michael Derek Brock
Walter Allen Blakeney
Brock & Stout
PO Drawer 311167
Enterprise, AL 36331-1167


William Carlisle Carn, III
William Wayne Nichols
Lee & McInish
PO Box 1665
Dothan, AL 36302-1665

Blake Donald Andrews
Starnes & Atchison
100 Brookwood Place, 7th Floor
Birmingham, AL 35209

                                               s/Stacey A. Davis
                                               OF COUNSEL

B SAD 796811 v1
2910402-000001 8/15/2008